UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL IV, § <br> *Plaintiff,* § <br> v. § <br> § <br> COMMISSION FOR LAWYER § <br> DISCIPLINE; THE OFFICE OF THE § <br> CHIEF DISCIPLINARY COUNSEL; § <br> SEANA WILLING, in her Official Capacity § <br> as Chief Disciplinary Counsel of the State § <br> Bar of Texas, and in her individual capacity; § <br> AMANDA M. KATES, in her Official Capacity § <br> as Assistant Disciplinary Counsel for the Office § <br> of the Chief Disciplinary Counsel, and in her § <br> individual capacity; JOHN S. BRANNON, § <br> in his Official Capacity as Assistant Disciplinary § <br> Counsel for the Office of Chief Disciplinary § <br> Counsel, and in his individual capacity; TIMOTHY § <br> J. BALDWIN, in his Official Capacity as § <br> Administrative Attorney for the Office of the § <br> Chief Disciplinary Counsel, and in his individual § <br> capacity; DANIEL MARTINEZ, in his Official § <br> Capacity as Assistant Disciplinary Counsel for § <br> the Office of the Chief Disciplinary Counsel, and § <br> in his individual capacity; DANIELA GROSZ, in § <br> her Official Capacity as Assistant Disciplinary § <br> Counsel for the Office of the Chief Disciplinary § <br> Counsel, and in her individual capacity; JENNY § <br> HODGKINS, in her Official Capacity as the § <br> Executive Director & General Counsel with the § <br> Board of Disciplinary Appeals, and in her § <br> individual capacity; LAURA GIBSON, § <br> CINDY V. TISDALE, SYLVIA § <br> BORUNDA FIRTH, BENNY AGOSTO, § <br> JR., DAVID N. CALVILLO, ELIZABETH § <br> SANDOVAL CANTU, LUIS CAVAZOS, § <br> CRAIG CHERRY, JASON § <br> CHARBONNET, KELLY-ANN F. § <br> CLARK, JEFF COCHRAN, DAVID C. § <br> COURREGES, THOMAS A. CROSLEY § | Case No. 1:23-cv-00314-RP |

1

| | |
|---|---|
| STEVE FISCHER, LUCH FORBES, GREGORY M. FULLER, AUGUST W. HARRIS III, MATTHEW J. HILL, FORREST L. HUDDLESTON, LORI M. KERN, MODINAT KOTUN, BILL KROGER, DWIGHT MCDONALD, CARRA MILLER, LAWRENCE MORALES II, LYDIA ELIZONDO MOUNT, KIMBERLY M. NAYLOR, JEANINE NOVOSAD RISPOLI, MICHAEL J. RITTER, AUDIE SCIUMBATO, MARY L. SCOTT, JOHN SLOAN, D. TODD SMITH, G. DAVID SMITH, PAUL K. STAFFORD, ALEX J. STELLY JR., NITIN SUD, RADHA THIAGARAJAN, ROBERT L. TOBEY, AARON Z. TOBIN, ANDREW TOLCHIN, G. MICHAEL VASQUEZ, KIMBERLY PACK WILSON, and KENNON L. WOOTEN in their official capacities as Members of the Board of Directors of the State Bar of Texas,<br>　　　　*Defendants*. | §§§§§§§§§§§§§§§§§§§§§§§§§§§ |

**DEFENDANT DANIELA GROSZ'S UNOPPOSED
MOTION TO SEAL DOCKET ENTRIES 8 & 11**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

　　　　COMES NOW Defendant Daniela Grosz and files this Motion to Seal Docket Entries 8 and 11. In support thereof, Ms. Grosz respectfully offers the following:

### I.  INTRODUCTION

　　　　Plaintiff requested summons for and served process on each defendant employed by the State Bar of Texas—except Ms. Grosz—at the agency's address. *See generally* Docket Entries ("DEs") 3, 4, 8 and 11. Yet Plaintiff chose to serve Ms. Grosz at her home address, which is now

2

publicly available via the Court's electronic docket. *See* DE 8 at 25 *and* 11 at 25. Until recently, no other State Bar employee was singled out by Plaintiff in this manner.[1]

As a state employee who handles attorney disciplinary grievances, Ms. Grosz has a strong privacy interest in maintaining the confidentiality of her home address, which itself has no bearing on this case. Therefore, Ms. Grosz respectfully requests this Court seal Docket Entries 8 and 11 and file Exhibits A and B to this motion as redacted copies of each.[2]

## II. ARGUMENT & AUTHORITIES

Appellate courts review the grant of a motion to seal for abuse of discretion. *See June Medical Services, LLC v. Philips*, 22 F.4th 512, 519 (5th Cir. 2022). In deciding whether to seal information entered into the court record, district courts must balance "the public's common law right of access [to judicial proceedings] against the interests favoring nondisclosure." *Id.* (citing *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020)). A sister court recently held that the public's right to access does not extend over a defendant's home address that is not at issue in the proceeding. *See Martinez v. Texas Department of Criminal Justice*, No. 3:21-CV-00258, 2022 WL 2834294, at *1 (S.D. Tex. July 20, 2022) (ordering home addresses of defendant nurses to be sealed).

While recognizing the Fifth Circuit's "disfavor" in "sealing information placed in the judicial record," the *Martinez* Court sealed defendants' home addresses as one of the "limited circumstances in which it is appropriate to seal certain information." *Id*. (further noting: "It should surprise nobody that district courts across the nation routinely permit the sealing of personal identifying information, such as home addresses. *See Krakauer v. Dish Network, L.L.C.*, 2015 WL

---

[1] On May 30, 2023, Plaintiff filed a subpoena request for Timothy Baldwin at what appears to be his home address. *See* DE 21.

[2] The only information redacted in Exhibits A and B is Ms. Grosz's home address.

3

12750446, at *2 (M.D.N.C. Nov. 18, 2015) (rejecting argument that the plaintiff's personal information should not be sealed because it was publicly available online and granting motion to seal home addresses, email addresses, and telephone numbers); *Schaechtel v. Md. Div. of Corr.*, No. 14–2099, 2015 WL 5331254, at *1 n.1 (D. Md. Sept. 9, 2015) ('Given obvious confidentiality considerations, personal information regarding all home addresses shall immediately be placed under seal.')). This Court should do likewise because Ms. Grosz's privacy interests far outweigh the public's interest in learning her home address.

      Ms. Grosz's home address is not an issue in this case or in any way relevant to its outcome. *See id.* ("there is rarely a compelling justification for requiring the disclosure of home addresses, especially in a case like this where the Nurse Practitioners' home addresses have nothing to do with the ultimate issues"). And because she handles attorney disciplinary grievances, Ms. Grosz has a strong privacy interest in keeping her home address out of the public domain and the prying eyes of those who may, like Plaintiff, single her out. Ms. Grosz does not make her home address public or even list her place of employment in the State Bar's publicly searchable database.

      For these reasons, Ms. Grosz respectfully requests this Court seal Docket Entries 8 and 11 and file attached Exhibits A and B to this motion as redacted copies of each.

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

_____
**ROYCE LEMOINE**
Deputy Counsel for Administration
State Bar No. 24026421

**JUDITH GRES DEBERRY**
Assistant Disciplinary Counsel
State Bar No. 24040780

**RICHARD HUNTPALMER**
Assistant Disciplinary Counsel
State Bar No. 24097875

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:   (512) 427-1350
Facsimile:   (512) 427-4167
Email: Jdeberry@texasbar.com
Email: Rhuntpalmer@texasbar.com
Email: Royce.lemoine@texasbar.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I, Royce Lemoine, certify that a true and correct copy of DEFENDANT DANIELA GROSZ'S UNOPPOSED MOTION TO SEAL DOCKET ENTRIES 8 & 11 has been served via the Court's Electronic Case Files system on June 1, 2023, and via electronic filing through EC/CMF addressed to all parties.

_____
Royce Lemoine
State Bar Card No. 24026421

**CERTIFICATE OF CONFERENCE**

I, Royce Lemoine, certify that Defendant, Daniela Grosz's, counsel conferred with Plaintiff's counsel, Gaines West, WEST, WEBB, ALLBRITTON & GENTRY, P.C., 1515 Emerald Plaza, College Station, Texas 77854, via email (gaines.west@westweblaw.com) on June 1, 2023, and counsel for all other named defendants, concerning DEFENDANT DANIELA GROSZ'S UNOPPOSED MOTION TO SEAL DOCKET ENTRIES 8 & 11. All indicated they are not opposed to said motion.

_____
Royce Lemoine
State Bar Card No. 24026421