IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EDWARD RANDOLPH TURNBULL IV, §
*Plaintiff*, §
v. §
§
COMMISSION FOR LAWYER §          Civil Action No. 1:23-cv-00314
DISCIPLINE, THE OFFICE OF THE §
CHIEF DISCIPLINARY COUNSEL; §
SEANA WILLING, in her official capacity §
as Chief Disciplinary Counsel of the State §
Bar of Texas, and in her individual capacity; §
AMANDA M. KATES, in her official §
capacity as Assistant Disciplinary Counsel §
for the Office of the Chief Disciplinary §
Counsel, and in her individual capacity; §
JOHN S. BRANNON, in his official capacity §
as Assistant Disciplinary Counsel for the §
Office of the Chief Disciplinary Counsel, and §
in his individual capacity; TIMOTHY J. §
BALDWIN, in his official capacity as §
Administrative Attorney for the Office of the §
Chief Disciplinary Counsel, and in his §
individual capacity; DANIEL MARTINEZ, §
in his official capacity as Assistant §
Disciplinary Counsel for the Office of the §
Chief Disciplinary Counsel, and in his §
individual capacity; DANIELA GROSZ, in §
her official capacity as Assistant §
Disciplinary Counsel for the Office of the §
Chief Disciplinary Counsel, and in her §
individual capacity; JENNY HODGKINS, in §
her official capacity as the Executive §
Director and General Counsel with the Board §
of Disciplinary Appeals, and in her §
individual capacity; Laura Gibson, Cindy V. §
Tisdale, Sylvia Borunda Firth, Benny §
Agosto, Jr., David N. Calvillo, Elizabeth §
Sandoval Cantu, Luis Cavazos, Craig §
Cherry, Jason Charbonnet, Kelly-Ann F. §
Clarke, Jeff Cochran, David C. Courreges, §
Thomas A. Crosley, Steve Fischer, Lucy §
Forbes, Gregory M. Fuller, August W. Harris §
III, Matthew J. Hill, Forrest L. Huddleston, §

1

Lori M. Kern, Modinat Kotun, Bill Kroger,      §
Dwight McDonald, Carra Miller, Lawrence        §
Morales II, Lydia Elizondo Mount, Kimberly     §
M. Naylor, Jeanine Novosad Rispoli,            §
Michael J. Ritter, Audie Sciumbato, Mary L.    §
Scott, John Sloan, D. Todd Smith, G. David     §
Smith, Paul K. Stafford, Alex J. Stelly Jr.,   §
Nitin Sud, Radha Thiagarajan, Robert L.        §
Tobey, Aaron Z. Tobin, Andrew Tolchin, G.      §
Michael Vasquez, Kimberly Pack Wilson,         §
and Kennon L. Wooten in their official         §
capacities as Members of the Board of          §
Directors of the State Bar of Texas,           §
                                               §
        *Defendants.*                          §
                                               §
                                               §
                                               §
                                               §

**DEFENDANTS STATE BAR BOARD OF DIRECTORS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 1

III. LEGAL STANDARDS ................................................................................... 3

    A.    Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1).................................... 3

    B.    Failure to State a Claim for Which Relief Can Be Granted Under Rule 12(b)(6) ........................................................................................................ 4

IV. ARGUMENTS AND AUTHORITIES ............................................................ 5

    A.    Turnbull's claims should be dismissed because this Court lacks subject matter jurisdiction over them. .................................................................. 5

          1.    Turnbull lacks standing to complain about the State Bar Defendants' alleged failure to prosecute other attorneys. ................................. 5

          2.    The Eleventh Amendment and sovereign immunity bar Turnbull's claims. ........................................................................................ 7

    B.    Turnbull's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). ............................................................................ 10

          1.    Absolute immunity bars Turnbull's claims.............................. 10

          2.    Turnbull fails to allege any cognizable § 1983 claims. ........................... 12

          3.    Turnbull's Texas Constitution Claims Fail.............................. 16

    C.    Turnbull's claim for injunctive relief fails.......................................... 19

V. CONCLUSION ............................................................................................ 20

i

# TABLE OF AUTHORITIES

**Cases**

*Alden v. Maine*,
527 U.S. 706 (1999) ................................................................................................. 10

*Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty.*,
488 U.S. 336 (1989) ................................................................................................. 19

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................ 12, 13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................... 4

*Bell v. Low Income Women*,
95 S.W.3d 253 (Tex. 2002) ..................................................................................... 19

*Beman v. Smith*,
MO-07-CV-055, 2007 WL 9751723 (W.D. Tex. Aug. 10, 2007) .............................. 8

*Bishop v. State B. of Tex.*,
791 F.2d 435 (5th Cir. 1986) ................................................................................ 8, 10

*Brinson v. McKeeman*,
992 F. Supp. 897 (W.D. Tex. 1997) ........................................................................ 13

*Brown v. Tex. A & M University*,
804 F.2d 327 (5th Cir.1986) .................................................................................... 13

*Butz v. Economou*,
438 U.S. 478 (1978) ................................................................................................. 11

*City of El Paso v. Heinrich*,
284 S.W.3d 366 (Tex. 2009) ..................................................................................... 8

*City of Houston v. Johnson*,
353 S.W.3d 499 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ................... 19

*City of Lancaster v. Chambers*,
883 S.W.2d 650 (Tex. 1994) ..................................................................................... 8

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ................................................................................................... 20

*Cory v. White*,
457 U.S. 85 (1982) ..................................................................................................... 7

*Crampton v. Farris*,
596 S.W.3d 267 (Tex. App.—Hous. [1st Dist.] 2019) ......................................... 8, 9

*Cronen v. Tex. Dep't of Human Servs.*,
977 F.2d 934 (5th Cir. 1992) ..................................................................................... 9

*Doe v. Bd. of Directors of State B. of Tex.,*
    No. 03-15-00007-CV, 2015 WL 6656216 (Tex. App.—Austin Oct. 27, 2015)............. 7, 8, 18

*Doyle v. Oklahoma Bar Ass'n,*
    998 F.2d 1559 (10th Cir. 1993) ............................................................. 6

*Elliot v. Foufas,*
    867 F.2d 877 (5th Cir. 1989) ............................................................... 4

*Engquist v. Oregon Dep't of Agr.,*
    553 U.S. 591 (2008).................................................................... 13, 14

*Favaloro v. State B. of Tex.,*
    No. 05-96-01461-CV, 1998 WL 721281 (Tex. App.—Dallas Oct. 16, 1998, no pet.) ............. 8

*Green v. State B. of Tex.,*
    27 F.3d 1083 (5th Cir. 1994) ....................................................... 7, 8, 11

*Hanover Township Fed'n of Teachers v. Hanover Cmty. Sch. Corp.,*
    457 F.2d 456 (1972)..................................................................... 15

*Hartman v. Moore,*
    547 U.S. 250 (2006)..................................................................... 16

*Hawaii v. Gordon,*
    373 U.S. 57 (1963)....................................................................... 7

*Henley v. Simpson,*
    527 F. App'x. 303 (5th Cir. 2013) ....................................................... 10

*Hooks v. Landmark Indus., Inc.,*
    797 F.3d 309 (5th Cir. 2015) ............................................................. 4

*Howell v. Tex. Workers' Comp. Comm'n,*
    143 S.W.3d 416 (Tex.App.-Austin 2004, pet. denied) ...................................... 16

*Imbler v. Pachtman,*
    424 U.S. 409 (1976)..................................................................... 11

*In re Cloud,*
    214 F.3d 1350, 2000 WL 634637 (5th Cir. 2000) ........................................... 5

*Jackson Women's Health Org. v. Currier,*
    760 F.3d 448 (5th Cir. 2014) ............................................................ 20

*James v. Tex. Collin Cnty.,*
    535 F.3d 365 (5th Cir. 2008) ............................................................ 12

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994)...................................................................... 4

*Krempp v. Dobbs,*
    775 F.2d 1319 (5th Cir. 1985) ......................................................... 8, 10

*Lefebure v. D'Aquilla,*
    15 F.4th 650 (5th Cir. 2021), cert. denied, 212 L. Ed. 2d 791, 142 S. Ct. 2732 (2022)............. 5

*Leonard v. Abbott*,
  171 S.W.3d 451 (Tex. App.—Austin 2005, pet. denied) ...................................................... 19

*Liedtke v. State B. of Tex.*,
  18 F.3d 315 (5th Cir. 1994) ............................................................................................... 10

*Linda R.S. v. Richard D.*,
  410 U.S. 614 (1973) ............................................................................................................ 5

*Martinez v. State B. of Tex.*,
  797 F. App'x 167 (5th Cir. 2020) ............................................................................ 5, 15, 20

*Moore v. Willis Indep. Sch. Dist.*,
  233 F.3d 871 (5th Cir. 2000) .............................................................................................. 12

*Peeler v. Hughes & Luce*,
  909 S.W.2d 494 (Tex. 1995) ............................................................................................... 17

*Pennhurst State Sch. & Hosp. v. Halderman*,
  465 U.S. 89 (1984) .......................................................................................................... 7, 9

*Ramming v. United States*,
  281 F.3d 158 (5th Cir. 2001) ............................................................................................... 4

*Rizzo v. Goode*,
  423 U.S. 362 (1976) ........................................................................................................... 20

*Rountree v. Dyson*,
  892 F.3d 681 (5th Cir. 2018) .............................................................................................. 13

*S.W. Bell Tel., L.P. v. Emmett*,
  459 S.W.3d 578 (Tex. 2015) ................................................................................................ 8

*Sarfo v. Comm'n for Lawyer Discipline*,
  No. 03-19-00146-CV, 2021 WL 746052 (Tex. App.–Austin Feb. 26, 2021, no pet.) ............. 14

*Sellers v. Plattsmier*,
  637 F. App'x 111 (5th Cir. 2015) ........................................................................................ 11

*Smith v. Ark. State Hwy. Emp., Loc. 1315*,
  441 U.S. 463 (1979) ........................................................................................................... 15

*Smith v. Shook*,
  237 F.3d 1322 (11th Cir. 2001) ............................................................................................ 6

*Southland Sec. Corp. v. Inspire Ins. Sols. Inc.*,
  365 F.3d 353 (5th Cir. 2004) ............................................................................................... 4

*State B. of Tex. v. Wilson*,
  No. 03-18-00649-CV, 2019 WL 1272616 (Tex. App.—Austin Mar. 20, 2019, pet. denied) .... 8

*Stramaski v. Lawley*,
  44 F.4th 318 (5th Cir. 2022) .............................................................................................. 10

*Tex. Workers' Comp. Comm'n v. Garcia*,
  893 S.W.2d 504 (Tex.1995) ................................................................................................ 16

iv

*Trinity River Authority v. URS Consultatnts, Inc.*,
   889 S.W.2d 261 (Tex. 1994)...........................................................................17

*Univ. of Tex. Med. School at Houston v. Than*,
   901 S.W.2d 926 (Tex. 1995)...................................................................17, 18

*Vt. Agency of Nat. Res. v. United States ex rel. Stevens*,
   529 U.S. 765 (2000)...........................................................................................9

*Vill. of Willowbrook v. Olech*,
   528 U.S. 562 (2000).........................................................................................19

*Will v. Mich. Dep't of State Police*,
   491 U.S. 58 (1989).............................................................................................9

**Statutes**

42 U.S.C. § 1983.......................................................................................... passim

42 U.S.C. § 1988...............................................................................................20

Tex. Const. Art. 1, Sec. 19...............................................................................17

Tex. Const. Art. I, Sec. 13...............................................................................16

Tex. Gov't Code Ann. § 81.011(a) ...............................................................8, 9

Tex. Gov't Code section 81.072(b)(2) ....................................................6, 7, 18

**Rules**

Fed. R. Civ. P. 12(b)(1).........................................................................1, 3, 5, 6

Fed. R. Civ. P. 12(b)(6)...............................................................................1, 4

Tex. R. Disciplinary P. 17.09...................................................................12, 18

Tex. R. Disciplinary P. 2.12(F)...........................................................................14

Tex. R. Disciplinary P. 2.16...............................................................................18

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT PITMAN:

The State Bar Defendants[1] move to dismiss all claims brought against them by Plaintiff Edward Randolph Turnbull IV, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.
## INTRODUCTION

Turnbull filed his First Amended Complaint after his motion to dismiss response deadline lapsed. His lawsuit rests on allegations that the Defendants "abuse[d]" the Texas attorney disciplinary process by "selective[ly]" prosecuting grievances.[2] Turnbull does not allege he was unfairly prosecuted. Instead, he alleges that the grievances he filed against other attorneys were not prosecuted and that his rights have somehow been violated by Defendants' exercise of discretion. Turnbull lacks standing to bring these claims. Further, his claims are barred by the Eleventh Amendment and sovereign immunity. Even if Turnbull had standing and the claims were not otherwise barred, they should still be dismissed because his claims are also barred by absolute prosecutorial immunity. Further, Turnbull otherwise fails to state claims upon which relief may be granted because there is no constitutional right to have grievances prosecuted and his rights were not violated.

## II.
## BACKGROUND

---

[1] The State Bar Defendants refers to the Board of Directors of the State Bar of Texas, Laura Gibson, Cindy V. Tisdale, Sylvia Borunda Firth, Chad Baruch, Benny Agosto, Jr., David N. Calvillo, Elizabeth Sandoval Cantu, Luis Cavazos, Craig Cherry, Jason Charbonnet, Kelly-Ann F. Clarke, Jeff Cochran, David C. Courreges, Thomas A. Crosley, Steve Fischer, Lucy Forbes, Gregory M. Fuller, August Harris III, Matthew J. Hill, Forrest L. Huddleston, Lori M. Kern, Modinat Kotun, Bill Kroger, Dwight McDonald, Carra Miller, Lawrence Morales, II, Lydia Elizondo Mount, Kimberly M. Naylor, Laura Pratt, Jeanine Novosad Rispoli, Michael J. Ritter, Audie Sciumbato, Mary L. Scott, John Sloan, D. Todd Smith, G. David Smith, Paul K. Stafford, Alex J. Stelly, Jr., Nitin Sud, Radha Thiagarajan, Robert L. Tobey, Aaron Z. Tobin, Andrew Tolchin, G. Michael Vasquez, Kimberly Pack Wilson, and Kennon L. Wooten.
[2] Pl.'s Amended Complaint, Dkt. No. 20 ¶ 41.

This lawsuit concerns State Bar grievances Turnbull filed against three other attorneys in February 2021 in connection with their allegedly "false, improper, and unjustified statements and behavior"[3] while representing Microsoft in a dispute with Turnbull's law firm.[4] Upon notice from the Office of the Chief Disciplinary Counsel ("CDC") that his grievances were dismissed, Turnbull appealed the dismissal of two of the grievances to the Board of Disciplinary Appeals (the "Board").[5] The Board granted his appeal and returned the two grievances to the CDC "for investigation and a determination of whether there was Just Cause" to believe the attorneys had committed professional misconduct.[6] In August 2021, after Turnbull and the attorneys against whom he had filed the grievances each submitted their responses and replies, the CDC placed the grievances on the summary disposition panel docket and the grievances were then dismissed.[7]

Eight months later, in May 2022, Turnbull then submitted new grievances against two of the attorneys; and a week later, he submitted another round of grievances against those attorneys, for a total of three grievances by Turnbull against each of the two attorneys.[8] The new grievances all arose out of the same circumstances and the CDC dismissed them, informing Turnbull that the "allegations have been previously considered and dismissed by a Summary Disposition Panel of the Grievance Committee."[9] Turnbull again appealed, but the Board affirmed the dismissals in July 2022.[10] Turnbull submitted amended grievances in August 2022, which the CDC subsequently returned to him, noting that no further amendments would be accepted.[11]

---

[3] Pl.'s Amended Complaint, Dkt. No. 20 ¶ 42.

[4] *See id.* ¶¶ 21–40.

[5] *Id.* ¶¶ 43–44.

[6] *Id.* ¶ 45.

[7] *Id.* ¶¶ 46–50, 53.

[8] *Id.* ¶¶ 56–57.

[9] *Id.* ¶ 60.

[10] *Id.* ¶¶ 61–62.

[11] *Id.* ¶¶ 64–65.

Turnbull then filed this lawsuit, bringing Equal Protection and free speech claims under 42 U.S.C. § 1983. Drawing a comparison between the State Bar Defendants' investigation and prosecution of grievances against other notable Texas attorneys, Turnbull alleges that the State Bar Defendants "do not enforce the Texas Disciplinary Rules of Professional Conduct equally amongst attorneys charged with unethical conduct."[12] Turnbull also claims that the State Bar Defendants' refusal to investigate and prosecute his grievances chilled his speech "against certain well-connected lawyers" (and will chill the speech of others).[13]

Turnbull also brings due course of law and Equal Protection claims under the Texas Constitution. Turnbull alleges that the State Bar Defendants deprived him of his "right to open courts and a transparent process" and his "right to due course of law" by arbitrarily denying him explanations for the dismissal of his grievances.[14] Turnbull also claims that by denying him such explanations, the State Bar Defendants arbitrarily treated Turnbull differently than they treat other complainants, who receive more information "just one step further in the disciplinary process."[15]

## III.
## LEGAL STANDARDS

### A.    Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A case should be dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). It is presumed that a cause of action lies outside of a federal court's limited jurisdiction and the burden of establishing jurisdiction falls to the party asserting

---

[12] *Id.* ¶ 69.
[13] *Id.*
[14] *Id.* ¶¶ 110–112; *id.* 102–106.
[15] *Id.* ¶ 108.

jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "[A]ccordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Moreover, a lack of subject-matter jurisdiction may be found in any of three instances: 1) the complaint alone; 2) the complaint and undisputed facts in the record; or 3) the complaint, undisputed facts in the record, and the court's own resolution of disputed facts. *Id*.

### B.   Failure to State a Claim for Which Relief Can Be Granted Under Rule 12(b)(6)

A party is entitled to dismissal under 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. *Ramming*, 281 F.3d at 161. All facts pleaded in the complaint must be taken as true; however, the plaintiff's complaint must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Id.* (citing *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The Court should "not strain to find inferences favorable to the [non-moving party]. Nor [should it] accept conclusory allegations, unwarranted deductions, or legal conclusions." *See Southland Sec. Corp. v. Inspire Ins. Sols. Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

To survive a defendants' motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. The Court should grant dismissal where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Cloud*, 214 F.3d 1350, 2000 WL 634637, at *1 (5th Cir. 2000) (internal quotations omitted).

**IV.**
**ARGUMENTS AND AUTHORITIES**

**A.     Turnbull's claims should be dismissed because this Court lacks subject matter jurisdiction over them.**

> **1.     Turnbull lacks standing to complain about the State Bar Defendants' alleged failure to prosecute other attorneys.**

Turnbull's claims against the State Bar Defendants are predicated on the idea that he has some cognizable interest in the prosecution of grievances against other attorneys.[16] But he does not. "Supreme Court precedent makes clear that a citizen does not have standing to challenge the policies of the prosecuting authority unless she herself is prosecuted or threatened with prosecution." *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021), cert. denied, 212 L. Ed. 2d 791, 142 S. Ct. 2732 (2022). Indeed, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Claims based on an alleged failure to prosecute another person must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. *See Lefebure*, 15 F.4th at 664.

Applying *Linda R.S.*, the Fifth Circuit has held that a person has no standing to pursue complaints about the prosecution of State Bar grievances against individuals other than himself. *Martinez v. State B. of Texas*, 797 F. App'x 167, 168 (5th Cir. 2020) (unpublished). In *Martinez*, a prisoner who filed a bar grievance against an attorney did not have "a cognizable interest in the procedures used to consider his bar grievance or in the ultimate outcome of the proceedings." *Id.* The court relied on *Linda R.S.* in holding that "a private citizen generally does not have a cognizable interest in the decision to prosecute a third party. *Id.*

And, other Circuits have held the same. *See, e.g.*, *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1567 (10th Cir. 1993) ("The fact is that the only one who stands to suffer direct injury in a

---

[16] *Id.* ¶¶ 70–71, 74–75.

disciplinary proceeding is the lawyer involved."); *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (plaintiff lacked standing to challenge the state bar's decision to not prosecute his former attorney).

Turnbull's claims all revolve around the State Bar Defendants' failure to prosecute his grievances against two other attorneys—Ms. Lovett and Mr. Trevino. Because Turnbull is complaining about alleged "selective prosecution"[17] but he himself is not being prosecuted or threatened with prosecution, Turnbull lacks standing and his claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

Turnbull further claims that he has an interest in the grievances because he has a "statutory right to a full explanation on dismissal of an Inquiry or Complaint" under Government Code § 81.072(b)(2)[18] and he received a letter "assuring him that the Office of Chief Disciplinary Counsel 'will notify both parties of each step of the process, including asking the attorney to respond to the complaint.'"[19] These allegations do not affect the controlling precedent that states that Turnbull does not have standing to pursue claims regarding the prosecution of another. Regardless, even setting aside that precedent, the Government Code does not confer standing to Turnbull. Instead, it creates a duty to which the Texas Supreme Court is beholden in establishing the Bar's grievance procedures:

> The supreme court shall establish minimum standards and procedures for the attorney disciplinary and disability system. The standards and procedures for processing grievances against attorneys must provide for: . . . (2) a full explanation to each complainant on dismissal of an inquiry or a complaint[.]

Tex. Gov't Code 81.072(b)(2). The Texas Third Court of Appeals has already rejected Turnbull's contention that this provision grants a right to the complainant, holding that while Section

---

[17] *Id.* ¶ 69.
[18] *Id.* ¶ 54.
[19] *Id.* ¶ 45.

81.072(b)(2) "requires the Texas Supreme Court to establish standards and procedures that provide for a full explanation to each complainant on dismissal of a complaint," it does not require the Chief Disciplinary Counsel to provide information to the complainant. *Doe v. Bd. of Directors of State B. of Texas*, No. 03-15-00007-CV, 2015 WL 6656216, *4 (Tex. App.—Austin Oct. 27, 2015). Because Turnbull does not have a private right to an explanation of the dismissal of his grievances, he does not have standing and his claims should be dismissed under Rule 12(b)(1).

### 2.   The Eleventh Amendment and sovereign immunity bar Turnbull's claims.

The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). That is, in general, the Eleventh Amendment leaves federal courts without jurisdiction to entertain suits directed against states. *Green v. State B. of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). And a plaintiff may not circumvent the Eleventh Amendment by suing a state official in his or her official capacity because such a suit would pose a claim against the state treasury. *Id.*; *see also Pennhurst*, 465 U.S. at 101 (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (*per curiam*). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii*, 373 U.S. at 58; *see also Pennhurst*, 465 U.S. at 101. Moreover, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101-102; *see also Cory v. White*, 457 U.S. 85, 91 (1982).

Further, sovereign immunity also bars claims against the State Bar Defendants. *E.g., Doe*, 2015 WL 6656216 at *2; *accord State B. of Tex. v. Wilson*, No. 03-18-00649-CV, 2019 WL 1272616, at *2 (Tex. App.—Austin Mar. 20, 2019, pet. denied); *Crampton v. Farris*, 596 S.W.3d

7

267, 273 (Tex. App.—Hous. [1st Dist.] 2019); *Favaloro v. State B. of Tex.*, No. 05-96-01461-CV, 1998 WL 721281, at *4 (Tex. App.—Dallas Oct. 16, 1998, no pet.) (not designated for publication). A State Bar official may only be a "proper party to a suit that alleges, and ultimately proves, that she failed to perform a purely ministerial act or acted without legal authority and thus falls within the ultra vires exception to sovereign immunity." *Doe*, 2015 WL 6656216 at *2. "Ministerial acts are those 'where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" *S.W. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 588 (Tex. 2015) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). An ultra vires suit "must not complain of a government officer's exercise of discretion[.]" *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009); *see also Crampton*, 596 S.W.3d at 275 ("To fall within the ultra vires exception to state actors' sovereign immunity, a suit 'must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.'").

In this case, Turnbull brings claims against the State Bar Defendants, individuals comprising the Board of Directors of the State Bar of Texas ("the Bar"), an agency of the Texas judicial department. Tex. Gov't Code Ann. § 81.011(a) (West 2017). *See Green*, 27 F.3d at 1087*; Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); *Beman v. Smith*, MO-07-CV-055, 2007 WL 9751723, at *3 (W.D. Tex. Aug. 10, 2007); and *Bishop v. State B. of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986). Moreover, because Turnbull's claims center on the conduct of a state agency, Turnbull's suit, like that in *Pennhurst*, is "a suit against state officials that is in fact a suit against a State." *See Pennhurst*, 465 U.S. at 101–02. Turnbull does not allege that the State Bar Defendants acted without legal authority or failed to perform a purely ministerial act. *See Crampton*, 596

S.W.3d at 275. Therefore, Turnbull's suit against the Bar is barred by the Eleventh Amendment and sovereign immunity. *See Pennhurst*, 465 U.S. at 101–02.

In addition, Turnbull brings suit against the State Bar Defendants—and thus, the State Bar—on claims under 42 U.S.C. § 1983.[20] The State Bar—as "an administrative agency of the judicial department of [the Texas] government," Tex. Gov't Code Ann. § 81.011(a)—is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989); *accord Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992) (holding that a Texas state agency was not a "'person[]' for purposes of liability under 42 U.S.C. § 1983"); *see also* 42 U.S.C. § 1983 (creating a cause of action against a "person" who violates constitutional rights under color of state law); *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 779–80 (2000) (holding that courts may address "the question whether the statute itself *permits* the cause of action it creates to be asserted against States" before addressing the jurisdictional question of sovereign immunity). Though Turnbull brings his claims against the State Bar Defendants rather than the Bar itself, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. [Citation.] As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71.

Under controlling Fifth Circuit precedent, the Bar qualifies as an arm of the State of Texas; therefore, it (and by extension, its officers in their official capacity, *see Will*, 491 U.S. at 71) is immune from suit in federal court and does not qualify as a "person" subject to suit under § 1983. In *Krempp v. Dobbs*, the Fifth Circuit squarely held that claims "against the [Texas] State Bar," including a claim under 42 U.S.C. § 1983, were "barred by the eleventh amendment" principle of sovereign immunity. 775 F.2d 1319, 1320–21 (5th Cir. 1985); *see also Alden v. Maine*, 527 U.S.

---

[20] *Id.* ¶¶ 19, 83, 88–100.

706, 713 (1999) (explaining that "Eleventh Amendment immunity" is "convenient shorthand" for "the States' immunity from suit"). The Fifth Circuit reiterated that holding in *Bishop v. State Bar of Texas*, again concluding that "the State Bar of Texas is a state agency such that an action for damages" under § 1983 "is barred by the eleventh amendment." 791 F.2d 435, 437–38 (5th Cir. 1986). The Fifth Circuit again held likewise in *Liedtke v. State Bar of Texas*, noting that a plaintiff's "section 1983 suit for damages" against the Bar "necessarily founder[ed] on eleventh amendment immunity." 18 F.3d 315, 318 n.12 (5th Cir. 1994).

Turnbull has expressly stated that the "State Bar Defendants are sued in their official capacities"[21] and binding Fifth Circuit precedent firmly establishes that the State Bar Defendants are arms of the state immune from suit. To the extent that Turnbull seeks to sue the State Bar Defendants in their individual capacities, they are simply "nominal defendant[s]" and the Bar "is the real and substantial party in interest." *See Stramaski v. Lawley*, 44 F.4th 318, 322–24 (5th Cir. 2022). Any attempt to add the State Bar Defendants in their individual capacities seeks to "evade the Eleventh Amendment for what [is] in fact a complaint about what the state had done." *Id.* at 325. This lawsuit complains about what the Bar has done via its officials and committees; thus Eleventh Amendment immunity bars these claims against the State Bar Defendants in their individual capacities. *See id*; *Henley v. Simpson*, 527 F. App'x. 303, 306 (5th Cir. 2013) ("a suit nominally against state employees in their individual capacities that *demonstrably* has the *identical* effect as a suit against the state" is barred by the Eleventh Amendment).

**B.     Turnbull's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).**

**1.     Absolute immunity bars Turnbull's claims.**

---

[21] Pl.'s First Amended Complaint, Dkt. No. 20 ¶ 17.

Turnbull's claims against the State Bar Defendants fail because the State Bar Defendants are entitled to absolute prosecutorial immunity. Agency officials who perform prosecutorial functions are entitled to absolute immunity. *Butz v. Economou*, 438 U.S. 478, 515 (1978); *see also Imbler v. Pachtman*, 424 U.S. 409, 423 (1976) (holding that prosecutors are absolutely immune from suit based on a concern that "unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions"). In *Butz*, the Supreme Court held that agency "officials who are responsible for the decision to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Butz*, 438 U.S. at 516.

The Fifth Circuit extended the *Butz* decision to state bar officials who are considering whether to pursue disciplinary charges. *See Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015). In *Sellers*, the plaintiff claimed that employees of the Louisiana Disciplinary Board (the "LADB") failed to pursue disciplinary actions against certain attorneys. *Id.* at 112. The district court dismissed the suit, finding that the "defendants were immune because they were acting in a prosecutorial capacity." *Id.* The Fifth Circuit held that "[t]he district court properly concluded that the LABD employees were absolutely immune from suit because their decision not to pursue disciplinary charges against the attorneys was prosecutorial in nature." *Id.*; *see also Green*, 27 F.3d at 1088 (holding that *Butz* "extended absolute immunity to agency officials in the administrative adjudication process," including members of the Bar's Unauthorized Practice of Law Committee).

And, this absolute immunity is further confirmed by the Texas Rules of Disciplinary Procedure, which provide:

> All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant Disciplinary Counsel appointed by the Commission [for Lawyer Discipline] and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all officers and Directors of the State Bar,

11

and the staff members of the aforementioned entities are immune from suit for any conduct in the course of their official duties. The immunity is ***absolute and unqualified*** and extends to all actions at law or in equity.

Tex. R. Disciplinary P. ("TRDP") 17.09 (emphasis added).

Here, Turnbull claims the State Bar Defendants violated his constitutional rights because they exercised their discretion to not prosecute the various grievances Turnbull filed.[22] Specifically, Turnbull alleges that "Defendants use the Texas grievance process as a tool to prosecute certain prominent lawyers and protect others" and that Defendants' alleged "selective prosecution" resulted in Turnbull being "unfairly denied relief" and a chilling of "his constitutionally protected speech against certain well-connected lawyers."[23] Because Turnbull's claims arise from the decision of whether to prosecute grievances, the State Bar Defendants are entitled to absolute immunity and Turnbull's claims should be dismissed.

### 2.      Turnbull fails to allege any cognizable § 1983 claims.

A claim asserted under 42 U.S.C. § 1983 requires that a plaintiff: 1) allege a violation of a right secured by the Constitution or laws of the United States; and 2) demonstrate that any alleged deprivation of that right was committed by a person acting under color of state law. *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). Additionally, a plaintiff must show that "each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 663. As the Supreme Court explained, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679. Here, Turnbull's allegations do not

---

[22] *Id.* ¶ 69.
[23] *Id.*

allege a violation of any "right" secured by the Constitution or laws of the United States. Moreover, Turnbull has failed to allege any facts showing that any named defendant violated his rights.

There is "no federally-protected constitutional right to compel the State Bar of Texas to investigate" a grievance. *Brinson v. McKeeman*, 992 F. Supp. 897, 909 (W.D. Tex. 1997). Because any right to a State Bar investigation would derive entirely from state law, "[t]he failure of state officials to fulfill their duties under state law does not give rise to a federal constitutional claim." *Id.* "[A] state agency's violations of its own internal regulations [does] not establish a Due Process violation *or otherwise give rise to a constitutional claim*." *Id.* at 909 n.58 (citing *Brown v. Tex. A & M University*, 804 F.2d 327, 335 (5th Cir. 1986)) (emphasis added).

Because Turnbull does not have a federally protected constitutional right to compel the State Bar of Texas to investigate grievances, both of his § 1983 claims fail. However, even if Turnbull had a federally protected right, his Equal Protection and free speech claims still fail.

### a.   Turnbull's Equal Protection allegations fail because the State Bar Defendants act with discretion.

Turnbull's § 1983 Equal Protection claim is premised on his allegation that the State Bar Defendants treated Turnbull "differently" because they dismissed his grievances but, in their discretion, prosecuted grievances against other attorneys.[24] However, Turnbull cannot bring an "Equal Protection claim on the ground that one person received a discretionary punishment and another did not, 'even if for no discernable or articulable reason.'" *Rountree v. Dyson*, 892 F.3d 681, 684 (5th Cir. 2018) (quoting *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 604 (2008)). This is because "[t]here are some forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Id.* In those cases, "the rule that people should be 'treated alike, under like circumstances and

---

[24] *Id.* ¶¶ 75–87.

conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted." *Id.* While a claim that discretionary action was taken on the "basis of race or sex would state an Equal Protection claim, because such discriminatory classifications implicate basic Equal Protection concerns[,]" a claim that discretionary action was taken as "to one person and not others" does not. *Id.*

Turnbull alleges that "Defendants discriminated against [him] and arbitrarily chose *not* to further examine and discipline Mrs. Lovett and Mr. Trevino for the exact same professional misconduct Defendants have filed suit to punish Attorney General Ken Paxton, First Assistant Brent Webster, and Sidney Powell."[25] Setting aside the fact that Turnbull does not have standing to complain about the non-prosecution of his grievances, Turnbull cannot bring an Equal Protection claim based on an exercise of discretion with regard to whether to set a case for hearing in front of an investigatory panel. TRDP 2.12(F); *see also Sarfo v. Comm'n for Lawyer Discipline*, No. 03-19-00146-CV, 2021 WL 746052, at *3 n.4 (Tex. App.–Austin Feb. 26, 2021, no pet.).[26] Notably, Turnbull has not alleged that he was discriminated against because he is a member of a protected class. He instead asserts, again in conclusory fashion, that his "political affiliation as a criminal defense attorney" makes him "politically unpopular and unpowerful."[27]

Further, while Turnbull generally asserts that Defendants denied him "Equal Protection" of the law because his alleged Complaints against the Microsoft Attorneys were presented to a Summary Disposition Panel, he acknowledges that his alleged Complaints were in fact presented and dismissed by that Summary Disposition Panel and *not* by any of the Defendants named in this

---

[25] *Id.* ¶ 83.
[26] The State Bar Defendants incorporate by reference Section II of the Commission for Lawyer Discipline and Seana Willing's Motion to Dismiss, Dkt. No. 22.
[27] Pl.'s First Amended Complaint, Dkt. No. 20 ¶ 83.

lawsuit.[28] And, while Turnbull argues he was "discriminated" against because his Complaints should have been presented to an Investigatory Hearing Panel, similar to what happened in three unrelated pending public Disciplinary Actions,[29] Turnbull's perception that his alleged Complaints are "similar" to those filed in the above-referenced Disciplinary Actions is clearly wrong.

For all these reasons, Turnbull § 1983 Equal Protection claim should be dismissed.

### b.  Turnbull's free speech claim fails because the First Amendment does not require the government to listen or respond.

Turnbull claims that the State Bar Defendants' refusal to prosecute his grievances deprived him of his right to free speech under the First Amendment.[30] However, it is well-settled law that a government agency's refusal to consider or act upon grievances before it does not violate free-speech principles. *Smith v. Arkansas State Hwy. Emp., Loc. 1315*, 441 U.S. 463, 464–65 (1979). "[T]he First Amendment does not impose any affirmative obligation on the government to listen, [or] to respond to" complainants. *Id.* at 465. Specifically, "the Constitution does not require the State to take any particular action in response" to a grievance filed before the State Bar. *Martinez*, 797 F. App'x at 168. The First Amendment "provides no guarantee that a speech will persuade or that advocacy will be effective." *Hanover Township Fed'n of Teachers v. Hanover Cmty. Sch. Corp.*, 457 F.2d 456, 461 (1972). Thus Turnbull fails to allege any cognizable free speech claims. Defendants were under no constitutional obligation to investigate Turnbull's grievances.

Further, to prevail on a free speech claim, Turnbull must allege that Defendants' retaliatory motive was a "but-for" cause of his injury. *Hartman v. Moore*, 547 U.S. 250, 259-60 (2006). But

---

[28] *Id.* ¶ 53.

[29] Cause No. 471-02574-2022, *Comm'n for Lawyer Discipline v. Warren Kenneth Paxton, Jr.*, in the 471st Judicial District Court, Collin County, Texas; Cause No. 22-0594-C9368, *Comm'n for Lawyer Discipline v. Brent Edward Webster*, in the 368th Judicial District Court, Williamson County, Texas; and Cause No. DC-22-02562, *Comm'n for Lawyer Discipline v. Sidney Powell,* in the 116th Judicial District Court, Dallas County, Texas.

[30] Pl.'s First Amended Complaint, Dkt. No. 20 ¶ 91.

Turnbull has not alleged any injury or shown how his speech was chilled. Indeed, Turnbull does not allege that the State Bar Defendants prevented his speech in any arena. To the contrary, Turnbull filed *three* sets of grievances. Because he has not alleged a violation of his free speech rights, his free speech claim should be dismissed.

### 3.    Turnbull's Texas Constitution Claims Fail.

#### a.    Turnbull's open courts claim fails because he does not allege that he has been denied any remedies.

Turnbull's allegations regarding Art. I, Section 13 of the Texas Constitution do not state a claim against the State Bar Defendants. The "open courts" provision provides that: "all courts shall be open, and every person for an injury done to him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. Art. I, Sec. 13. "The open courts provision includes at least three separate guarantees: (1) courts must actually be operating and available; (2) the Legislature cannot impede access to the courts through unreasonable financial barriers; and (3) meaningful remedies must be afforded, 'so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress.'" *Howell v. Tex. Workers' Comp. Comm'n,* 143 S.W.3d 416, 444 (Tex.App.—Austin 2004, pet. denied) (quoting *Tex. Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 520 (Tex. 1995)) (internal citations omitted).

The test for the Texas Constitution's open courts guarantee is as follows:

> [L]egislative action withdrawing common-law remedies for well established common-law causes of action for injuries to one's 'lands, goods, person or reputation' is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare.

*Tex. Workers' Compensation Com'n*, 893 S.W.2d at 520 (quoting *Trinity River Authority v. URS Consultants, Inc.*, 889 S.W.2d 261, 262 (Tex. 1994)). In other words, the open courts provision

"applies only to statutory restrictions of a cognizable common law cause of action." *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 499 (Tex. 1995).

Turnbull does not allege that the State Bar Defendants' conduct denied him any common-law remedies. He complains about an alleged lack of transparency and an alleged failure to comply with the Bar's own procedures, but none of these allegations implicate the denial of any common law remedy (or any remedy at all). Further, Turnbull does not allege any injuries to his "lands, goods, person or reputation" under common law. As discussed above, he has no standing to assert any claims based on the grievances he filed as he is not the subject of the possible disciplinary investigation. Thus, Turnbull has not alleged a violation of his right to due course of law. Further, the grievance process does not constitute a common law cause of action. The discretionary decisions of Defendants to present Turnbull's alleged Complaints to a Summary Disposition Panel cannot violate the open courts provision of the Texas Constitution.

> **b.    Turnbull's due course of law claim fails because Turnbull's rights have not been violated.**

Article 1, Section 19 of the Texas Constitution states that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. Art. 1, Sec. 19. Texas courts have considered federal interpretations of procedural due process when applying Texas's guarantee of due course of law. *Univ. of Tex. Med. School at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). When determining whether a governmental action violates the due course of law guarantee, the courts engage in a two-step inquiry. *Id.* The court first determines if the plaintiff has an enumerated interest that is entitled to protection, and then if so, if the governmental agency followed due course of law in depriving the plaintiff of that interest. *Id.*

Here, Turnbull claims he has a property right to a "full and fair explanation for the reasons his [alleged] Grievances were dismissed," and argues that application of TRDP Rule 2.16 deprives him of that right.[31] Turnbull participated in a full briefing process for his grievances, including a successful appeal, and he acknowledges that he was given an explanation for the dismissal of his grievances.[32] However, he claims he should have been provided more information about why the grievances were put on the summary disposition panel, including "all documents and materials supporting the CDCs determinations."[33] Again, section 81.072(b)(2) does not require or authorize disclosure of "the recommendation to the summary disposition panel" and only requires the Texas Supreme Court to hew to certain standards when establishing grievance procedures. *Doe*, 2015 WL 6656216, at *4–5. Because Defendants followed all applicable procedures and Turnbull has acknowledged that he was provided with an explanation for the dismissal of his alleged grievances, Turnbull's due course of law claim fails and should be dismissed.

In addition, it is not true, as Turnbull claims, that sovereign immunity does not shield the State Bar Defendants from his claims because "[t]he Bill of Rights under the Texas Constitution are expressly exempted from Defendants' government power."[34] Because Turnbull does not make a cognizable due course of law claim, the absolute immunity afforded the State Bar Defendants from lawsuits "predicated upon the filing of a Grievance or participation in the attorney disciplinary and disability system" remains in place to bar Turnbull's claims. TRDP 17.09.

### c.    Turnbull's state-law Equal Protection claim fails because he does not allege he was treated differently.

---

[31] Pl.'s First Amended Complaint, Dkt. No. 20 ¶¶ 103, 109.

[32] *See id.* ¶¶ 43–54, 60.

[33] *See, e.g.*, *id.* ¶¶ 50–54, 60–65, 68.

[34] *Id.* ¶ 106.

State and federal Equal Protection claims are analyzed in the same way. *Bell v. Low Income Women*, 95 S.W.3d 253, 266 (Tex. 2002). A plaintiff must allege that "he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Leonard v. Abbott*, 171 S.W.3d 451, 458 (Tex. App.—Austin 2005, pet. denied) (citing *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) *and Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty.,* 488 U.S. 336, 345–46 (1989)).

Turnbull merely complains that he has been "treated differently than other similarly situated complainants in being denied a full and fair explanation for why his Grievances were dismissed for lacking 'Just Cause.'"[35] However, Turnbull does not identify any similarly situated complainant who was awarded different treatment. Instead, he gives as an example complainants further along in the grievance process: "For example, just one step further in the disciplinary process, Defendants tell complainant everything, including whether an attorney receives a *private reprimand*[.]"[36] However, those claimants are decidedly *not* similarly situated to Turnbull. Their progress through the disciplinary process indicates that the State Bar has decided differently with regards to their claims. Without alleging that a right, denied to him, is otherwise afforded to similarly situated others, Turnbull cannot raise an Equal Protection claim under state law. *See City of Houston v. Johnson*, 353 S.W.3d 499, 505 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

### C. Turnbull's claim for injunctive relief fails.

Turnbull does not appear to seek any injunctive relief against the State Bar Defendants. However, to the extent that he does, he has not shown that he meets the requisites for preliminary or permanent injunction. Injunctive relief should be used "sparingly, and only . . . in clear and plain

---

[35] *Id.* ¶ 108.
[36] *Id.* (emphasis in original).

case[s]." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (citation and internal quotations omitted). "In exercising their equitable powers federal courts must recognize "[t]he special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law." *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983). To support the "extraordinary equitable remedy" of a preliminary injunction, the plaintiff must establish four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

Again, as previously noted, Turnbull is unlikely to succeed on the merits of his lawsuit as he does not have a cognizable interest in the procedures used to consider his bar grievance or in the ultimate outcome of the proceeding. *Martinez*, 797 F. App'x at 167–168. Additionally, there is no substantial threat that Turnbull will suffer an irreparable injury if the injunction is denied. In fact, his only claim of "injury" is that his right to free speech will be "chilled." This claim completely lacks merit because, by his own admission, he filed additional grievances after his alleged Complaints were dismissed and filed suit against *Microsoft*, which is still pending. Because Plaintiff cannot meet all four elements, his request for an injunction should be denied.

## V.
## CONCLUSION

Accordingly, the State Bar Defendants request that Turnbull's claims against them be dismissed with prejudice and that they be awarded their attorneys' fees under 42 U.S.C. § 1988. The State Bar Defendants further request the Court grant them any additional any further relief to which they may be justly entitled.

Dated: June 2, 2023                    Respectfully submitted,


                                       **VINSON & ELKINS L.L.P.**

                                       By: _/s/ Patrick W. Mizell_
                                       Patrick W. Mizell
                                       State Bar No. 14233980
                                       Federal ID No. 36390
                                       845 Texas Ave., Suite 4700
                                       Houston, TX 77002
                                       T. (713) 758-2932
                                       F. (713) 615-5912
                                       pmizell@velaw.com

                                       Brooke A. Noble
                                       State Bar No. 24110166
                                       Federal ID No. 3421406
                                       Emily S. Bamesberger
                                       State Bar No. 24125107
                                       Federal ID No. 3841474
                                       W. 6th St., Suite 2500
                                       Austin, TX 78701
                                       T. (512) 542-8409
                                       F. (512) 236-3234
                                       bnoble@velaw.com
                                       ebamesberger@velaw.com

**CERTIFICATE OF SERVICE**

I, Brooke Noble, hereby certify that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure to all parties that have appeared via the Court's ECF/CM system on this 2nd day of June 2023.

*/s/ Brooke A. Noble*
Brooke A. Noble
