UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL IV, §<br>　　*Plaintiff,* §<br>v. §<br> §<br>COMMISSION FOR LAWYER §<br>DISCIPLINE; THE OFFICE OF THE §<br>CHIEF DISCIPLINARY COUNSEL; §<br>SEANA WILLING, in her Official Capacity §<br>as Chief Disciplinary Counsel of the State §<br>Bar of Texas, and in her individual capacity; §<br>AMANDA M. KATES, in her Official Capacity §<br>as Assistant Disciplinary Counsel for the Office §<br>of the Chief Disciplinary Counsel, and in her §<br>individual capacity; JOHN S. BRANNON, §<br>in his Official Capacity as Assistant Disciplinary §<br>Counsel for the Office of Chief Disciplinary §<br>Counsel, and in his individual capacity; TIMOTHY §<br>J. BALDWIN, in his Official Capacity as §<br>Administrative Attorney for the Office of the §<br>Chief Disciplinary Counsel, and in his individual §<br>capacity; DANIEL MARTINEZ, in his Official §<br>Capacity as Assistant Disciplinary Counsel for §<br>the Office of the Chief Disciplinary Counsel, and §<br>in his individual capacity; DANIELA GROSZ, in §<br>her Official Capacity as Assistant Disciplinary §<br>Counsel for the Office of the Chief Disciplinary §<br>Counsel, and in her individual capacity; JENNY §<br>HODGKINS, in her Official Capacity as the §<br>Executive Director & General Counsel with the §<br>Board of Disciplinary Appeals, and in her §<br>individual capacity; LAURA GIBSON, §<br>CINDY V. TISDALE, SYLVIA §<br>BORUNDA FIRTH, BENNY AGOSTO, §<br>JR., DAVID N. CALVILLO, ELIZABETH §<br>SANDOVAL CANTU, LUIS CAVAZOS, §<br>CRAIG CHERRY, JASON §<br>CHARBONNET, KELLY-ANN F. §<br>CLARK, JEFF COCHRAN, DAVID C. §<br>COURREGES, THOMAS A. CROSLEY §<br>STEVE FISCHER, LUCH FORBES, §<br> | Case No. 1:23-cv-00314-RP |

1

| | |
|---|---|
| GREGORY M. FULLER, AUGUST W. HARRIS III, MATTHEW J. HILL, FORREST L. HUDDLESTON, LORI M. KERN, MODINAT KOTUN, BILL KROGER, DWIGHT MCDONALD, CARRA MILLER, LAWRENCE MORALES II, LYDIA ELIZONDO MOUNT, KIMBERLY M. NAYLOR, JEANINE NOVOSAD RISPOLI, MICHAEL J. RITTER, AUDIE SCIUMBATO, MARY L. SCOTT, JOHN SLOAN, D. TODD SMITH, G. DAVID SMITH, PAUL K. STAFFORD, ALEX J. STELLY JR., NITIN SUD, RADHA THIAGARAJAN, ROBERT L. TOBEY, AARON Z. TOBIN, ANDREW TOLCHIN, G. MICHAEL VASQUEZ, KIMBERLY PACK WILSON, and KENNON L. WOOTEN in their official capacities as Members of the Board of Directors of the State Bar of Texas, *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § |

**DEFENDANT KATES'S AMENDED MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

COMES NOW Defendant, Amanda Kates ("Kates") and files this motion to dismiss Plaintiff, Edward Randolph Turnbull, IV's ("Plaintiff") amended claims against her pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Kates offers the following:

## I. INTRODUCTION

Plaintiff filed his First Amended Complaint on or about May 25, 2023, adding an individual-capacity claim against Kates, the scope of which is unclear.[1] Plaintiff's Amended Complaint does not consistently replace "defendants" with a list of individuals including Kates for allegation or claim-

---

[1] *See* DE 20 at 1 and 4 para 6 (generally), and at 26 para 77 (Equal Protection claim).

making purposes. As such, Plaintiff fails to specify whether he brings an individual-capacity claim against Kates under the Fourteenth Amendment only, or also under either the First Amendment or under state law.

As before, Plaintiff alleges violations of his rights under the First and Fourteenth Amendments to the United States Constitution and various provisions of the Texas Constitution. And as before, each claim rests upon Plaintiff's notion that he is entitled to have his lawyer disciplinary grievances prosecuted to his liking. But unlike before, Plaintiff names Kates and other individuals where before he merely named "defendants." First, at the conclusion of his Factual Background, Plaintiff asserts:

> Inexplicably Defendants in this matter, including Ms. Willing, Ms. Kates, Mr. Brannon (who had a conflict), Mr. Baldwin, Mr. Martinez, and Ms. Grosz, made the determination to send Mr. Turnbull's Grievances to the SDP, finding that no Just Cause existed for further proceedings.[2]

Plaintiff's assertion concerning Kates is unsupported by any preceding factual allegations. Second, at the conclusion of his Count I Equal Protection Claim, Plaintiff refrains:

> Specifically, Seana Willing, Amanda M. Kates, John S. Brannon, Timothy J. Baldwin, Daniel Martinez, and Daniela Grosz, in their individual capacities, intentionally or recklessly deprived Mr. Turnbull of his Equal Protection Rights when they determined that Just Cause did not exist and dismissed his Grievances.

Still, as before, it remains entirely unclear why Kates was named as a defendant in this lawsuit. With his second bite of the apple, Plaintiff again fails to allege facts describing Kates's personal involvement or any supervisory authority over any other defendant. Plaintiff alleges no facts showing Kates had anything whatsoever to do with his particular grievances—or even that she knew they existed. Plaintiff merely listed Kates among others, perhaps in lieu of taking the longer step to dismiss Kates from his lawsuit. In any case, Plaintiff's claims against Kates

---

[2] DE 20 at 24 para 71.

should be dismissed as frivolous and she should be awarded attorney's fees pursuant to 42 U.S.C. § 1988.

## II. THE GRIEVANCE PROCESS

The Texas Supreme Court's authority to regulate the practice of law is an inherent power derived from the Texas Constitution's delegation of the judicial power of the Government of the State of Texas to the judiciary and the Court.[3] As that Court has explained, "The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity," and such power, "[h]as existed since the days of the Inns of Court in common law English jurisprudence."[4] To that end, the Texas Supreme Court has promulgated the Texas Disciplinary Rules of Professional Conduct ("TDRPC") and the Texas Rules of Disciplinary Procedure ("TRDP"), setting forth both the standards of conduct to which all Texas attorneys are to be held (the TDRPC) and the procedural rules by which attorney disciplinary actions are to be governed (the TRDP).

Once a grievance is filed in Texas, the Office of the CDC must determine whether to classify the grievance as a "Complaint" (a writing that alleges conduct that, if true, constitutes professional misconduct) or an "Inquiry" (a writing that alleges conduct that, even if true, does not constitute professional misconduct).[5] If the Office of the CDC determines that the allegations do not constitute

---

[3] TEX. CONST. ART. II, SEC. 1 & ART. V, SEC. 1 & 3; *see also*, *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 397-399 (Tex. 1979); *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 769-70 (Tex. 1999).

[4] *Eichelberger*, 582 S.W.2d at 398-99 (citations omitted).

[5] TEX. RULES DISCIPLINARY P. R. 2.10.

4

professional misconduct, the writing is dismissed as an Inquiry.[6] A complainant has the right to appeal the dismissal of a grievance as an Inquiry to the Board of Disciplinary Appeals (BODA).[7]

Grievances classified by the Office of the CDC as a Complaint or overturned on appeal by BODA for classification as a Complaint, are upgraded for investigation. In those instances, the respondent attorney must respond to the allegations of misconduct within thirty days of receiving notice of the allegations.[8] Pursuant to TRDP 2.12, the Office of the CDC is mandated to investigate all Complaints.[9]

After receiving the response from a respondent attorney, the Office of the CDC is required to: 1) find Just Cause in the evidence obtained and send the respondent attorney(s) a notice of the allegations and an election notice;[10] 2) make an initial determination that there is No Just Cause and send the matter to a Summary Disposition Panel for the Panel's final determination as to whether the Complaint should be dismissed or proceed to litigation;[11] 3) issue investigatory subpoena(s) to assist it in obtaining additional information for its Just Cause/No Just Cause determination;[12] or 4) set the matter before an Investigatory Hearing Panel to assist it in obtaining additional information, for its Just Cause/No Just Cause determination.[13] In those cases that go before a Summary Disposition Panel or an Investigatory Hearing Panel of the appropriate district grievance committee, that panel reviews all investigative information provided by the Office of the CDC, and makes the final determination—

---

[6] TEX. RULES DISCIPLINARY P. R. 2.10.

[7] TEX. RULES DISCIPLINARY P. R. 2.10(A).

[8] TEX. RULES DISCIPLINARY P. R. 2.10.

[9] *See* TEX. RULES DISCIPLINARY P. R. 1.06(C) (providing "'Chief Disciplinary Counsel' means the person serving as Chief Disciplinary Counsel and any and all of his or her assistants").

[10] TEX. RULES DISCIPLINARY P. R. 2.14.

[11] *See* TEX. RULES DISCIPLINARY P. R. 2.13 and 2.12(G).

[12] TEX. RULES DISCIPLINARY P. R. 2.12(B), (D), and (E).

[13] TEX. RULES DISCIPLINARY P. R. 2.12.

not the CDC or one of its Assistants Disciplinary Counsel.[14]

### III. ARGUMENTS AND AUTHORITIES

#### A. Summary

The Court should dismiss Plaintiff's claims against Kates for lack of subject matter jurisdiction or, alternatively, because Plaintiff fails to state a claim against Kates for which relief can be granted. This Court lacks subject matter jurisdiction because Plaintiff lacks Article III standing to sue Kates, and because Kates is entitled to immunity from suit under the Eleventh Amendment of the United States Constitution, through Qualified Immunity, and under Rule 17.09 of the Texas Rules of Disciplinary Procedure.

Alternatively, Plaintiff's claims against Kate should be dismissed because Plaintiff fails to state any claim for which relief may be granted under federal or Texas law.

#### B. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against Kates.

##### 1. *Standard of Review*

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction.[15] Federal courts are courts of limited jurisdiction and possess only such power as authorized by the United States Constitution or by federal statute.[16] It is presumed that a cause of action lies outside this limited jurisdiction and the burden of establishing jurisdiction falls to the party asserting jurisdiction.[17]

---

[14] TEX. RULES DISCIPLINARY P. R. 2.13.

[15] *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015).

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[17] *Id.*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case."[18] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction…[A]ccordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[19] Moreover, a lack of subject-matter jurisdiction may be found in any of three instances: 1) the complaint alone; 2) the complaint and undisputed facts in the record; or 3) the complaint, undisputed facts in the record, and the court's own resolution of disputed facts.[20] In this case, Plaintiff has not, and cannot, meet his burden to state any facts that would entitle him to relief against Kates.

### 2. *Plaintiff lacks standing to sue Kates.*

A plaintiff invoking federal jurisdiction bears the burden of establishing Article III standing by alleging (1) an injury in fact, that is (2) "fairly traceable" to the defendant's conduct, and which (3) will likely be redressed by a favorable decision.[21] Plaintiff cannot establish his standing to sue Kates in this Court because his allegations, as a matter of law, do not suffice to show an injury-in-fact.

"[T]he injury-in-fact requirement requires a plaintiff to show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[22] Plaintiff's claims against Kates rest on the notion that he has a legally protectable interest in the prosecution of grievances against other attorneys.[23] He does not.

---

[18] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[19] *Id.,* (citations omitted).

[20] *Id.*

[21] *Huang v. Huang*, 846 F. App'x. 224, 231 (5th Cir. 2021) (citing *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019)). *See also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[22] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1543, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) (quoting *Lujan,* 504 U.S. at 560)).

[23] *See e.g.*, DE 20 at 25 para 75 (Plaintiff asserting his "equal right to file a Grievance and have it heard").

As this Court has long recognized, a complainant does not have a federally protected constitutional right to have his attorney grievances resolved to his satisfaction.[24] Courts in our sister-circuits recognize the same.[25] "Any right to such an investigation exists wholly and completely as a result of state law. The failure of state officials to fulfill their duties under state law does not give rise to a constitutional claim."[26]

Indeed, Plaintiff also lacks any Texas-protected right to have his grievances investigated to his satisfaction. Plaintiff points to no constitutional, statutory, or regulatory authority in Texas that allows this suit against Kates. And he cannot: as discussed below, because Kates serves as an Assistant

---

[24] *Read v. Hsu*, No. 1:18-CV-662-RP, 2018 WL 10761921, at *2 (W.D. Tex. Nov. 13, 2018) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (2005)). *See also*, *Brinson v. McKeeman*, 992 F. Supp. 897, 908–09 (W.D. Tex. 1997) (dismissing claim as frivolous); *Arabzadegan v. McKeeman*, No. A-06-CA-297-LY, 2006 WL 1348202 (W.D. Tex. May 4, 2006) (dismissing claim as frivolous); *and Raines v. Sandling*, No. A-14-CA-496-SS, 2014 WL 2946656, at *6 (W.D. Tex. June 27, 2014) (dismissing claim as frivolous). *Accord Bilbrew v. Anderson*, No. CIV.A. H-05-1280, 2005 WL 3465731, at *1 (S.D. Tex. Dec. 15, 2005) (dismissing claim with prejudice as frivolous); *and Sparks v. Wilson*, No. 7:20-CV-030-O, 2023 WL 2763959, at *2 (N.D. Tex. Mar. 16, 2023) (dismissing claim as "legally frivolous").

[25] *See e.g.*, *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1570 (10th Cir. 1993) ("The Rule stated above, that there is no constitutional right to have someone else prosecuted or disciplined, includes the fact that the investigatory powers conferred by the Oklahoma Supreme Court's Rules were not established to serve the private purposes of grievants."); *Smith v. Shook*, 237 F.3d 1322, 1324–25 (11th Cir. 2001) (holding complainant lacked standing to challenge decision not to prosecute complainant's former attorney); *Mele v. State of Connecticut*, No. 3:06-CV-1571JCH, 2007 WL 484618, at *2 (D. Conn. Feb. 6, 2007) ("Research has revealed no cases finding a protected interest in having an attorney grievance investigated to the complainant's satisfaction. Courts considering the issue have held that the complainant has no right to compel any investigation."); *Carr v. Reed*, No. C07-5260RJB, 2007 WL 3274914, at *13 (W.D. Wash. Nov. 5, 2007) ("Federal courts have rejected claims that an individual's right to due process allows the individual to compel a state Bar disciplinary agency to institute or pursue citizen complaints."); *and In re Att'y Disciplinary Appeal*, 650 F.3d 202, 204–05 (2d Cir. 2011) ("While the Appellant has an interest in the Committee's disciplining of attorneys who engage in misconduct, that interest results only from the Appellant's status as a member of the public at large. Thus, the Appellant lacks standing to bring this appeal or to pursue mandamus relief").

[26] *McKeeman*, 2006 WL 1348202, at *2 (W.D. Tex. May 4, 2006) (*collecting cases*). *Accord Saier v. State Bar of Mich.*, 293 F.2d 756, 760 (6th Cir. 1961) ("In the final analysis, it is a judicial function to pass on the disbarment of a lawyer … the regulation and control of the practice of law was not a power that was delegated to the Federal government but remained in the states.").

Disciplinary Counsel for the Office of the CDC, she retains absolute and unqualified immunity from Plaintiff's suit pursuant to Texas Rule of Disciplinary Procedure Rule 17.09.[27]

Absent any state or federally protected interest to meet Article III's injury-in-fact requirement, Plaintiff lacks standing to bring this case. His claims against Kates should therefore be dismissed, like so many before his, as frivolous.

### 3. *Eleventh Amendment immunity bars Plaintiff's claims against Kates.*

As an Assistant Disciplinary Counsel ("ADC") for the Office of the CDC, a standing committee of the State Bar of Texas, Kates is entitled to Eleventh Amendment Immunity.[28] Generally, the Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state.[29] A plaintiff may not circumvent the Eleventh Amendment by suing a state official in her official capacity for damages because such a suit would pose a claim against the state treasury absent a waiver of sovereign immunity.[30] Plaintiff cites no such waiver.

Regarding declaratory and injunctive relief, in *Ex parte Young*,[31] the Supreme Court carved an exception into Eleventh Amendment immunity for claims against ongoing or threatened violations of

---

[27] *See Burch*, 2020 WL 830982, at *1 (citing *Crampton v. Farris*, No. 01-18-00432-CV, 2019 WL 6314900, at *4, 2019 Tex. App. LEXIS 10265 at *11 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019 no pet. h.) (mem. op.); *Laubach v. State Bar of Tex.*, No. 03-00-00282-CV, 2000 WL 1675701, at *1, 2000 Tex. App. LEXIS 7563 at *3-4 (Tex. App.—Austin Nov. 9, 2000, no pet.)).

[28] *See Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994)*; Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); *Beman v. Smith*, MO-07-CV-055, 2007 WL 9751723, at *3 (W.D. Tex. Aug. 10, 2007); and *Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986). *Cf. Clulow v. Oklahoma,* 700 F.2d 1291, 1298 (10th Cir. 1983) ("bar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions")).

[29] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

[30] *Green*, 27 F.3d at 1087. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam)).

[31] 209 U.S. 123 (1908).

federal law.[32] To use the *Ex Parte Young* exception, a plaintiff must demonstrate that the state officer has "some connection" with the enforcement of the disputed act.[33] The connection requirement exists to prevent litigants from misusing the exception.

While the Fifth Circuit has recently called into question whether this connection must amount to a special connection, or merely some connection to a disputed law or act, the court acknowledged that some scintilla of "enforcement" by the relevant state official must be present.[34] Although the precise scope has not been defined, the plaintiff at least must show the defendant has "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty."[35] That means the official must be "statutorily tasked with enforcing the challenged law."[36] Enforcement typically means "compulsion or constraint."[37] Here, Plaintiff cannot use the *Ex parte Young* exception because he fails to make any allegations against Kates beyond the conclusory, wholly unsupported amendments to his Original Complaint. And Kates's role as an ADC does not itself bring her under the ambit of the *Ex parte Young* exception to Eleventh Amendment Immunity.

Plaintiff cannot shoehorn Kates into this case based on her role as an ADC for the same reason he cannot demonstrate an injury-in-fact to establish standing: Plaintiff has no legally "cognizable interest in the procedures used to consider his bar grievance or in the ultimate outcome of the proceeding."[38] Because Plaintiff has no legally protectable interest in the prosecution of State

---

[32] *Id.*; *Green*, 27 F.3d at 1087.

[33] *See K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010).

[34] *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019).

[35] *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020); *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotation marks omitted).

[36] *In re Abbott*, 956 F.3d at 709.

[37] *K.P.*, 627 F.3d at 124.

[38] *Martinez v. State Bar of Texas*, 797 F. App' x. 167, 168 (5th Cir. 2020) (applying *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the

Bar grievances, as a matter of law, neither the manner nor thoroughness with which an ADC investigates a grievance can entitle Plaintiff to equitable relief under *Ex parte Young*. Even assuming an ADC's investigatory role demonstrates "some connection" to the later dismissal of a State Bar grievance, that connection cannot meet the *Ex parte Young* exception because, legally, no rule or law has been *enforced* against Plaintiff. Therefore, regardless of Plaintiff's failure to make any substantive allegations against Kates, she retains Eleventh Amendment immunity by virtue of her role as an ADC.

### 4. *Absolute immunity bars Plaintiff's state law claims against Kates.*

In relevant part, Texas Rule of Disciplinary Procedure Rule 17.09 provides absolute and unqualified immunity to the Commission for Lawyer Discipline ("CFLD"), the Chief Disciplinary Counsel ("CDC"), and staff members of the CDC's office for any conduct in the course of their official duties:

> All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant Disciplinary Counsel appointed by the Commission [for Lawyer Discipline] and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all officers and Directors of the State Bar, and the staff members of the aforementioned entities are immune from suit for any conduct in the course of their official duties. The immunity is *absolute and unqualified* and extends to all actions at law or in equity.
> —TEX. RULES DISCIPLINARY P. R. 17.09 (emphasis added).

Absolute immunity is a jurisdictional bar to suit.[39] The issue of immunity may be decided as a matter of law based on the lawsuit and any attachments thereto.[40] Recognizing the importance of the

---

prosecution or nonprosecution of another") and *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). *See also*, *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021), cert. denied, 212 L. Ed. 2d 791, 142 S. Ct. 2732 (2022) ("Supreme Court precedent makes clear that a citizen does not have standing to challenge the policies of the prosecuting authority unless she herself is prosecuted or threatened with prosecution.").

[39] *See Burch v. State Bar of Texas*, No. 07-19-00224-CV, 2020 WL 830982, at *1 (Tex. App.—Amarillo Feb. 19, 2020, pet. denied) (applying Rule 17.09 to grant plea of jurisdiction against complainant who sued the State Bar of Texas for dismissing his grievances).

[40] *See Austin Municipal Securities, Inc., et al.*, 757 F.2d 676, 691-92 (5th Cir. 1985) (finding that disciplinary officers had not waived their absolute immunity from suit).

disciplinary process, courts grant broad immunity to those involved in the process.[41] Absolute immunity protects even actions that a plaintiff could ultimately establish were in violation of law.[42]

Though Plaintiff makes no substantive allegations against Kates, even attributing the alleged actions of other ADCs to Kates does not defeat Rule 17.09's immunity shield. As an ADC, any actions taken by Kates with respect to Plaintiff's claims in this matter relate solely to attorney disciplinary proceedings and are afforded immunity under Rule 17.09. Plaintiff's bare-bones contention that Kates is not entitled to absolute immunity[43] fails to contend with Rule 17.09 and otherwise lacks legal support.

### 5. *Qualified Immunity bars Plaintiff's Individual Capacity Claims against Kates*

Similarly, Kates is entitled to qualified immunity against Plaintiff's individual-capacity claims against her. Qualified immunity is immunity from suit and not just a mere defense to liability and shields a defendant from the costs of trial and burdens of broad-reaching discovery.[44] The Supreme Court has stressed that qualified immunity must be decided at the earliest possible stage in litigation.[45] Further, the Fifth Circuit has long held that qualified immunity is to be resolved on the face of the pleadings and with limited resort to pre-trial discovery.[46]

The Fifth Circuit has emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged

---

[41] *Bishop v. State Bar of* Texas, 791 F.2d 435, 438 (5th Cir. 1986); *Diddel v. Davis*, Civil Action No. H-04-4811, 2006 WL 8444647 (S.D. Tex. Jan. 30, 2006).

[42] *Diddel*, 2006 WL 8444647 at *4, citing *DL Capital Group, LLC v. Nasdaq Stock Market, Inc.*, 409 F.3d 93, 95 (2d Cir. 2005).

[43] *See* DE 20 at 28-29 para 86.

[44] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

[45] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

[46] *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (citing *James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1990)).

conduct was proscribed by law at the time the official acted and under the circumstances the official acted.[47] Once a government official has asserted qualified immunity the burden shifts to the plaintiff to show that qualified immunity does not bar recovery.[48] In determining whether the plaintiff has successfully overcome qualified immunity, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all – prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right."[49] Next, the court must consider whether the defendant's conduct was nonetheless objectively reasonable in light of clearly established law.[50]

Here, the Court need not reach beyond the first consideration because under well-settled precedent, Plaintiff has no constitutional right in having his grievances investigated to his satisfaction.[51] Plaintiff may not run an end-around settled law by characterizing his claims as violations of his First or Fourteenth Amendment rights. Moreover, the Court need not consider whether Kates's conduct was reasonable because it cannot: Plaintiff makes no factual allegations describing Kates's conduct. He merely recites her name, among others, absent any supporting facts. Therefore, Plaintiff cannot meet his burden to show that qualified immunity bars his recovery against Kates.

**C. Plaintiff fails to state a claim for which relief can be granted.**

*1. Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. To avoid dismissal under Rule 12(b)(6), a plaintiff must plead

---

[47] *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000).

[48] *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992).

[49] *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted).

[50] *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

[51] *See* discussion above at Section III(B)(2).

sufficient facts to "state a claim to relief that is plausible on its face."[52] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[53] While courts must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[54]

Further, the Supreme Court has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[55] In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged.[56]

### 2. *Turnbull's assertions do not constitute any cognizable claim under 42. U.S.C. §1983.*

To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."[57] Because vicarious liability is inapplicable in § 1983 suits, the plaintiff must show "that each Government-official defendant, through his own individual actions, has violated the Constitution."[58] "Personal involvement is an essential element of

---

[52] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[53] *Id.*

[54] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); see also *Iqbal*, 556 U.S. at 679; *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

[55] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

[56] *Id.* at 678.

[57] *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000)).

[58] *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

a civil rights cause of action."[59] The Fifth Circuit has held that a plaintiff must specify the personal involvement of each defendant in a section 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory."[60] "[T]here must be an affirmative link between the incident and some act by the defendant."[61]

Plaintiff fails to establish the requisite "affirmative link" between the alleged violations of his rights and Kates first, because he has no constitutionally protectable interest in having his grievances investigated to his satisfaction,[62] and second because he makes no substantive allegations against Kates whatsoever. By failing to allege any right violated and failing to allege facts concerning Kates's involvement in the matters underlying this case, Plaintiff fails to state a plausible claim for relief. Even so, Plaintiff's constitutional claims may each be dismissed on an independent basis.

### A. Plaintiff's Equal Protection is barred by *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591 (2008).

Plaintiff asserts that Defendants violated his federal right to equal protection by dismissing his grievances against three attorneys while pursuing their own grievances against Paxton, Webster, and Powell. Because Plaintiff does not allege that he was discriminated against as a member of a suspect class (e.g., race, sex, or national origin), he brings his equal protection claim under a "class of one" theory. To state a cognizable "class of one" claim Plaintiff must allege facts showing (1) he has been

---

[59] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[60] *See Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992).

[61] *Rizzo*, 423 U.S. at 363; *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.").

[62] *See supra* Section III(B)(2) and footnotes 25-28 and 39.

15

intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment.[63]

In *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591 (2008), the Supreme Court disallowed class of one claims in the public employment context because personnel decisions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments."[64] The Court distinguished appropriate avenues for "class of one" claims as those in which there exists "a clear standard against which departures, even for a single plaintiff, could be readily assessed."[65] Federal courts have extended *Engquist* to other contexts involving discretionary decision making: a city's purchase of private services,[66] prosecutorial discretion;[67] and, public contract bidding.[68] The reasoning of *Enquist* and the cases extending its holding encompasses the exercise of discretion by CDC attorneys, like Kates, investigating a complaint. The Seventh Circuit's reasoning in *Moore* concerning prosecutorial discretion applies well in this context:

> "the discretion conferred on prosecutors in choosing whom and *how* to prosecute is flatly inconsistent with a presumption of uniform treatment. Indeed, in this context, there is no readily apparent standard against which departures can be assessed for arbitrariness. Therefore, a class-of-one equal protection challenge, at least where premised solely on arbitrariness/irrationality, is just as much a "poor fit" in the prosecutorial discretion context as in the public employment context. Accordingly, Moore's class-of-one challenge fails for this reason as well."[69]

---

[63] *See e.g., Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citing *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923); *and Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.*, 488 U.S. 336, 109 S.Ct. 633, 102 L.Ed.2d 688 (1989)).

[64] *Engquist*, 553 U.S. at 602.

[65] *Id.* (distinguishing *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000) (clear zoning standard) and (*Allegheny Pittsburgh Coal Co. v. Cnty. Comm'n of Webster Cnty., W. Va.*, 488 U.S. 336 (1989) (market value standard)).

[66] *Integrity Collision Center v. City of Fulshear*, 837 F.3d 581 (5th Cir. 2016).

[67] *United States v. Moore*, 543 F.3d 891 (7th Cir. 2008).

[68] *Douglas Asphalt v. Quore, Inc.* 541 F.3d 1269 (11th Cir. 2008).

[69] 543 F.3d 901 (emphasis added).

Similarly, the discretion conferred on CDC attorneys in choosing *how* to investigate a Complaint to determine whether Just Cause exists is inconsistent with a presumption of uniform treatment. Indeed, the decision whether to hold an Investigatory Hearing is wholly discretionary.[70] When investigating a Complaint, CDC attorneys are not acting in a regulatory or outward-facing capacity. The investigation is internal, discretionary, and confidential. As such, prior to a finding of Just Cause, a State Bar disciplinary proceeding is an inapt context for "class of one" equal protection claims. This Court should therefore dismiss Plaintiff's claim as barred under *Engquist*.

### B. Plaintiff fails to establish any element of a First Amendment retaliation claim.

Plaintiff claims Defendants retaliated against him for "exercising free expression" by filing grievances with the State Bar thereby causing Plaintiff "to suffer an injury that would chill the speech of a person or ordinary firmness from continuing to engage in filing Grievances under the Texas grievance process."[71]

The First Amendment "prohibits government officials from subjecting individuals to retaliatory actions after the fact for having engaged in protected speech."[72] Kates does not dispute that submitting a grievance to the State Bar is an exercise of free speech. However, "a plaintiff pursuing a First Amendment retaliation claim must show, among other things, that the government took an 'adverse action' in response to his speech that 'would not have been taken absent the retaliatory motive.'"[73]

---

[70] *See* Tex. R. Disciplinary P. Rules 5.02(c) (providing a Just Cause investigation *may include* an investigatory hearing); *accord* Tex. Gov. Code § 81.082 (empowering chief disciplinary counsel to develop a process for requesting investigatory hearing before a trial).

[71] DE 20 at 29 para 89-90.

[72] *Houston Cmty. Coll. Sys. v. Wilson,* 142 S. Ct. 1253, 1255 (2022) (quoting *Nieves v. Bartlett*, 139 S.Ct. 1715 at 1722 (2019) (cleaned up)).

[73] *Wilson,* 142 S. Ct. at 1255 (2022).

Plaintiff characterizes the "adverse action" taken against him as Defendants "dismissing [my] Grievances without any adequate justification … without a hearing and further examination … [and] without allowing [me] to testify."[74] Plaintiff argues these actions "would chill the speech of a person of ordinary firmness."[75] In fact, Plaintiff's own admissions in the Amended Complaint belie this assertion: Plaintiff alleges he filed at least four additional grievances after two Complaints were allegedly dismissed by a Summary Disposition Panel.[76] Yet, even assuming Plaintiff suffered an "adverse action," his allegations do not show Kates had a retaliatory motive or acted against Plaintiff because of it.[77]

Plaintiff's allegations of Defendants' animus against him as an unpopular lawyer, while imaginative, are wholly unsupported speculation. Plaintiff alleges no facts showing Kates, in particular, knew or cared about his profession or held any views about Plaintiff of any kind. And Plaintiff does not allege facts showing Kates had anything to do whatsoever with the investigation of his alleged complaints. Plaintiff's unsupported, threadbare allegations fail to establish any element required for a First Amendment retaliation claim, and should therefore be dismissed as frivolous.

D. State Law Claims

While the Court should dismiss Plaintiff's state law claims against Kates as barred under Rule 17.09 of the Texas Rules of Disciplinary Procedure, those claims may be independently dismissed for Plaintiff's failure to establish a legally protectable interest in prosecuting State Bar grievances and his failure to allege any facts showing Kates's personal or supervisory involvement in the matters underlying his state law claims. Finally, the Court may properly decline to extend its supplemental

---

[74] *See* DE 20 at 29-30 para 91-92.

[75] DE 20 at 30 para 93.

[76] *See generally*, DE 20 at 17-21.

[77] *See Wilson,* 142 S. Ct. at 1255 (2022).

jurisdiction over Plaintiff's state law claims under 28 USC 1367(a) for Plaintiff's lack of standing or immunities from suit, or for Plaintiff's own failure to state any federal claim for which relief may be granted.

### IV. CONCLUSION

WHEREFORE, Defendant Kates prays that this Court grant her motion to dismiss Plaintiff's lawsuit against her with prejudice as frivolous and that she be awarded her attorneys' fees under 42 U.S.C. § 1988. Kates further requests all additional relief to which she may be entitled.

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

_/s/ Richard Huntpalmer_

**RICHARD HUNTPALMER**
Assistant Disciplinary Counsel
State Bar No. 24097875

**ROYCE LEMOINE**
Deputy Counsel for Administration
State Bar No. 24026421

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:    (512) 427-1350
Facsimile:    (512) 427-4253
Email: Richard.Huntpalmer@texasbar.com
Email: Royce.lemoine@texasbar.com

ATTORNEYS FOR DEFENDANTS

Case 1:23-cv-00314-RP   Document 35   Filed 06/15/23   Page 20 of 20

## **CERTIFICATE OF SERVICE**

I, Richard Huntpalmer, certify that a true and correct copy of Defendant Kates's Amended Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on behalf of Amanda Kates, has been served via the Court's Electronic Case Files system on this 15th day of June 2023, and via electronic filing through EC/CMF addressed to all parties.

_____
Richard Huntpalmer