# APPENDIX

# EXHIBIT 1

## AFFIDAVIT OF JENNY HODGKINS

STATE OF TEXAS                          §
COUNTY OF TRAVIS                        §

Before me, the undersigned authority, personally appeared Jenny Hodgkins, and identified herself by her driver's license as the person whose name is subscribed to this instrument and acknowledged to me that she executed the same for purposes and consideration herein expressed, and who, being by me duly sworn, deposed as follows:

1. "My name is Jenny Hodgkins, I am of sound mind, over eighteen (18) years of age, competent to make this affidavit, and the following is within my personal knowledge. The facts state in this affidavit are true and correct.

2. I verify that all copies of documents referenced as Exhibits A, B, C, and D in the Appendix to Defendant Hodgkins's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are true and correct copies of the original documents.

3. The undersigned does not have any basis to believe that any party to this lawsuit questions the authenticity of the attached exhibits.

Further, Affiant sayeth not."


_Jenny H. Hodgkins_
Jenny Hodgkins

SWORN AND SUBSCRIBED before me on the ___20___ day of __June__, 2023.


TIFFANY CONIGLIO
My Notary ID # 134269922
Expires March 24, 2027

_____
Notary Public

PAGE 1

# EXHIBIT A

CHAIR
KELLI M. HINSON

VICE CHAIR
MICHAEL C. GROSS

MEMBERS
JESSICA Z. BARGER
JASON BOATRIGHT
GUY D. CHOATE
JOSEPH F. CLEVELAND, JR.
DAVID IGLESIAS
W.C. KIRKENDALL
RUDOLPH K. METAYER
WILLIAM W. OGDEN
COURTNEY C. SCHMITZ
NANCY J. STONE

EXECUTIVE DIRECTOR
& GENERAL COUNSEL
JENNY HODGKINS

DEPUTY DIRECTOR
& COUNSEL
MATTHEW J. GREER

EXECUTIVE ASSISTANT
JACKIE TRUITT

# THE BOARD OF DISCIPLINARY APPEALS

### APPOINTED BY THE SUPREME COURT OF TEXAS

July 22, 2022

Edward Randolph Turnbull
6525 Washington Ave.
Houston, TX  77007-2112

RE:  Disposition of Appeal Notice
Edward Randolph Turnbull  v. Mary Olga  Lovett
202202913; BODA Case No. 66788

Dear Mr. Turnbull:

On July 21, 2022, the Board of Disciplinary Appeals appointed by the Supreme Court of Texas considered your appeal from the dismissal of your grievance.  The Board is a separate body from the State Bar of Texas Chief Disciplinary Counsel who screened your grievance when you filed it.  After reviewing your grievance as you originally filed it and no other information, the Board has determined that the conduct you described in the grievance does not violate the Texas Disciplinary Rules of Professional Conduct or is otherwise not actionable under the Texas Rules of Disciplinary Procedure.  Therefore, the Board affirms the dismissal of your grievance.

This decision concludes your appeal, and the Board has closed its file.  The Board's decision is final.

Information concerning the disciplinary system, the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure are available at www.texasbar.com.  The Board's Internal Procedural Rules are available at www.txboda.org.

Very truly yours,

Jenny Hodgkins

Jenny Hodgkins
Executive Director & General Counsel

JH/jt

cc:  Mary Olga  Lovett

Office of the Chief Disciplinary Counsel
State Bar of Texas
PO Box 13287
Austin, TX 78711
(512) 427-1350
(877) 953-5535 toll free

# EXHIBIT B



**WEST WEBB
ALLBRITTON
& GENTRY**

**Gaines West**
Shareholder
gaines.west@westwebb.law

July 28, 2022

Jenny Hodgkins
Executive Director & General Counsel
The Board of Disciplinary Appeals
P.O. Box 12426
Austin, Texas 78711-2426

*Via Email: appeal@txboda.org
And CMRRR: 7021 2720 0001 4909 3782*

RE:   Disposition of Appeal Notice - Edward Randolph Turnbull v. Mary Olga Lovett
      202202913; BODA Case No. 66788 and Edward Randolph Turnbull v. Rene
      Trevino 202202914; BODA Case No. 66789

Ms. Hodgkins,

I represent the Complainants in this matter, Mr. Edward Turnbull and Turnbull Legal Group (collectively, "Mr. Turnbull"). Your July 22, 2022, letter notifying Mr. Turnbull that the Board of Disciplinary Appeals (BODA) affirmed the dismissal of his grievances and that "[t]he Board's decision is final" does not comply with requisite service requirements and directly violates the Texas Rules of Disciplinary Procedure (TRDP). Accordingly, I am writing this letter to ask that BODA reconsider its decision.

Mr. Turnbull has two distinct grievances pending against Mary Olga Lovett and Rena Trevino. On May 2, 2022, Mr. Turnbull filed a grievance against Lovett and Trevino based on their violations of Rules 1.04(b), 3.01, 3.02, 3.03(b)-(c), 3.04(c)(3), 3.04(c)(5); 4.01(a)-(b),4.04(a), and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct. On May 9, 2022, Mr. Turnbull filed a *second* grievance against Lovett and Trevino based on new facts, which revealed that Lovett and Trevino violated Rules 8.01(a)-(b); 8.04(a)(1); and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct. Again, and importantly, the grievances filed on May 2, 2022, and May 9, 2022, are two separate grievances *based on new and distinct facts* that are entirely separate from previous grievances filed by Mr. Turnbull against Lovett and Trevino.

On May 31, 2022, the Chief Disciplinary Counsel (CDC) dismissed Mr. Turnbull's grievances against Lovett and Trevino as an Inquiry. On June 30, 2022, Mr. Turnbull submitted his appeal of the CDC's determination, and requested an independent review of his grievances by BODA. Inexplicably, BODA has now dismissed Mr. Turnbull's grievances without considering that new facts were asserted and, even then, failed to afford him an opportunity to amend his grievances, all in violation of TRDP 2.10.

Pursuant to the Texas Rules of Disciplinary Procedure, because the Board of Disciplinary Appeals affirmed the Chief Disciplinary Counsel's classification as an Inquiry, Mr. Turnbull has

---

1515 Emerald Plaza, College Station, TX 77845  |  979.694.7000  |  westwebb.law

AUSTIN  |  BRYAN / COLLEGE STATION  |  FORT WORTH  |  TEMPLE  |  WACO

July 28, 2022
Page 2

a right to amend his grievances. As such, I am asking the Board of Disciplinary Appeals to reconsider its decision, follow the TDRP, and render a new decision allowing Mr. Turnbull to amend his grievances.

Sincerely,

Gaines West

GW/lr

# EXHIBIT C

CHAIR
  KELLI M. HINSON

VICE CHAIR
  MICHAEL C. GROSS

MEMBERS
  JESSICA Z. BARGER
  JASON BOATRIGHT
  GUY D. CHOATE
  JOSEPH F. CLEVELAND, JR.
  DAVID IGLESIAS
  W.C. KIRKENDALL
  RUDOLPH K. METAYER
  WILLIAM W. OGDEN
  COURTNEY C. SCHMITZ
  NANCY J. STONE

EXECUTIVE DIRECTOR
& GENERAL COUNSEL
JENNY HODGKINS

DEPUTY DIRECTOR
& COUNSEL
MATTHEW J. GREER

EXECUTIVE ASSISTANT
JACKIE TRUITT

## THE BOARD OF DISCIPLINARY APPEALS

### APPOINTED BY THE SUPREME COURT OF TEXAS

August 3, 2022

Gaines West
West Webb Allbritton & Gentry
1515 Emerald Plaza
College Station, TX 77845
Gaines.west@westwebb.law

RE:   Your letter received July 29, 2022

Dear Mr. West,

I have received your letter of July 28, 2022 regarding the disposition of two classification appeals: BODA Case No. 66788, *Edward Randolph Turnbull v. Mary Olga Lovett*, and BODA Case No. 66789, *Edward Randolph Turnbull v. Rene Trevino*. You reference the statement in my letters of July 22, 2022 that "[t]he Board's decision is final" and ask that the Board reconsider its decisions and render new decisions allowing the complainant to amend his grievances.

As you are aware, when an appeal challenges the classification of a grievance as an inquiry, the Board receives from the Office of the Chief Disciplinary Counsel (CDC) a copy of the grievance and all supporting documentation. BODA INTERNAL PROCEDURAL RULE 3.02. In deciding the appeal, the Board may consider only those documents that were filed with the CDC prior to the classification decision. *Id.* When the Board affirms a dismissal based on review of the grievance and supporting documents that were before the CDC, the decision as to that appeal is final. BODA INTERNAL PROCEDURAL RULE 10.01(A). As stated in Texas Rule of Disciplinary Procedure 7.11, "[d]eterminations by the Board of Disciplinary Appeals that a statement constitutes an Inquiry . . . are conclusive, and may not be appealed to the Supreme Court."

You are correct that the Texas Rules of Disciplinary Procedure provide an opportunity for complainants to amend grievances under certain circumstances. TEXAS RULES DISCIPLINARY P. R. 2.10(A); *see also* TEX. GOV'T CODE § 81.073(b). In deciding classification appeals, the Board makes no determination as to whether a grievance may be amended. The Board's decision regarding classification is based on the record as forwarded by the CDC, and the finality of that decision has no bearing on whether a complainant may amend the grievance to present additional information and documentation. In fact, when a grievance is amended and resubmitted, the CDC assigns the amended grievance a new case number, and any appeals are then assigned a new case number by BODA.

For questions about whether a particular complainant may amend a grievance, you should consult the relevant rules and direct any questions to the CDC.

Best regards,

Jenny Hodgkins
Executive Director & General Counsel

Cc:    Royce LeMoine
       Deputy Counsel of Administration
       Office of the Chief Disciplinary Counsel
       State Bar of Texas
       PO Box 13287
       Austin, TX 78711
       Royce.lemoine@texasbar.com

# EXHIBIT D


**WEST WEBB**
**ALLBRITTON**
**& GENTRY**

**Gaines West**
Shareholder
gaines.west@westwebb.law

August 9, 2022

Jenny Hodgkins                                    jenny.hodgkins@txboda.org
Executive Director & General Counsel
The Board of Disciplinary Appeals
P.O. Box 12426
Austin, Texas 78711-2426

RE:    BODA Case Numbers: 6678 & 6679

Dear Ms. Hodgkins:

Thank you for your letter dated August 3, 2022.

After a close reading of your letter I can only conclude that you conflate BODA Internal Procedural Rules with TDRP 2.10 to frame my request in a way for you to deny my client the relief you believe I have requested for him.

In sum, you have way over complicated the issue at hand. My request, and previous letter to the Board, was simply seeking appellate review before BODA of the classification decisions made by the CDC for grievance numbers: 202209213 and 202209214. I never intended to set up a situation in which I could appeal such a BODA ruling to the Texas Supreme Court. You must know, with my background and experience, I would not seek such a remedy since nowhere in our rules does it allow for such an appeal.

Despite the confusion your response creates, I will simply follow TRDP 2.10. As such, I too will then presume that in fact BODA's action on my client's appeal was not final, as you have written, but instead simply a signal that my client {pursuant to TDRP 2.10} may amend his grievance by the 20th day after BODA's turndown of CDC's classification appeal. Should the CDC again turn away my client's amended grievance, he will once again {as TDRP 2.10 allows} appeal to BODA. If BODA then refuses to overturn the CDC decision on their classification decision, that decision by BODA will indeed be a final one.

My goal for my client, pursuant to the Abstention Doctrine, despite your confusing instructions in your letter to me, is to fully and finally exhaust my client's administrative remedies.

August 9, 2022
Page 2

Thank you for your attention to this matter.

Sincerely,

Gaines West

GW:lr

cc:     Royce LeMoine                              Royce.lemoine@texasbar.com
        Deputy Counsel of Administration
        Office of the Chief Disciplinary Counsel
        State Bar of Texas
        PO Box 13287
        Austin, Texas 78711

# EXHIBIT 2

# INTERNAL PROCEDURAL RULES

## BOARD OF DISCIPLINARY APPEALS

*Current through August 27, 2021*

## Contents

**I. GENERAL PROVISIONS** ...................................................................................................................... 1

    Rule 1.01. Definitions ................................................................................................................................. 1

    Rule 1.02. General Powers ........................................................................................................................ 1

    Rule 1.03. Additional Rules in Disciplinary Matters ............................................................................... 1

    Rule 1.04. Appointment of Panels ............................................................................................................. 1

    Rule 1.05. Filing of Pleadings, Motions, and Other Papers ..................................................................... 1

    Rule 1.06. Service of Petition .................................................................................................................... 2

    Rule 1.07. Hearing Setting and Notice ...................................................................................................... 2

    Rule 1.08. Time to Answer ........................................................................................................................ 2

    Rule 1.09. Pretrial Procedure .................................................................................................................... 2

    Rule 1.10. Decisions .................................................................................................................................. 3

    Rule 1.11. Board of Disciplinary Appeals Opinions ................................................................................ 3

    Rule 1.12. BODA Work Product and Drafts ............................................................................................ 3

    Rule 1.13. Record Retention ...................................................................................................................... 3

    Rule 1.14. Costs of Reproduction of Records ........................................................................................... 3

    Rule 1.15. Publication of These Rules ....................................................................................................... 3

**II. ETHICAL CONSIDERATIONS** ........................................................................................................... 3

    Rule 2.01. Representing or Counseling Parties in Disciplinary Matters and Legal Malpractice Cases ............ 3

    Rule 2.02. Confidentiality .......................................................................................................................... 4

    Rule 2.03. Disqualification and Recusal of BODA Members ................................................................... 4

**III. CLASSIFICATION APPEALS** ........................................................................................................... 4

    Rule 3.01. Notice of Right to Appeal ........................................................................................................ 4

    Rule 3.02. Record on Appeal ..................................................................................................................... 4

**IV. APPEALS FROM EVIDENTIARY PANEL HEARINGS** .................................................................. 4

    Rule 4.01. Perfecting Appeal ..................................................................................................................... 4

    Rule 4.02. Record on Appeal ..................................................................................................................... 5

    Rule 4.03. Time to File Record .................................................................................................................. 6

    Rule 4.04. Copies of the Record ................................................................................................................ 6

    Rule 4.05. Requisites of Briefs .................................................................................................................. 6

    Rule 4.06. Oral Argument .......................................................................................................................... 7

    Rule 4.07. Decision and Judgment ............................................................................................................ 7

    Rule 4.08. Appointment of Statewide Grievance Committee .................................................................... 8

    Rule 4.09. Involuntary Dismissal .............................................................................................................. 8

**V. PETITIONS TO REVOKE PROBATION** ............................................................................................ 8

    Rule 5.01. Initiation and Service ............................................................................................................... 8

    Rule 5.02. Hearing ..................................................................................................................................... 8

**VI. COMPULSORY DISCIPLINE** ............................................................................................... **8**

Rule 6.01. Initiation of Proceeding ............................................................................................... 8

Rule 6.02. Interlocutory Suspension ............................................................................................. 8

**VII. RECIPROCAL DISCIPLINE** ............................................................................................... **9**

Rule 7.01. Initiation of Proceeding ............................................................................................... 9

Rule 7.02. Order to Show Cause ................................................................................................... 9

Rule 7.03. Attorney's Response .................................................................................................... 9

**VIII. DISTRICT DISABILITY COMMITTEE HEARINGS** ......................................................... **9**

Rule 8.01. Appointment of District Disability Committee .......................................................... 9

Rule 8.02. Petition and Answer .................................................................................................... 9

Rule 8.03. Discovery ..................................................................................................................... 9

Rule 8.04. Ability to Compel Attendance .................................................................................... 10

Rule 8.05. Respondent's Right to Counsel ................................................................................... 10

Rule 8.06. Hearing ........................................................................................................................ 10

Rule 8.07. Notice of Decision ...................................................................................................... 10

Rule 8.08. Confidentiality ............................................................................................................. 10

**IX. DISABILITY REINSTATEMENTS** ....................................................................................... **10**

Rule 9.01. Petition for Reinstatement ........................................................................................... 10

Rule 9.02. Discovery ..................................................................................................................... 10

Rule 9.03. Physical or Mental Examinations ............................................................................... 10

Rule 9.04. Judgment ...................................................................................................................... 10

**X. APPEALS FROM BODA TO THE SUPREME COURT OF TEXAS** ..................................... **11**

Rule 10.01. Appeals to the Supreme Court .................................................................................. 11

# INTERNAL PROCEDURAL RULES
## Board of Disciplinary Appeals

*Current through June 21, 2018*

## I. GENERAL PROVISIONS

### Rule 1.01. Definitions

(a) "BODA" is the Board of Disciplinary Appeals.

(b) "Chair" is the member elected by BODA to serve as chair or, in the Chair's absence, the member elected by BODA to serve as vice-chair.

(c) "Classification" is the determination by the CDC under TRDP 2.10 or by BODA under TRDP 7.08(C) whether a grievance constitutes a "complaint" or an "inquiry."

(d) "BODA Clerk" is the executive director of BODA or other person appointed by BODA to assume all duties normally performed by the clerk of a court.

(e) "CDC" is the Chief Disciplinary Counsel for the State Bar of Texas and his or her assistants.

(f) "Commission" is the Commission for Lawyer Discipline, a permanent committee of the State Bar of Texas.

(g) "Executive Director" is the executive director of BODA.

(h) "Panel" is any three-member grouping of BODA under TRDP 7.05.

(i) "Party" is a Complainant, a Respondent, or the Commission.

(j) "TDRPC" is the Texas Disciplinary Rules of Professional Conduct.

(k) "TRAP" is the Texas Rules of Appellate Procedure.

(l) "TRCP" is the Texas Rules of Civil Procedure.

(m) "TRDP" is the Texas Rules of Disciplinary Procedure.

(n) "TRE" is the Texas Rules of Evidence.

### Rule 1.02. General Powers

Under TRDP 7.08, BODA has and may exercise all the powers of either a trial court or an appellate court, as the case may be, in hearing and determining disciplinary proceedings. But TRDP 15.01 [17.01] applies to the enforcement of a judgment of BODA.

### Rule 1.03. Additional Rules in Disciplinary Matters

Except as varied by these rules and to the extent applicable, the TRCP, TRAP, and TRE apply to all disciplinary matters before BODA, except for appeals from classification decisions, which are governed by TRDP 2.10 and by Section 3 of these rules.

### Rule 1.04. Appointment of Panels

(a) BODA may consider any matter or motion by panel,

except as specified in (b). The Chair may delegate to the Executive Director the duty to appoint a panel for any BODA action. Decisions are made by a majority vote of the panel; however, any panel member may refer a matter for consideration by BODA sitting en banc. Nothing in these rules gives a party the right to be heard by BODA sitting en banc.

(b) Any disciplinary matter naming a BODA member as Respondent must be considered by BODA sitting en banc. A disciplinary matter naming a BODA staff member as Respondent need not be heard en banc.

(c) BODA may, upon decision of the Chair, conduct any business or proceedings—including any hearing, pretrial conference, or consideration of any matter or motion—remotely.

### Rule 1.05. Filing of Pleadings, Motions, and Other Papers

(a) **Electronic Filing.** All documents must be filed electronically. Unrepresented persons or those without the means to file electronically may electronically file documents, but it is not required.

(1) Email Address. The email address of an attorney or an unrepresented party who electronically files a document must be included on the document.

(2) Timely Filing. Documents are filed electronically by emailing the document to the BODA Clerk at the email address designated by BODA for that purpose. A document filed by email will be considered filed the day that the email is sent. The date sent is the date shown for the message in the inbox of the email account designated for receiving filings. If a document is sent after 5:00 p.m. or on a weekend or holiday officially observed by the State of Texas, it is considered filed the next business day.

(3) It is the responsibility of the party filing a document by email to obtain the correct email address for BODA and to confirm that the document was received by BODA in legible form. Any document that is illegible or that cannot be opened as part of an email attachment will not be considered filed. If a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from BODA.

(4) Exceptions.

(i) An appeal to BODA of a decision by the CDC to classify a grievance as an inquiry is not required to be filed electronically.

(ii) The following documents must not be filed electronically:

a) documents that are filed under seal or subject to a pending motion to seal; and

b) documents to which access is otherwise restricted by court order.

(iii) For good cause, BODA may permit a party to file other documents in paper form in a particular case.

(5) Format. An electronically filed document must:

(i) be in text-searchable portable document format (PDF);

(ii) be directly converted to PDF rather than scanned, if possible; and

(iii) not be locked.

(b) A paper will not be deemed filed if it is sent to an individual BODA member or to another address other than the address designated by BODA under Rule 1.05(a)(2).

(c) **Signing.** Each brief, motion, or other paper filed must be signed by at least one attorney for the party or by the party pro se and must give the State Bar of Texas card number, mailing address, telephone number, email address, and fax number, if any, of each attorney whose name is signed or of the party (if applicable). A document is considered signed if the document includes:

(1) an "/s/" and name typed in the space where the signature would otherwise appear, unless the document is notarized or sworn; or

(2) an electronic image or scanned image of the signature.

(d) **Paper Copies.** Unless required by BODA, a party need not file a paper copy of an electronically filed document.

(e) **Service.** Copies of all documents filed by any party other than the record filed by the evidentiary panel clerk or the court reporter must, at or before the time of filing, be served on all other parties as required and authorized by the TRAP.

### Rule 1.06. Service of Petition

In any disciplinary proceeding before BODA initiated by service of a petition on the Respondent, the petition must be served by personal service; by certified mail with return receipt requested; or, if permitted by BODA, in any other manner that is authorized by the TRCP and reasonably calculated under all the circumstances to apprise the Respondent of the proceeding and to give him or her reasonable time to appear and answer. To establish service by certified mail, the return receipt must contain the Respondent's signature.

### Rule 1.07. Hearing Setting and Notice

(a) **Original Petitions.** In any kind of case initiated by the CDC's filing a petition or motion with BODA, the CDC may contact the BODA Clerk for the next regularly available hearing date before filing the original petition. If a hearing is set before the petition is filed, the petition must state the date, time, and place of the hearing. Except in the case of a petition to revoke probation under TRDP 2.23 [2.22], the hearing date must be at least 30 days from the date that the petition is served on the Respondent.

(b) **Expedited Settings.** If a party desires a hearing on a matter on a date earlier than the next regularly available BODA hearing date, the party may request an expedited setting in a written motion setting out the reasons for the request. Unless the parties agree otherwise, and except in the case of a petition to revoke probation under TRDP 2.23 [2.22], the expedited hearing setting must be at least 30 days from the date of service of the petition, motion, or other pleading. BODA has the sole discretion to grant or deny a request for an expedited hearing date.

(c) **Setting Notices.** BODA must notify the parties of any hearing date that is not noticed in an original petition or motion.

(d) **Announcement Docket.** Attorneys and parties appearing before BODA must confirm their presence and present any questions regarding procedure to the BODA Clerk in the courtroom immediately prior to the time docket call is scheduled to begin. Each party with a matter on the docket must appear at the docket call to give an announcement of readiness, to give a time estimate for the hearing, and to present any preliminary motions or matters. Immediately following the docket call, the Chair will set and announce the order of cases to be heard.

### Rule 1.08. Time to Answer

The Respondent may file an answer at any time, except where expressly provided otherwise by these rules or the TRDP, or when an answer date has been set by prior order of BODA. BODA may, but is not required to, consider an answer filed the day of the hearing.

### Rule 1.09. Pretrial Procedure

(a) **Motions.**

(1) Generally. To request an order or other relief, a party must file a motion supported by sufficient cause with proof of service on all other parties. The motion must state with particularity the grounds on which it is based and set forth the relief sought. All supporting briefs, affidavits, or other documents must be served and filed with the motion. A party may file a response to a motion at any time before BODA rules on the motion or by any deadline set by BODA. Unless otherwise required by these rules or the TRDP, the form of a motion must comply with the TRCP or the TRAP.

(2) For Extension of Time. All motions for extension of time in any matter before BODA must be in writing, comply with (a)(1), and specify the following:

(i) if applicable, the date of notice of decision of the evidentiary panel, together with the number and style of the case;

(ii) if an appeal has been perfected, the date when the appeal was perfected;

(iii) the original deadline for filing the item in question;

(iv) the length of time requested for the extension;

(v) the number of extensions of time that have been granted previously regarding the item in question; and

(vi) the facts relied on to reasonably explain the need for an extension.

(b) **Pretrial Scheduling Conference.** Any party may request a pretrial scheduling conference, or BODA on its own motion may require a pretrial scheduling conference.

(c) **Trial Briefs.** In any disciplinary proceeding before BODA, except with leave, all trial briefs and memoranda must be filed with the BODA Clerk no later than ten days before the day of the hearing.

(d) **Hearing Exhibits, Witness Lists, and Exhibits Tendered for Argument.** A party may file a witness list, exhibit, or any other document to be used at a hearing or oral argument before the hearing or argument. A party must bring to the hearing an original and 12 copies of any document that was not filed at least one business day before the hearing. The original and copies must be:

(1) marked;

(2) indexed with the title or description of the item offered as an exhibit; and

(3) if voluminous, bound to lie flat when open and tabbed in accordance with the index.

All documents must be marked and provided to the opposing party before the hearing or argument begins.

### Rule 1.10. Decisions

(a) **Notice of Decisions.** The BODA Clerk must give notice of all decisions and opinions to the parties or their attorneys of record.

(b) **Publication of Decisions.** BODA must report judgments or orders of public discipline:

(1) as required by the TRDP; and

(2) on its website for a period of at least ten years following the date of the disciplinary judgment or order.

(c) **Abstracts of Classification Appeals.** BODA may, in its discretion, prepare an abstract of a classification appeal for a public reporting service.

### Rule 1.11. Board of Disciplinary Appeals Opinions

(a) BODA may render judgment in any disciplinary matter with or without written opinion. In accordance with TRDP 6.06, all written opinions of BODA are open to the public and must be made available to the public reporting services, print or electronic, for publishing. A majority of the members who participate in considering the disciplinary matter must determine if an opinion will be written. The names of the participating members must be noted on all written opinions of BODA.

(b) Only a BODA member who participated in the decision of a disciplinary matter may file or join in a written opinion concurring in or dissenting from the judgment of BODA. For purposes of this rule, in hearings in which evidence is taken, no member may participate in the decision unless that member was present at the hearing. In all other proceedings, no member may participate unless that member has reviewed the record. Any member of BODA may file a written opinion in connection with the denial of a hearing or rehearing en banc.

(c) A BODA determination in an appeal from a grievance classification decision under TRDP 2.10 is not a judgment for purposes of this rule and may be issued without a written opinion.

### Rule 1.12. BODA Work Product and Drafts

A document or record of any nature—regardless of its form, characteristics, or means of transmission—that is created or produced in connection with or related to BODA's adjudicative decision-making process is not subject to disclosure or discovery. This includes documents prepared by any BODA member, BODA staff, or any other person acting on behalf of or at the direction of BODA.

### Rule 1.13. Record Retention

Records of appeals from classification decisions must be retained by the BODA Clerk for a period of at least three years from the date of disposition. Records of other disciplinary matters must be retained for a period of at least five years from the date of final judgment, or for at least one year after the date a suspension or disbarment ends, whichever is later. For purposes of this rule, a record is any document, paper, letter, map, book, tape, photograph, film, recording, or other material filed with BODA, regardless of its form, characteristics, or means of transmission.

### Rule 1.14. Costs of Reproduction of Records

The BODA Clerk may charge a reasonable amount for the reproduction of nonconfidential records filed with BODA. The fee must be paid in advance to the BODA Clerk.

### Rule 1.15. Publication of These Rules

These rules will be published as part of the TDRPC and TRDP.

## II. ETHICAL CONSIDERATIONS

### Rule 2.01. Representing or Counseling Parties in Disciplinary Matters and Legal Malpractice Cases

(a) A current member of BODA must not represent a party or testify voluntarily in a disciplinary action or proceeding. Any BODA member who is subpoenaed or otherwise compelled to appear at a disciplinary action or proceeding, including at a deposition, must promptly notify the BODA Chair.

(b) A current BODA member must not serve as an expert witness on the TDRPC.

(c) A BODA member may represent a party in a legal

malpractice case, provided that he or she is later recused in accordance with these rules from any proceeding before BODA arising out of the same facts.

### Rule 2.02. Confidentiality

(a) BODA deliberations are confidential, must not be disclosed by BODA members or staff, and are not subject to disclosure or discovery.

(b) Classification appeals, appeals from evidentiary judgments of private reprimand, appeals from an evidentiary judgment dismissing a case, interlocutory appeals or any interim proceedings from an ongoing evidentiary case, and disability cases are confidential under the TRDP. BODA must maintain all records associated with these cases as confidential, subject to disclosure only as provided in the TRDP and these rules.

(c) If a member of BODA is subpoenaed or otherwise compelled by law to testify in any proceeding, the member must not disclose a matter that was discussed in conference in connection with a disciplinary case unless the member is required to do so by a court of competent jurisdiction

### Rule 2.03. Disqualification and Recusal of BODA Members

(a) BODA members are subject to disqualification and recusal as provided in TRCP 18b.

(b) BODA members may, in addition to recusals under (a), voluntarily recuse themselves from any discussion and voting for any reason. The reasons that a BODA member is recused from a case are not subject to discovery.

(c) These rules do not disqualify a lawyer who is a member of, or associated with, the law firm of a BODA member from serving on a grievance committee or representing a party in a disciplinary proceeding or legal malpractice case. But a BODA member must recuse himor herself from any matter in which a lawyer who is a member of, or associated with, the BODA member's firm is a party or represents a party.

## III. CLASSIFICATION APPEALS

### Rule 3.01. Notice of Right to Appeal

(a) If a grievance filed by the Complainant under TRDP 2.10 is classified as an inquiry, the CDC must notify the Complainant of his or her right to appeal as set out in TRDP 2.10 or another applicable rule.

(b) To facilitate the potential filing of an appeal of a grievance classified as an inquiry, the CDC must send the Complainant an appeal notice form, approved by BODA, with the classification disposition. The form must include the docket number of the matter; the deadline for appealing; and information for mailing, faxing, or emailing the appeal notice form to BODA. The appeal notice form must be available in English and Spanish.

### Rule 3.02. Record on Appeal

BODA must only consider documents that were filed with the CDC prior to the classification decision. When a notice of appeal from a classification decision has been filed, the CDC must forward to BODA a copy of the grievance and all supporting documentation. If the appeal challenges the classification of an amended grievance, the CDC must also send BODA a copy of the initial grievance, unless it has been destroyed.

## IV. APPEALS FROM EVIDENTIARY PANEL HEARINGS

### Rule 4.01. Perfecting Appeal

(a) **Appellate Timetable.** The date that the evidentiary judgment is signed starts the appellate timetable under this section. To make TRDP 2.21 [2.20] consistent with this requirement, the date that the judgment is signed is the "date of notice" under Rule [TRDP] 2.21 [2.20].

(b) **Notification of the Evidentiary Judgment.** The clerk of the evidentiary panel must notify the parties of the judgment as set out in TRDP 2.21 [2.20].

(1) The evidentiary panel clerk must notify the Commission and the Respondent in writing of the judgment. The notice must contain a clear statement that any appeal of the judgment must be filed with BODA within 30 days of the date that the judgment was signed. The notice must include a copy of the judgment rendered.

(2) The evidentiary panel clerk must notify the Complainant that a judgment has been rendered and provide a copy of the judgment, unless the evidentiary panel dismissed the case or imposed a private reprimand. In the case of a dismissal or private reprimand, the evidentiary panel clerk must notify the Complainant of the decision and that the contents of the judgment are confidential. Under TRDP 2.16, no additional information regarding the contents of a judgment of dismissal or private reprimand may be disclosed to the Complainant.

(c) **Filing Notice of Appeal.** An appeal is perfected when a written notice of appeal is filed with BODA. If a notice of appeal and any other accompanying documents are mistakenly filed with the evidentiary panel clerk, the notice is deemed to have been filed the same day with BODA, and the evidentiary panel clerk must immediately send the BODA Clerk a copy of the notice and any accompanying documents.

(d) **Time to File.** In accordance with TRDP 2.24 [2.23], the notice of appeal must be filed within 30 days after the date the judgment is signed. In the event a motion for new trial or motion to modify the judgment is timely filed with the evidentiary panel, the notice of appeal must be filed with BODA within 90 days from the date the judgment is signed.

(e) **Extension of Time.** A motion for an extension of time to file the notice of appeal must be filed no later than 15 days after the last day allowed for filing the notice of appeal. The motion must comply with Rule 1.09.

**Rule 4.02. Record on Appeal**

(a) **Contents.** The record on appeal consists of the evidentiary panel clerk's record and, where necessary to the appeal, a reporter's record of the evidentiary panel hearing.

(b) **Stipulation as to Record.** The parties may designate parts of the clerk's record and the reporter's record to be included in the record on appeal by written stipulation filed with the clerk of the evidentiary panel.

(c) **Responsibility for Filing Record.**

(1) Clerk's Record.

(i) After receiving notice that an appeal has been filed, the clerk of the evidentiary panel is responsible for preparing, certifying, and timely filing the clerk's record.

(ii) Unless the parties stipulate otherwise, the clerk's record on appeal must contain the items listed in TRAP 34.5(a) and any other paper on file with the evidentiary panel, including the election letter, all pleadings on which the hearing was held, the docket sheet, the evidentiary panel's charge, any findings of fact and conclusions of law, all other pleadings, the judgment or other orders appealed from, the notice of decision sent to each party, any postsubmission pleadings and briefs, and the notice of appeal.

(iii) If the clerk of the evidentiary panel is unable for any reason to prepare and transmit the clerk's record by the due date, he or she must promptly notify BODA and the parties, explain why the clerk's record cannot be timely filed, and give the date by which he or she expects the clerk's record to be filed.

(2) Reporter's Record.

(i) The court reporter for the evidentiary panel is responsible for timely filing the reporter's record if:

a) a notice of appeal has been filed;

b) a party has requested that all or part of the reporter's record be prepared; and

c) the party requesting all or part of the reporter's record has paid the reporter's fee or has made satisfactory arrangements with the reporter.

(ii) If the court reporter is unable for any reason to prepare and transmit the reporter's record by the due date, he or she must promptly notify BODA and the parties, explain the reasons why the reporter's record cannot be timely filed, and give the date by which he or she expects the reporter's record to be filed.

(d) **Preparation of Clerk's Record.**

(1) To prepare the clerk's record, the evidentiary panel clerk must:

(i) gather the documents designated by the parties' written stipulation or, if no stipulation was filed, the documents required under (c)(1)(ii);

(ii) start each document on a new page;

(iii) include the date of filing on each document;

(iv) arrange the documents in chronological order, either by the date of filing or the date of occurrence;

(v) number the pages of the clerk's record in the manner required by (d)(2);

(vi) prepare and include, after the front cover of the clerk's record, a detailed table of contents that complies with (d)(3); and

(vii) certify the clerk's record.

(2) The clerk must start the page numbering on the front cover of the first volume of the clerk's record and continue to number all pages consecutively—including the front and back covers, tables of contents, certification page, and separator pages, if any—until the final page of the clerk's record, without regard for the number of volumes in the clerk's record, and place each page number at the bottom of each page.

(3) The table of contents must:

(i) identify each document in the entire record (including sealed documents); the date each document was filed; and, except for sealed documents, the page on which each document begins;

(ii) be double-spaced;

(iii) conform to the order in which documents appear in the clerk's record, rather than in alphabetical order;

(iv) contain bookmarks linking each description in the table of contents (except for descriptions of sealed documents) to the page on which the document begins; and

(v) if the record consists of multiple volumes, indicate the page on which each volume begins.

(e) **Electronic Filing of the Clerk's Record.** The evidentiary panel clerk must file the record electronically. When filing a clerk's record in electronic form, the evidentiary panel clerk must:

(1) file each computer file in text-searchable Portable Document Format (PDF);

(2) create electronic bookmarks to mark the first page of each document in the clerk's record;

(3) limit the size of each computer file to 100 MB or less, if possible; and

(4) directly convert, rather than scan, the record to PDF, if possible.

(f) **Preparation of the Reporter's Record.**

(1) The appellant, at or before the time prescribed for perfecting the appeal, must make a written request for the reporter's record to the court reporter for the evidentiary panel. The request must designate the portion of the evidence and other proceedings to be included. A copy of the request must be filed with the evidentiary panel and BODA and must be served on the appellee. The reporter's record must be certified by the court reporter for the evidentiary panel.

(2) The court reporter or recorder must prepare and file the reporter's record in accordance with TRAP 34.6 and 35 and the Uniform Format Manual for Texas Reporters' Records.

(3) The court reporter or recorder must file the reporter's record in an electronic format by emailing the document to the email address designated by BODA for that purpose.

(4) The court reporter or recorder must include either a scanned image of any required signature or "/s/" and name typed in the space where the signature would otherwise

(6¹) In exhibit volumes, the court reporter or recorder must create bookmarks to mark the first page of each exhibit document.

(g) **Other Requests.** At any time before the clerk's record is prepared, or within ten days after service of a copy of appellant's request for the reporter's record, any party may file a written designation requesting that additional exhibits and portions of testimony be included in the record. The request must be filed with the evidentiary panel and BODA and must be served on the other party.

(h) **Inaccuracies or Defects.** If the clerk's record is found to be defective or inaccurate, the BODA Clerk must inform the clerk of the evidentiary panel of the defect or inaccuracy and instruct the clerk to make the correction. Any inaccuracies in the reporter's record may be corrected by agreement of the parties without the court reporter's recertification. Any dispute regarding the reporter's record that the parties are unable to resolve by agreement must be resolved by the evidentiary panel.

(i) **Appeal from Private Reprimand.** Under TRDP 2.16, in an appeal from a judgment of private reprimand, BODA must mark the record as confidential, remove the attorney's name from the case style, and take any other steps necessary to preserve the confidentiality of the private reprimand.

¹ So in original.

**Rule 4.03. Time to File Record**

(a) **Timetable.** The clerk's record and reporter's record must be filed within 60 days after the date the judgment is signed. If a motion for new trial or motion to modify the judgment is filed with the evidentiary panel, the clerk's record and the reporter's record must be filed within 120 days from the date the original judgment is signed, unless a modified judgment is signed, in which case the clerk's record and the reporter's record must be filed within 60 days of the signing of the modified judgment. Failure to file either the clerk's record or the reporter's record on time does not affect BODA's jurisdiction, but may result in BODA's exercising its discretion to dismiss the appeal, affirm the judgment appealed from, disregard materials filed late, or apply presumptions against the appellant.

(b) **If No Record Filed.**

(1) If the clerk's record or reporter's record has not been timely filed, the BODA Clerk must send notice to the party responsible for filing it, stating that the record is late and requesting that the record be filed within 30 days. The BODA Clerk must send a copy of this notice to all the parties and the clerk of the evidentiary panel.

(2) If no reporter's record is filed due to appellant's fault, and if the clerk's record has been filed, BODA may, after first giving the appellant notice and a reasonable opportunity to cure, consider and decide those issues or points that do not require a reporter's record for a decision. BODA may do this if no reporter's record has been filed because:

(i) the appellant failed to request a reporter's record; or

(ii) the appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record, and the appellant is not entitled to proceed without payment of costs.

(c) **Extension of Time to File the Reporter's Record.** When an extension of time is requested for filing the reporter's record, the facts relied on to reasonably explain the need for an extension must be supported by an affidavit of the court reporter. The affidavit must include the court reporter's estimate of the earliest date when the reporter's record will be available for filing.

(d) **Supplemental Record.** If anything material to either party is omitted from the clerk's record or reporter's record, BODA may, on written motion of a party or on its own motion, direct a supplemental record to be certified and transmitted by the clerk for the evidentiary panel or the court reporter for the evidentiary panel.

**Rule 4.04. Copies of the Record**

The record may not be withdrawn from the custody of the BODA Clerk. Any party may obtain a copy of the record or any designated part thereof by making a written request to the BODA Clerk and paying any charges for reproduction in advance.

**Rule 4.05. Requisites of Briefs**

(a) **Appellant's Filing Date.** Appellant's brief must be filed within 30 days after the clerk's record or the reporter's record is filed, whichever is later.

(b) **Appellee's Filing Date.** Appellee's brief must be filed within 30 days after the appellant's brief is filed.

(c) **Contents.** Briefs must contain:

(1) a complete list of the names and addresses of all parties to the final decision and their counsel;

(2) a table of contents indicating the subject matter of each issue or point, or group of issues or points, with page references where the discussion of each point relied on may be found;

(3) an index of authorities arranged alphabetically and indicating the pages where the authorities are cited;

(4) a statement of the case containing a brief general statement of the nature of the cause or offense and the result;

(5) a statement, without argument, of the basis of BODA's jurisdiction;

(6) a statement of the issues presented for review or points of error on which the appeal is predicated;

(7) a statement of facts that is without argument, is supported by record references, and details the facts relating to the issues or points relied on in the appeal;

(8) the argument and authorities;

(9) conclusion and prayer for relief;

(10) a certificate of service; and

(11) an appendix of record excerpts pertinent to the issues presented for review.

(d) **Length of Briefs; Contents Included and Excluded.** In calculating the length of a document, every word and every part of the document, including headings, footnotes, and quotations, must be counted except the following: caption, identity of the parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of the jurisdiction, signature, proof of service, certificate of compliance, and appendix. Briefs must not exceed 15,000 words if computer-generated, and 50 pages if not, except on leave of BODA. A reply brief must not exceed 7,500 words if computer-generated, and 25 pages if not, except on leave of BODA. A computer generated document must include a certificate by counsel or the unrepresented party stating the number of words in the document. The person who signs the certification may rely on the word count of the computer program used to prepare the document.

(e) **Amendment or Supplementation.** BODA has discretion to grant leave to amend or supplement briefs.

(f) **Failure of the Appellant to File a Brief.** If the appellant fails to timely file a brief, BODA may:

(1) dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure, and the

appellee is not significantly injured by the appellant's failure to timely file a brief;

(2) decline to dismiss the appeal and make further orders within its discretion as it considers proper; or

(3) if an appellee's brief is filed, regard that brief as correctly presenting the case and affirm the evidentiary panel's judgment on that brief without examining the record.

**Rule 4.06. Oral Argument**

(a) **Request.** A party desiring oral argument must note the request on the front cover of the party's brief. A party's failure to timely request oral argument waives the party's right to argue. A party who has requested argument may later withdraw the request. But even if a party has waived oral argument, BODA may direct the party to appear and argue. If oral argument is granted, the clerk will notify the parties of the time and place for submission.

(b) **Right to Oral Argument.** A party who has filed a brief and who has timely requested oral argument may argue the case to BODA unless BODA, after examining the briefs, decides that oral argument is unnecessary for any of the following reasons:

(1) the appeal is frivolous;

(2) the dispositive issue or issues have been authoritatively decided;

(3) the facts and legal arguments are adequately presented in the briefs and record; or

(4) the decisional process would not be significantly aided by oral argument.

(c) **Time Allowed.** Each party will have 20 minutes to argue. BODA may, on the request of a party or on its own, extend or shorten the time allowed for oral argument. The appellant may reserve a portion of his or her allotted time for rebuttal.

**Rule 4.07. Decision and Judgment**

(a) **Decision.** BODA may do any of the following:

(1) affirm in whole or in part the decision of the evidentiary panel;

(2) modify the panel's findings and affirm the findings as modified;

(3) reverse in whole or in part the panel's findings and render the decision that the panel should have rendered; or

(4) reverse the panel's findings and remand the cause for further proceedings to be conducted by:

(i) the panel that entered the findings; or

(ii) a statewide grievance committee panel appointed by BODA and composed of members selected from the state bar districts other than the district from which

the appeal was taken.

**(b) Mandate.** In every appeal, the BODA Clerk must issue a mandate in accordance with BODA's judgment and send it to the evidentiary panel and to all the parties.

### Rule 4.08. Appointment of Statewide Grievance Committee

If BODA remands a cause for further proceedings before a statewide grievance committee, the BODA Chair will appoint the statewide grievance committee in accordance with TRDP 2.27 [2.26]. The committee must consist of six members: four attorney members and two public members randomly selected from the current pool of grievance committee members. Two alternates, consisting of one attorney and one public member, must also be selected. BODA will appoint the initial chair who will serve until the members of the statewide grievance committee elect a chair of the committee at the first meeting. The BODA Clerk will notify the Respondent and the CDC that a committee has been appointed.

### Rule 4.09. Involuntary Dismissal

Under the following circumstances and on any party's motion or on its own initiative after giving at least ten days' notice to all parties, BODA may dismiss the appeal or affirm the appealed judgment or order. Dismissal or affirmance may occur if the appeal is subject to dismissal:

(a) for want of jurisdiction;

(b) for want of prosecution; or

(c) because the appellant has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time.

## V. PETITIONS TO REVOKE PROBATION

### Rule 5.01. Initiation and Service

(a) Before filing a motion to revoke the probation of an attorney who has been sanctioned, the CDC must contact the BODA Clerk to confirm whether the next regularly available hearing date will comply with the 30-day requirement of TRDP. The Chair may designate a three-member panel to hear the motion, if necessary, to meet the 30-day requirement of TRDP 2.23 [2.22].

(b) Upon filing the motion, the CDC must serve the Respondent with the motion and any supporting documents in accordance with TRDP 2.23 [2.22], the TRCP, and these rules. The CDC must notify BODA of the date that service is obtained on the Respondent.

### Rule 5.02. Hearing

Within 30 days of service of the motion on the Respondent, BODA must docket and set the matter for a hearing and notify the parties of the time and place of the hearing. On a showing of good cause by a party or on its own motion, BODA may continue the case to a future hearing date as circumstances require.

## VI. COMPULSORY DISCIPLINE

### Rule 6.01. Initiation of Proceeding

Under TRDP 8.03, the CDC must file a petition for compulsory discipline with BODA and serve the Respondent in accordance with the TRDP and Rule 1.06 of these rules.

### Rule 6.02. Interlocutory Suspension

(a) **Interlocutory Suspension.** In any compulsory proceeding under TRDP Part VIII in which BODA determines that the Respondent has been convicted of an Intentional Crime and that the criminal conviction is on direct appeal, BODA must suspend the Respondent's license to practice law by interlocutory order. In any compulsory case in which BODA has imposed an interlocutory order of suspension, BODA retains jurisdiction to render final judgment after the direct appeal of the criminal conviction is final. For purposes of rendering final judgment in a compulsory discipline case, the direct appeal of the criminal conviction is final when the appellate court issues its mandate.

(b) **Criminal Conviction Affirmed.** If the criminal conviction made the basis of a compulsory interlocutory suspension is affirmed and becomes final, the CDC must file a motion for final judgment that complies with TRDP 8.05.

(1) If the criminal sentence is fully probated or is an order of deferred adjudication, the motion for final judgment must contain notice of a hearing date. The motion will be set on BODA's next available hearing date.

(2) If the criminal sentence is not fully probated:

(i) BODA may proceed to decide the motion without a hearing if the attorney does not file a verified denial within ten days of service of the motion; or

(ii) BODA may set the motion for a hearing on the next available hearing date if the attorney timely files a verified denial.

(c) **Criminal Conviction Reversed.** If an appellate court issues a mandate reversing the criminal conviction while a Respondent is subject to an interlocutory suspension, the Respondent may file a motion to terminate the interlocutory suspension. The motion to terminate the interlocutory suspension must have certified copies of the decision and mandate of the reversing court attached. If the CDC does not file an opposition to the termination within ten days of being served with the motion, BODA may proceed to decide the motion without a hearing or set the matter for a hearing on its own motion. If the CDC timely opposes the motion, BODA must set the motion for a hearing on its next available hearing date. An order terminating an interlocutory order of suspension does not automatically reinstate a Respondent's license.

## VII. RECIPROCAL DISCIPLINE

**Rule 7.01. Initiation of Proceeding**

To initiate an action for reciprocal discipline under TRDP Part IX, the CDC must file a petition with BODA and request an Order to Show Cause. The petition must request that the Respondent be disciplined in Texas and have attached to it any information concerning the disciplinary matter from the other jurisdiction, including a certified copy of the order or judgment rendered against the Respondent.

**Rule 7.02. Order to Show Cause**

When a petition is filed, the Chair immediately issues a show cause order and a hearing notice and forwards them to the CDC, who must serve the order and notice on the Respondent. The CDC must notify BODA of the date that service is obtained.

**Rule 7.03. Attorney's Response**

If the Respondent does not file an answer within 30 days of being served with the order and notice but thereafter appears at the hearing, BODA may, at the discretion of the Chair, receive testimony from the Respondent relating to the merits of the petition.

## VIII. DISTRICT DISABILITY COMMITTEE HEARINGS

**Rule 8.01. Appointment of District Disability Committee**

(a) If the evidentiary panel of the grievance committee finds under TRDP 2.17(P)(2), or the CDC reasonably believes under TRDP 2.14(C), that a Respondent is suffering from a disability, the rules in this section will apply to the de novo proceeding before the District Disability Committee held under TRDP Part XII.

(b) Upon receiving an evidentiary panel's finding or the CDC's referral that an attorney is believed to be suffering from a disability, the BODA Chair must appoint a District Disability Committee in compliance with TRDP 12.02 and designate a chair. BODA will reimburse District Disability Committee members for reasonable expenses directly related to service on the District Disability Committee. The BODA Clerk must notify the CDC and the Respondent that a committee has been appointed and notify the Respondent where to locate the procedural rules governing disability proceedings.

(c) A Respondent who has been notified that a disability referral will be or has been made to BODA may, at any time, waive in writing the appointment of the District Disability Committee or the hearing before the District Disability Committee and enter into an agreed judgment of indefinite disability suspension, provided that the Respondent is competent to waive the hearing. If the Respondent is not represented, the waiver must include a statement affirming that the Respondent has been advised of the right to appointed counsel and waives that right as well.

(d) All pleadings, motions, briefs, or other matters to be filed with the District Disability Committee must be filed with the BODA Clerk.

(e) Should any member of the District Disability Committee become unable to serve, the BODA Chair must appoint a substitute member.

**Rule 8.02. Petition and Answer**

(a) **Petition.** Upon being notified that the District Disability Committee has been appointed by BODA, the CDC must, within 20 days, file with the BODA Clerk and serve on the Respondent a copy of a petition for indefinite disability suspension. Service must comply with Rule 1.06.

(b) **Answer.** The Respondent must, within 30 days after service of the petition for indefinite disability suspension, file an answer with the BODA Clerk and serve a copy of the answer on the CDC.

(c) **Hearing Setting.** The BODA Clerk must set the final hearing as instructed by the chair of the District Disability Committee and send notice of the hearing to the parties.

**Rule 8.03. Discovery**

(a) **Limited Discovery.** The District Disability Committee may permit limited discovery. The party seeking discovery must file with the BODA Clerk a written request that makes a clear showing of good cause and substantial need and a proposed order. If the District Disability Committee authorizes discovery in a case, it must issue a written order. The order may impose limitations or deadlines on the discovery.

(b) **Physical or Mental Examinations.** On written motion by the Commission or on its own motion, the District Disability Committee may order the Respondent to submit to a physical or mental examination by a qualified healthcare or mental healthcare professional. Nothing in this rule limits the Respondent's right to an examination by a professional of his or her choice in addition to any exam ordered by the District Disability Committee.

(1) Motion. The Respondent must be given reasonable notice of the examination by written order specifying the name, address, and telephone number of the person conducting the examination.

(2) Report. The examining professional must file with the BODA Clerk a detailed, written report that includes the results of all tests performed and the professional's findings, diagnoses, and conclusions. The professional must send a copy of the report to the CDC and the Respondent.

(c) **Objections.** A party must make any objection to a request for discovery within 15 days of receiving the motion by filing a written objection with the BODA Clerk. BODA may decide any objection or contest to a discovery motion.

### Rule 8.04. Ability to Compel Attendance

The Respondent and the CDC may confront and cross-examine witnesses at the hearing. Compulsory process to compel the attendance of witnesses by subpoena, enforceable by an order of a district court of proper jurisdiction, is available to the Respondent and the CDC as provided in TRCP 176.

### Rule 8.05. Respondent's Right to Counsel

(a) The notice to the Respondent that a District Disability Committee has been appointed and the petition for indefinite disability suspension must state that the Respondent may request appointment of counsel by BODA to represent him or her at the disability hearing. BODA will reimburse appointed counsel for reasonable expenses directly related to representation of the Respondent.

(b) To receive appointed counsel under TRDP 12.02, the Respondent must file a written request with the BODA Clerk within 30 days of the date that Respondent is served with the petition for indefinite disability suspension. A late request must demonstrate good cause for the Respondent's failure to file a timely request.

### Rule 8.06. Hearing

The party seeking to establish the disability must prove by a preponderance of the evidence that the Respondent is suffering from a disability as defined in the TRDP. The chair of the District Disability Committee must admit all relevant evidence that is necessary for a fair and complete hearing. The TRE are advisory but not binding on the chair.

### Rule 8.07. Notice of Decision

The District Disability Committee must certify its finding regarding disability to BODA, which will issue the final judgment in the matter.

### Rule 8.08. Confidentiality

All proceedings before the District Disability Committee and BODA, if necessary, are closed to the public. All matters before the District Disability Committee are confidential and are not subject to disclosure or discovery, except as allowed by the TRDP or as may be required in the event of an appeal to the Supreme Court of Texas.

## IX. DISABILITY REINSTATEMENTS

### Rule 9.01. Petition for Reinstatement

(a) An attorney under an indefinite disability suspension may, at any time after he or she has been suspended, file a verified petition with BODA to have the suspension terminated and to be reinstated to the practice of law. The petitioner must serve a copy of the petition on the CDC in the manner required by TRDP 12.06. The TRCP apply to a reinstatement proceeding unless they conflict with these rules.

(b) The petition must include the information required by TRDP 12.06. If the judgment of disability suspension contained terms or conditions relating to misconduct by the petitioner prior to the suspension, the petition must affirmatively demonstrate that those terms have been complied with or explain why they have not been satisfied. The petitioner has a duty to amend and keep current all information in the petition until the final hearing on the merits. Failure to do so may result in dismissal without notice.

(c) Disability reinstatement proceedings before BODA are not confidential; however, BODA may make all or any part of the record of the proceeding confidential.

### Rule 9.02. Discovery

The discovery period is 60 days from the date that the petition for reinstatement is filed. The BODA Clerk will set the petition for a hearing on the first date available after the close of the discovery period and must notify the parties of the time and place of the hearing. BODA may continue the hearing for good cause shown.

### Rule 9.03. Physical or Mental Examinations

(a) On written motion by the Commission or on its own, BODA may order the petitioner seeking reinstatement to submit to a physical or mental examination by a qualified healthcare or mental healthcare professional. The petitioner must be served with a copy of the motion and given at least seven days to respond. BODA may hold a hearing before ruling on the motion but is not required to do so.

(b) The petitioner must be given reasonable notice of the examination by written order specifying the name, address, and telephone number of the person conducting the examination.

(c) The examining professional must file a detailed, written report that includes the results of all tests performed and the professional's findings, diagnoses, and conclusions. The professional must send a copy of the report to the parties.

(d) If the petitioner fails to submit to an examination as ordered, BODA may dismiss the petition without notice.

(e) Nothing in this rule limits the petitioner's right to an examination by a professional of his or her choice in addition to any exam ordered by BODA.

### Rule 9.04. Judgment

If, after hearing all the evidence, BODA determines that the petitioner is not eligible for reinstatement, BODA may, in its discretion, either enter an order denying the petition or direct that the petition be held in abeyance for a reasonable period of time until the petitioner provides additional proof as directed by BODA. The judgment may include other orders necessary to protect the public and the petitioner's potential clients.

## X. APPEALS FROM BODA TO THE SUPREME COURT OF TEXAS

**Rule 10.01. Appeals to the Supreme Court**

(a) A final decision by BODA, except a determination that a statement constitutes an inquiry or a complaint under TRDP 2.10, may be appealed to the Supreme Court of Texas. The clerk of the Supreme Court of Texas must docket an appeal from a decision by BODA in the same manner as a petition for review without fee.

(b) The appealing party must file the notice of appeal directly with the clerk of the Supreme Court of Texas within 14 days of receiving notice of a final determination by BODA. The record must be filed within 60 days after BODA's determination. The appealing party's brief is due 30 days after the record is filed, and the responding party's brief is due 30 days thereafter. The BODA Clerk must send the parties a notice of BODA's final decision that includes the information in this paragraph.

(c) An appeal to the Supreme Court is governed by TRDP 7.11 and the TRAP.