UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL IV, § <br> *Plaintiff,* § <br> v. § <br> § <br> COMMISSION FOR LAWYER § <br> DISCIPLINE; THE OFFICE OF THE § <br> CHIEF DISCIPLINARY COUNSEL; § <br> SEANA WILLING, in her Official Capacity § <br> as Chief Disciplinary Counsel of the State § <br> Bar of Texas, and in her individual capacity; § <br> AMANDA M. KATES, in her Official Capacity § <br> as Assistant Disciplinary Counsel for the Office § <br> of the Chief Disciplinary Counsel, and in her § <br> individual capacity; JOHN S. BRANNON, § <br> in his Official Capacity as Assistant Disciplinary § <br> Counsel for the Office of Chief Disciplinary § <br> Counsel, and in his individual capacity; TIMOTHY § <br> J. BALDWIN, in his Official Capacity as § <br> Administrative Attorney for the Office of the § <br> Chief Disciplinary Counsel, and in his individual § <br> capacity; DANIEL MARTINEZ, in his Official § <br> Capacity as Assistant Disciplinary Counsel for § <br> the Office of the Chief Disciplinary Counsel, and § <br> in his individual capacity; DANIELA GROSZ, in § <br> her Official Capacity as Assistant Disciplinary § <br> Counsel for the Office of the Chief Disciplinary § <br> Counsel, and in her individual capacity; JENNY § <br> HODGKINS, in her Official Capacity as the § <br> Executive Director & General Counsel with the § <br> Board of Disciplinary Appeals, and in her § <br> individual capacity; LAURA GIBSON, § <br> CINDY V. TISDALE, SYLVIA § <br> BORUNDA FIRTH, BENNY AGOSTO, § <br> JR., DAVID N. CALVILLO, ELIZABETH § <br> SANDOVAL CANTU, LUIS CAVAZOS, § <br> CRAIG CHERRY, JASON § <br> CHARBONNET, KELLY-ANN F. § <br> CLARK, JEFF COCHRAN, DAVID C. § <br> COURREGES, THOMAS A. CROSLEY § | Case No. 1:23-cv-00314-RP |

1

| | |
|---|---|
| STEVE FISCHER, LUCH FORBES, GREGORY M. FULLER, AUGUST W. HARRIS III, MATTHEW J. HILL, FORREST L. HUDDLESTON, LORI M. KERN, MODINAT KOTUN, BILL KROGER, DWIGHT MCDONALD, CARRA MILLER, LAWRENCE MORALES II, LYDIA ELIZONDO MOUNT, KIMBERLY M. NAYLOR, JEANINE NOVOSAD RISPOLI, MICHAEL J. RITTER, AUDIE SCIUMBATO, MARY L. SCOTT, JOHN SLOAN, D. TODD SMITH, G. DAVID SMITH, PAUL K. STAFFORD, ALEX J. STELLY JR., NITIN SUD, RADHA THIAGARAJAN, ROBERT L. TOBEY, AARON Z. TOBIN, ANDREW TOLCHIN, G. MICHAEL VASQUEZ, KIMBERLY PACK WILSON, and KENNON L. WOOTEN in their official capacities as Members of the Board of Directors of the State Bar of Texas,<br>   *Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§§§§ |

**DEFENDANTS, THE COMMISSION FOR LAWYER DISCIPLINE AND SEANA WILLING'S, REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

COME NOW Defendants, the Commission for Lawyer Discipline (CFLD) and Seana Willing (the Chief Disciplinary Counsel ("CDC") and/or "Willing") (collectively "Defendants") and file this reply to Turnbull's response to Defendants' dismissal motion.

### I. BACKGROUND

On March 22, 2023, Turnbull filed this lawsuit asserting Defendants violated his constitutional rights, pursuant to 28 U.S.C. § 1331, and generally claimed that he was suing Defendant for violations of the Equal Protection and First Amendment provisions of the

2

Constitution under 42 U.S.C. § 1983, as well as for violations of the "Texas Constitution, Art. 1 §§ 13 and 19." [Dkt. #1, *see generally*.] Turnbull amended his lawsuit on May 25, 2023, and asserted that he was suing Willing in her individual capacity. [Dkt. #22, *see generally.*]

On June 14, 2023, Turnbull filed his *Plaintiff's Response to First Amended Motion to Dismiss by Commission for Lawyer Discipline and Seana Willing* ("Dismissal Motion Response") to the CFLD and Willing's motion to dismiss Turnbull's lawsuit (Dkt. #33, *see generally*), which was filed on May 31, 2023, without asserting even one allegation that CFLD or its voluntary members did anything wrong - much less directed any action or inaction that offended Turnbull or resulted in a violation of any of Turnbull's rights. However, within Turnbull's exhaustive conclusory pleadings he seemingly articulates only one *implausible claim* against Willing wherein he suggests he sustained "injuries" as a result of Willing's actions in violation of his "Equal Protection rights and in retaliation against him for exercising his First Amendment rights." [Dkt. #33, pp. 8-13.] <u>As set forth below, it is impossible for Turnbull to have suffered an "injury", because a complainant who files a grievance against a licensed Texas attorney is not: 1) a party to a Disciplinary Proceeding and/or Disciplinary Action; and/or 2) afforded any relief as a result of filing said grievances.</u>

## II. ARGUMENTS AND AUTHORITIES

### A. Turnbull cannot show that he suffered an "injury" and lacks standing to assert any cause of action against Defendants.

In his response, Turnbull provides no authority to refute Defendants' contention that as a complainant, Turnbull was not a "party" to a Disciplinary Proceeding who was entitled to relief associated with the processing of his alleged Complaints. *See Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020). Turnbull bears the burden of establishing standing to bring this lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Absent a statute expressly

3

conferring standing, plaintiffs must establish Article III standing by alleging some threatened or actual injury, that can fairly be traced to a defendant's conduct, which was illegal. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42-43 (1976); *Lujan*, 504 U.S. at 560. Further, the injury must be "in the form of an invasion of a legally protected interest that is concrete and particularized and actual or imminent." *Lujan*, 504 U.S. at 561; *Earl v. Boening Co.*, 53 F.4th 897, 901-02 (5th Cir. 23022).

Here, Turnbull cannot establish he has standing to sue the Defendants because he "does not have a cognizable interest in the decision to prosecute a third party." *Martinez,* 797 F. App'x. at 168, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  As such, he is unable to show he suffered an injury and cannot "show that the consideration of his bar grievance 'produce[d] erroneous or unreliable results [that] imperil[ed] a protected liberty or property interest.'" *Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020) (citing *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997)).

This Court has previously held that a complainant who files a grievance against a licensed Texas attorney does not have "a federally protected constitutional right to have his grievances resolved to his satisfaction." *Read v. Hsu*, No. 1:18-CV-622-RP, 2018 WL 10761921, at *2 (W.D. Tex. Nov. 13, 2018) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). In fact, our sister states have consistently held that a complainant has no constitutional right to have someone else prosecuted or disciplined for alleged professional misconduct.[1] Because it is an impossibility for

---

[1] *See e.g.*, *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1570 (10th Cir. 1993) (finding that "there is no constitutional right to have someone else prosecuted or disciplined" and "the investigatory powers conferred by the Oklahoma Supreme Court's Rules were not established to serve the private purposes of grievants."); *Smith v. Shook*, 237 F.3d 1322, 1324–25 (11th Cir. 2001) (holding

4

Turnbull to show that he suffered an "injury" as a complainant who is not entitled to any relief for filing a grievance against a licensed Texas attorney, <u>Turnbull's main argument that he has alleged a plausible Equal Protection and/or First Amendment Claim "under *Ex Parte Young*,"</u> fails.

### B. *Turnbull's only articulated claim against Defendants is for an action that Willing took in the performance of her duties in administering the attorney disciplinary system.*

If this court believes Turnbull suffered an "injury," as alleged, Defendants argue that Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct **does not violate clearly established statutory or constitutional rights of which a reasonable person would have known**. *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982) (*emphasis added*). The Fifth Circuit has emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000). The CFLD and Willing are also protected by Rule 17.09 of the Texas Rules of Disciplinary Procedure ("Rule 17.09"), which provides absolute and unqualified immunity to the CFLD and Willing, and Eleventh Amendment immunity. *See Burch v. State Bar of Texas*, No. 07-19-00224-CV, 2020 WL 830982, at *1 (Tex. App.—Amarillo Feb. 19, 2020, pet. denied) (applying Rule 17.09 to grant plea

---

complainant lacked standing to challenge decision not to prosecute complainant's former attorney); *Mele v. State of Connecticut*, No. 3:06-CV-1571JCH, 2007 WL 484618, at *2 (D. Conn. Feb. 6, 2007) ("Research has revealed no cases finding a protected interest in having an attorney grievance investigated to the complainant's satisfaction. Courts considering the issue have held that the complainant has no right to compel any investigation."); *Carr v. Reed*, No. C07-5260RJB, 2007 WL 3274914, at *13 (W.D. Wash. Nov. 5, 2007) ("Federal courts have rejected claims that an individual's right to due process allows the individual to compel a state Bar disciplinary agency to institute or pursue citizen complaints."); *and In re Att'y Disciplinary Appeal*, 650 F.3d 202, 204–05 (2d Cir. 2011) (stating that Appellant's only interest in the Committee's disciplining of attorneys resulted only from Appellant's status as a member of the public at large. Thus, Appellant lacked standing to bring an appeal or to pursue mandamus relief).

to jurisdiction against complainant who sued the State Bar of Texas for dismissing his grievances); *Welch v. Tex. Dep't of Highways & Public Transp.*, 483 U.S. 468, 473-474 (1987); *Hans v. Louisiana*, 134 U.S. 1, 16-17 (1890).

Once a government official has asserted qualified immunity the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). In determining whether the plaintiff has successfully overcome qualified immunity, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all – prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right." *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted). Next, the court must consider whether the defendant's conduct was nonetheless *objectively reasonable* in light of clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

### C. Turnbull's only claim involves a discretionary decision Willing was required to make pursuant to the TRDP, as promulgated by the Texas Supreme Court.

Turnbull's lawsuit, as further clarified in his Dismissal Motion Response to the CFLD and Willing's motions to dismiss this lawsuit, <u>fails to state even one plausible claim that the CFLD and/or Willing failed to follow the Texas Rules of Disciplinary Procedure ("TRDP"), as promulgated by the Texas Supreme Court</u>. Even though Turnbull amended his lawsuit on May 25, 2023, stating he is now "not seeking damages … against the state agency Defendants or Defendants officials in their official capacity," but "seeking damages against various Defendants in their individual capacities and only injunctive relief against the CFLD, official capacity defendants," he has failed to assert any "plausible Equal Protection Claim against the CFLD and Willing….", that would entitle him to any relief he is requesting.

Turnbull still seems to base his entire lawsuit against the CFLD and Willing on **the notion** that the alleged Complaints he filed against opposing counsel (the "*Microsoft Attorneys*") in the lawsuit he and his law firm ("TLG") filed against the Microsoft Corporation, which is still pending in the 191st Judicial District Court, showed that the *Microsoft Attorneys* committed professional misconduct. And that these alleged Complaints against the *Microsoft Attorneys* were treated differently than what he *thinks* were similar Complaints that led to district court disciplinary actions currently pending against Texas attorneys Warren Kenneth Paxton, Brent Webster, and Sidney Powell.[2] That is, Turnbull *feels like* his alleged Complaints against the *Microsoft Attorneys* should have been presented to an Investigatory Hearing Panel, as was done in *Paxton, Powell,* and *Webster,* instead of to a Summary Disposition Panel. However, Turnbull knows his representations are false and his alleged Complaints are not "similarly situated" to the cases he references.

First, no two Complaints are the same. The public trial court record in *Paxton*, *Powell,* and *Webster*, shows **stark differences** in the allegations that Turnbull indicates were the basis of his alleged Complaints against the *Microsoft Attorneys* and the Complaints that were the basis for the disciplinary actions in *Paxton* and *Webster.* In fact, the allegations against Paxton and Webster were for misrepresentations they made in written court pleadings that they signed and filed in the U.S. Supreme Court and were upgraded to Complaints **after the conclusion of the underlying litigation**. Additionally, the public court record shows that before the grievances were upgraded to Complaints and presented to an Investigatory Hearing Panel, multiple federal court judges in Michigan, Georgia, and Wisconsin, issued opinions/decisions finding similar factual

---

[2] *Comm'n for Law. Discipline v. Warren Kenneth Paxton, Jr.*, Cause No. 471-02574-2022, in the Judicial District Court, Collin County, Texas; *Comm'n for Law. Discipline v. Brent Webster*, Cause No. 22-0594-C9368, in the 368th Judicial District Court, Williamson County, Texas; and *Comm'n for Law. Discipline v. Powell.*

7

representations before their courts were "deceiving," "unsupported by law or fact," "frivolous," and "debunked," and/or a lawsuit based on these similar factual representations should be dismissed.[3] Further, the record clearly shows that the CDC's investigation related to the Complaints against Paxton and Webster included novel arguments concerning the defenses of separation of powers doctrine, sovereign and official immunity, and the application of the TDRPC against an executive branch attorney exercising both executive and judicial functions. ***None of these supporting factors and/or arguments exist as to Turnbull's alleged Complaints.*** In fact, whether Turnbull actually had "child pornography" on one of his TLG work computers is still a disputed issue pending before the 191st Judicial District Court in his lawsuit against Microsoft.

Secondly, while Turnbull seemingly turns his focus to his <u>one remaining claim – that "Willing deprived [him] of his Equal Protection Rights when she determined that Just Cause did not exist and dismissed his grievances" (Dkt. #33, pp. 13, 17),</u> **Turnbull admits Willing did not dismiss his alleged Complaints.** As set forth in his Plaintiff's First Amended Complaint, Turnbull represents that his alleged Complaints against the *Microsoft Attorneys* were presented to a District 4 Grievance Committee Summary Disposition Panel, and in fact dismissed by that Summary Disposition Panel, <u>not Willing</u>. [Dkt#1, page 16, ¶53 and 22-23]. He also admits that pursuant to the TRDP, when Willing completed her investigation of his alleged Complaints and made an "initial determination" that no Just Cause existed to proceed she, <u>as required by the TRDPs</u>, placed Turnbull's Complaint before a Summary Disposition Panel for the panel's review. [Dkt. #20, p. 24.] See TEX. RULES DISCIPLINARY P.R. 2.13. Although Turnbull's pleadings clearly indicate <u>he</u>

---

[3] By way of example see the decision of the Honorable U.S. District Judge Linda Parker in *King, et. al., v. Whitmer, et. al.*, in the U.S. District Court for the Eastern District of Michigan, attached as **Appendix B. (cite switch of votes from both** *Powell, Paxton, and Webster all asserted Dominion voting machines switched votes.***)**

did not like Willing's "initial determination" of his alleged Complaints, he admits the Summary Disposition Panel ultimately determined they should be dismissed and not proceed before an Evidentiary Panel or District Court. See TEX. RULES DISCIPLINARY P.R. 2.13.

While Turnbull may *feel* that Willing had no "rational basis" for presenting his alleged Complaints to the District 4 Grievance Committee Summary Disposition Panel, his conclusory statement does not amount to the "factual contention" necessary for a court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Further, just because Turnbull did not like Willing's "initial determination" of his alleged Complaints, his disagreement with or dislike for the determination does not give him the basis to assert Willing failed to act "objectively reasonably" in carrying out her responsibilities in accordance with the TRDPs.

### D. Turnbull fails to provide any authority that would negate the immunities afforded Defendants.

Turnbull claims he is seeking "damages against various Defendants in their individual capacities and only injunctive relief against the CFLD." [Dkt. #33 p. 5]. He claims the "*Ex Parte Young*" exception to Eleventh Amendment immunity applies to this case. Not So. As detailed above, Turnbull claims to have been a complainant in a Disciplinary Proceeding related to the alleged Complaints he filed against the *Microsoft Attorneys*. As such, he was not entitled to any relief regarding the alleged Complaints, and has no standing to bring this suit because he is unable to show he sustained an injury. Turnbull also cannot attempt to circumvent his lack of standing

with a claim that he is only seeking injunctive relief against the CFLD.[4] Thus, Turnbull's argument that he has a claim against Defendants "under *Ex Parte Young*" fails.

In addition, Turnbull's claim that Willing's decision to present his alleged Complaints to a Summary Disposition Panel, instead of an Investigatory Hearing Panel, was retaliatory in nature fails to obliterate any immunity Willing has. The only consideration the court needs to consider to establish Willing's immunity is whether there is a connection between Willing's job duties and the alleged conduct. *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017). Turnbull does not dispute that Willing was performing her job duties at the time of the alleged conduct. Rather, he claims he was retaliated against and that Defendants made decisions that were "arbitrary and capricious" [Dkt. #20, p. 36.] This claim is insufficient to negate any immunity as the determination of whether an employee is performing her job duties does not include any assessment of the employee's state of mind. *Id.* at 753. Even an ulterior motive or personal animus is insufficient if the conduct was in the performance of her job responsibilities. *Id.*

For all these reasons, Turnbull has failed to show that Defendants are not entitled to the immunities afforded them by the Eleventh Amendment, the Texas Rules of Disciplinary Procedure or qualified immunity and his lawsuit should be dismissed.

### E. Turnbull claims that without the injunctive relief he seeks, he has no recourse against the attorneys he feels acted inappropriately.

Turnbull claims that, without the injunctive relief he seeks, he has "no means of finding

---

[4] Assuming Turnbull survived the lack of standing issue, he would still be unable to use the *Ex Parte Young* exception to eviscerate the immunities afforded the CFLD and Willing because he cannot show that either of them has a duty to "enforce the statute" at issue. *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020); *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotation marks omitted). This is because the Supreme Court of Texas, not the CFLD or Willing, is charged with enforcement of the statutes governing the attorney disciplinary system in Texas.

redress for the defamatory, unethical, and abusive conduct" of the *Microsoft Attorneys* he allegedly filed grievances against. [Dkt. #33, p. 12.] This is a blatant misrepresentation of the legal remedies available to Turnbull. Contrary to his contention, there are several causes of action which he can bring against the *Microsoft Attorneys* in state district court in which he could be afforded individual relief. Instead, Turnbull appears to have filed these alleged Complaints against the *Microsoft Attorneys* in an attempt to leverage opposing counsel in his ongoing lawsuit against Microsoft.[5] As set forth under Rule 4.04(b)(1) of the TDRPC, the Texas Supreme Court never envisioned a process where an attorney could file grievances against opposing counsel in order to gain an advantage in ongoing litigation. In fact, such action is a violation of the disciplinary rules.[6]

### III.  CONCLUSION

This suit should be dismissed because Turnbull, as a complainant in an attorney Disciplinary Proceeding, does not have standing to bring the suit against the CFLD and/or Willing. Further, both the CFLD and Willing are entitled to absolute immunity granted by Texas Rule of Disciplinary Procedure 17.09, qualified immunity and the immunity afforded by the Eleventh Amendment.

Even assuming Turnbull's statements are true, he has made no cognizable allegation that the CFLD or Willing did anything other than follow the rules promulgated by the Texas Supreme Court. Turnbull has also failed to articulate any factual contention that could reasonably assert the CFLD and its twelve (12) voluntary members did anything wrong, and/or that <u>Willing violated</u>

---

[5] Turnbull filed suit against Microsoft in Cause No. 2019-78266 styled *Turnbull v. Microsoft Corp.*, in the 190th Judicial District Court of Harris County Texas on October 25, 2019. The case remains pending. According to his pleadings, Turnbull filed his grievance on February 10, 2021. (Dkt. #20 p. 15).

[6] Rule 4.04(b)(1) prohibits a lawyer from presenting, participating in presenting or threatening to present criminal or *disciplinary* charges solely to gain an advantage in a civil matter. Tex. Disciplinary Rules of Prof'l Conduct. 4.04(b)(1).

<u>any clearly established statutory or constitutional rights of which a reasonable person would have known - by simply carrying out her required discretionary duty to present Turnbull's alleged Complaints to a Summary Disposition Panel.</u>

## IV.  PRAYER

WHEREFORE, Defendants, the CFLD and Willing, pray that this Court grant their Motion to Dismiss Turnbull's lawsuit against them. Defendants further request any and all further relief to which they may be entitled.

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

*/s/ Judith Gres DeBerry*

**Judith Gres DeBerry**
Assistant Disciplinary Counsel
State Bar No. 24040780

**Richard Huntpalmer**
Assistant Disciplinary Counsel
State Bar No. 24097875

**ROYCE LEMOINE**
Regional Counsel – Austin
State Bar No. 24026421

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:    (512) 427-1350
Facsimile:    (512) 427-4167
Email: Jdeberry@texasbar.com
Email: Rhuntpalmer@texasbar.com
Email: Royce.lemoine@texasbar.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I, Judith Gres DeBerry, certify that a true and correct copy of Defendant's, COMMISSION for Lawyer Discipline, the Office of the Chief Disciplinary Counsel, Seana Willing, Amanda M. Kates, John S. Brannon, Timothy J. Baldwin, Daniel Martinez, D. Grosz and John Brannon, MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) AND 12(b)(6) has been served via the Court's Electronic Case Files system on this 21st day of June 2023, and via electronic filing through EC/CMF addressed to all parties.

*Judith Gres DeBerry*
Judith Gres DeBerry