IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD RANDOLPH TURNBULL IV, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 1:23-cv-00314 |
| COMMISSION FOR LAWYER DISCIPLINE, THE OFFICE OF THE CHIEF DISCIPLINARY COUNSEL; SEANA WILLING, in her official capacity as Chief Disciplinary Counsel of the State Bar of Texas, and in her individual capacity; AMANDA M. KATES, in her official capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in her individual capacity; JOHN S. BRANNON, in his official capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in his individual capacity; TIMOTHY J. BALDWIN, in his official capacity as Administrative Attorney for the Office of the Chief Disciplinary Counsel, and in his individual capacity; DANIEL MARTINEZ, in his official capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in his individual capacity; DANIELA GROSZ, in her official capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in her individual capacity; JENNY HODGKINS, in her official capacity as the Executive Director and General Counsel with the Board of Disciplinary Appeals, and in her individual capacity; Laura Gibson, Cindy V. Tisdale, Sylvia Borunda Firth, Benny Agosto, Jr., David N. Calvillo, Elizabeth Sandoval Cantu, Luis Cavazos, Craig Cherry, Jason Charbonnet, Kelly-Ann F. Clarke, Jeff Cochran, David C. Courreges, Thomas A. Crosley, Steve Fischer, Lucy | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

1

| | |
|---|---|
| Forbes, Gregory M. Fuller, August W. Harris III, Matthew J. Hill, Forrest L. Huddleston, Lori M. Kern, Modinat Kotun, Bill Kroger, Dwight McDonald, Carra Miller, Lawrence Morales II, Lydia Elizondo Mount, Kimberly M. Naylor, Jeanine Novosad Rispoli, Michael J. Ritter, Audie Sciumbato, Mary L. Scott, John Sloan, D. Todd Smith, G. David Smith, Paul K. Stafford, Alex J. Stelly Jr., Nitin Sud, Radha Thiagarajan, Robert L. Tobey, Aaron Z. Tobin, Andrew Tolchin, G. Michael Vasquez, Kimberly Pack Wilson, and Kennon L. Wooten in their official capacities as Members of the Board of Directors of the State Bar of Texas, | §§§§§§§§§§§§§§§§§§§§ |
| *Defendants.* | |

# DEFENDANTS STATE BAR BOARD OF DIRECTORS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ............................................................................................................. 1
II. ARGUMENTS AND AUTHORITIES ............................................................................ 2
    A.    Turnbull has not proved that the Court has subject matter jurisdiction. ................. 2
        1.    Turnbull has not shown that he has standing to bring his claims against the State Bar Defendants. ............................................................... 2
        2.    Eleventh Amendment immunity bars Turnbull's claims. ........................... 6
    B.    Turnbull has not alleged a claim upon which relief can be granted. ...................... 7
        1.    Absolute immunity bars Turnbull's claims. ................................................ 7
        2.    Turnbull fails to allege any cognizable § 1983 claims. .............................. 8
            a.    Turnbull does not allege an Equal Protection claim. ...................... 8
            b.    Turnbull has not shown an injury under the First Amendment. ...... 9
        3.    Turnbull does not allege claims under the Texas Constitution. .................. 9
    C.    Turnbull's claim for injunctive relief fails. ........................................................... 10
III. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell v. Low Income Women*,
   95 S.W.3d 253 (Tex. 2002) .................................................................................................. 10

*Cordi-Allen v. Conlon*,
   494 F.3d 245 (1st Circ. 2007) ................................................................................................ 5

*Doe v. Bd. of Directors of State B. of Tex.*,
   No. 03-15-00007-CV, 2015 WL 6656216 (Tex. App.—Austin Oct. 27, 2015) ...................... 6

*Ex Parte Young*,
   209 U.S. 123 (1908) ................................................................................................................ 7

*Felder v. Casey*,
   487 U.S. 131 (1988) ............................................................................................................ 2, 4

*Lazy Y Ranch Ltd. v. Behrens*,
   546 R.3d 580 (9th Cir. 2008) .................................................................................................. 5

*Lefebure v. D'Aquilla*,
   15 F.4th 650 (5th Cir. 2021), cert. denied, 212 L. Ed. 2d 791, 142 S. Ct. 2732 (2022) ......... 3, 4

*Linda R.S. v. Richard D.*,
   410 U.S. 614 (1973) ................................................................................................................ 4

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................................................................ 2

*Martinez v. State B. of Tex.*,
   797 F. App'x 167 (5th Cir. 2020) ...................................................................................... 3, 10

*Okpalobi v. Foster*,
   244 F.3d 405 (5th Cir. 2001) .................................................................................................. 7

*Parkhurst v. Tabor*,
   569 F.3d 861 (8th Cir. 2009) .................................................................................................. 4

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984) .............................................................................................................. 6, 7

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) .................................................................................................. 2

*Rountree v. Dyson*,
   892 F.3d 681 (5th Cir. 2018) .................................................................................................. 8

*Sattler v. Johnson*,
   857 F.2d 224 (4th Cir. 1988) .................................................................................................. 5

*SBT Holdings, LLC v. Town of Westminster*
   547 F.3d 28 (1st Circ. 2008) ................................................................................................... 5

*Smith v. Arkansas State Hwy. Emp., Loc. 1315*,
   441 U.S. 463 (1979) ............................................................................................................. 9

*Webster v. City of Houston*,
   689 F.2d 1220 (5th Cir. 1982) ......................................................................................... 2, 4

**Statutes**

42 U.S.C. § 1983 ............................................................................................................... passim

42 U.S.C. § 1988 ....................................................................................................................... 10

Tex. Gov't Code § 81.072(b)(2) ....................................................................................... 5, 6, 10

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 1, 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 5

Tex. R. Disc. P. 17.09 .................................................................................................................. 7

Tex. R. Disc. P. 5.03 .................................................................................................................... 6

The State Bar Defendants[1] file this Reply Brief for their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.
## INTRODUCTION

As a threshold issue, Turnbull's Complaint must be dismissed because he lacks standing to complain about the alleged decision not to prosecute his grievances against other attorneys. Turnbull's claims are founded on his disgruntlement at not getting his way—first with opposing counsel, and then with the disciplinary process he attempted to wield against those lawyers. His threadbare claim that he has standing derived from the Civil Rights Act of 1871 has no basis in precedent or history.

Further, Turnbull's arguments that the State Bar Defendants are not entitled to immunity fail. The State Bar Defendants, as demonstrated thoroughly in their Motion to Dismiss, are entitled to immunity under the Eleventh Amendment and absolute statutory immunity. Turnbull has not shown any valid exceptions to the State Bar Defendants' immunity.

Setting aside standing and immunity, Turnbull otherwise fails to state claims upon which relief may be granted because he does not allege that any of his rights have been violated. He does not state a § 1983 claim because there is no constitutional right to have grievances prosecuted. His Equal Protection claims are also meritless because his allegations focus on the treatment of others

---

[1] The State Bar Defendants refers to the Board of Directors of the State Bar of Texas, Laura Gibson, Cindy V. Tisdale, Sylvia Borunda Firth, Chad Baruch, Benny Agosto, Jr., David N. Calvillo, Elizabeth Sandoval Cantu, Luis Cavazos, Craig Cherry, Jason Charbonnet, Kelly-Ann F. Clarke, Jeff Cochran, David C. Courreges, Thomas A. Crosley, Steve Fischer, Lucy Forbes, Gregory M. Fuller, August Harris III, Matthew J. Hill, Forrest L. Huddleston, Lori M. Kern, Modinat Kotun, Bill Kroger, Dwight McDonald, Carra Miller, Lawrence Morales, II, Lydia Elizondo Mount, Kimberly M. Naylor, Laura Pratt, Jeanine Novosad Rispoli, Michael J. Ritter, Audie Sciumbato, Mary L. Scott, John Sloan, D. Todd Smith, G. David Smith, Paul K. Stafford, Alex J. Stelly, Jr., Nitin Sud, Radha Thiagarajan, Robert L. Tobey, Aaron Z. Tobin, Andrew Tolchin, G. Michael Vasquez, Kimberly Pack Wilson, and Kennon L. Wooten.

(*i.e.*, attorneys against whom grievances have been filed) rather than any treatment of himself. His free speech claim fails because Turnbull's speech has not been chilled; indeed, he has filed three sets of grievances and a lawsuit. Likewise, his state-law due course of law claim fails to allege any right that has been violated. And finally, Turnbull's claim for injunctive relief fails because he has not shown that he can win on the merits.

## II.
## ARGUMENTS AND AUTHORITIES

**A.      Turnbull has not proved that the Court has subject matter jurisdiction.**

Despite his arguments to the contrary, Turnbull has not shown that the Court has subject matter jurisdiction over his claims. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.").

### 1.      Turnbull has not shown that he has standing to bring his claims against the State Bar Defendants.

Turnbull has not shown that he has standing to bring his claims, though he bears the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Despite his appeal to the historical context of the Civil Rights Act of 1871, Turnbull has not shown any support for the claim that a person has an interest in the prosecution of a lawyer against whom he has filed a grievance. The cases the Response cites do not support that claim.[2] Rather, in addressing underlying matters related to racially motivated police brutality, they discuss the historic purpose of § 1983 and its precursor the Civil Rights Act of 1871 as a means for people who have suffered racial discrimination by state actors to seek redress. *See Felder v. Casey*, 487 U.S. 131, 147 (1988); *Webster v. City of Houston*, 689 F.2d 1220, 1224 (5th Cir. 1982).

---

[2] Pl.'s Resp., Dkt. No. 36, at pp. 4–6.

The problem Turnbull faces is that he *was not injured* by the alleged decision not to prosecute his grievances. As the Fifth Circuit recently stated, "Supreme Court precedent makes clear that a citizen does not have standing to challenge the policies of the prosecuting authority unless she herself is prosecuted or threatened with prosecution." *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021), cert. denied, 212 L. Ed. 2d 791, 142 S. Ct. 2732 (2022). In *Lefebure* the plaintiff brought equal protection, due process, and § 1983 claims for a conspiracy to fail to prosecute her rapist. *See id.* at 652. The Fifth Circuit accepted as true that the plaintiff was raped multiple times by her cousin's husband, a Louisiana prison warden, and that the prison warden, the district attorney, and the sheriff conspired to protect the prison warden from investigation and prosecution. *Id.* The Fifth Circuit noted that "[i]f anyone deserves to have her day in court, it is" the plaintiff, however, the Fifth Circuit found that the plaintiff's claims against the district attorney ran "into a legal obstacle that the panel has no discretion to ignore." *Id.* at 652. Specifically, under the U.S. Supreme Court's principle of standing:

> each of us has a legal interest in how *we* are treated by law enforcement—but not a legally cognizable interest in how *others* are treated by law enforcement. So people accused of a crime have an obvious interest in being treated fairly by prosecutors. And victims of crime have a strong interest in their own physical safety and protection. But victims do not have standing based on whether *other* people—including their perpetrators—are investigated or prosecuted.

*Id.* (emphasis in original).

Here, Turnbull's claims run into the exact same legal obstacle that was present in *Lefebure*—he is complaining about the failure to prosecute another and he has no legal interest in how a State Bar grievance against any other person is prosecuted. *See Martinez v. State B. of Tex.*, 797 F. App'x 167, 168 (5th Cir. 2020) (unpublished) (holding that a person has no standing to pursue complaints about the failure to prosecute State Bar grievances against individuals other

3

than himself). The precedent cited by Turnbull does not change this analysis.[3] While many of the cases do not involve standing, and none of them involve standing to complain about the prosecution of another, each of those cases involves situations where the plaintiff was injured. For example, in *Felder v. Casey*, which does not address standing, the U.S. Supreme court considered whether § 1983 preempted a Wisconsin statute limiting a person's right to seek redress for injury *to his or her self* caused by state actors. 487 U.S. at 138. The underlying lawsuit was brought by a Black man who had been beaten by city police officers after his arrest on charges that were ultimately dropped. *Id.* at 135. Likewise, in *Webster v. City of Houston*, which also does not involve standing, the Fifth Circuit analyzed a § 1983 claim brought against the City of Houston by parents of a Black teenager who had been shot and killed by city police. 689 F.2d at 1221.

In addition, as *Lefebure* makes clear, the fact that Turnbull asserts an Equal Protection claim does not confer standing. *See* 15 F.4th at 656. Specifically, the Fifth Circuit concluded that there was no way to distinguish the Supreme Court's standing precedent "based on the theory that the decision not to prosecute in this case was in fact dictated by a broader, discriminatory policy not to investigate or prosecute cases involving a certain protected class of victims in violation of the Equal Protection Clause." *Id.* Indeed, the Supreme Court's seminal decision in *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) involved allegations that the decision not to prosecute "unconstitutionally discriminate[d] against victims like [the plaintiff] without rational foundation" and violated the Equal Protection Clause. *Lefebure*, 15 F.4th at 656 (internal quotation marks omitted); *see also Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) ("While it is well settled that defendants subjected to or threatened with discriminatory prosecution have standing to bring an equal protection claim, . . . this right has not been extended to crime victims."); *Sattler v.*

---

[3] Pl.'s Resp., Dkt. No. 36, at p. 5.

*Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there was no Equal Protection right to have individuals prosecuted).

To argue that his Equal Protection claim confers standing, Turnbull cherry-picks quotes from opinions in other circuits that merely discuss the pleading standard for alleging arbitrarily different treatment. None of these cases involves standing to complain about the prosecution of another individual. One case Turnbull references for this proposition does not discuss standing at all. *See Lazy Y Ranch Ltd. v. Behrens*, 546 R.3d 580 (9th Cir. 2008).[4] The other case, *SBT Holdings, LLC v. Town of Westminster*, does not address standing in the section Turnbull cites.[5] 547 F.3d 28, 34 (1st Circ. 2008). Rather, the court states that the *pleading standard* is met by allegations of arbitrarily different treatment. *Id.* Further, it does not say that such an allegation is sufficient to survive a motion under Federal Rule of Civil Procedure 12(b)(6); only that it is *necessary*. *Id.* (quoting *Cordi-Allen v. Conlon*, 494 F.3d 245, 250 (1st Circ. 2007). It also decidedly does not say that such an allegation confers standing such that a claim can survive a 12(b)(1) motion.

Further, Turnbull's claim that he has an interest in the grievances under Government Code § 81.072(b)(2) also fails.[6] As the State Bar Defendants showed in their Motion to Dismiss, that provision does not create a right to a full explanation but instead creates a duty to which the Texas Supreme Court is beholden in establishing the Bar's grievance procedures:

> The supreme court shall establish minimum standards and procedures for the attorney disciplinary and disability system. The standards and procedures for processing grievances against attorneys must provide for: . . . (2) a full explanation to each complainant on dismissal of an inquiry or a complaint[.]

---

[4] Pl.'s Resp., Dkt. No. 36, at p. 6.
[5] Pl.'s Resp., Dkt. No. 36, at p. 6.
[6] Pl.'s Resp., Dkt. No. 36, at p. 19.

Tex. Gov't Code 81.072(b)(2). Turnbull has merely repeated his assertion that the provision creates an interest in the grievances he submitted without responding to the State Bar Defendants' argument or addressing applicable case law. *See Doe v. Bd. of Directors of State B. of Tex.*, No. 03-15-00007-CV, 2015 WL 6656216, *4 (Tex. App.—Austin Oct. 27, 2015) (holding that while Section 81.072(b)(2) "requires the Texas Supreme Court to establish standards and procedures that provide for a full explanation to each complainant on dismissal of a complaint," it does not require the Chief Disciplinary Counsel to provide information to the complainant). Consequently, he has not carried his burden of establishing standing under this provision.

Turnbull has altogether failed to establish that he has standing to bring his claims, and thus the Court should dismiss those claims for lack of subject matter jurisdiction.

### 2. Eleventh Amendment immunity bars Turnbull's claims.

The Response states that Turnbull only seeks injunctive relief against the State Bar Defendants.[7] Nevertheless, to the extent that Turnbull's claim for free speech retaliation damages is brought against the State Bar Defendants, the State Bar Defendants are shielded by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984).

However, the State Bar Defendants are still immune from Turnbull's claims for injunctive relief under the Eleventh Amendment. Turnbull has not alleged a valid ultra vires claim against any of the State Bar Defendants. Though he claims to have alleged that the State Bar Defendants acted without legal authority by enforcing the State Bar Act with regard to the Chief Disciplinary Counsel (CDC) in a manner that deprives him of rights,[8] Turnbull has not identified a law requiring the State Bar Defendants to enforce the Act by directing the actions of the CDC. Indeed, the State Bar Defendants cannot enforce the Act on the CDC. *See* Tex. R. Disciplinary P. 5.03 ("On

---

[7] Pl.'s Resp., Dkt. No. 36, at pp. 6–7.
[8] Pl.'s Resp., Dkt. No. 36, at pp. 8–9.

disciplinary and disability matters, the Chief Disciplinary Counsel is accountable only to the Commission [for Lawyer Discipline]."). Because Turnbull has not pointed to any legal duty to which the State Bar Defendants are obligated and failed to fulfill, he has not alleged a valid ultra vires claim that excepts the State Bar Defendants from Eleventh Amendment immunity.

For the same reason, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply to the State Bar Defendants, who do not have "some connection with the enforcement" of the State Bar Act as applied to the CDC. *Okpalobi v. Foster*, 244 F.3d 405, 414–15 (5th Cir. 2001) (en banc) (quoting *Ex Parte Young*, 209 U.S. 123, 157 (1908)).

Because "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief," *see Pennhurst*, 465 U.S. at 101-102, and Turnbull has not shown that any exception to immunity applies, Turnbull's claims should be dismissed.

**B.    Turnbull has not alleged a claim upon which relief can be granted.**

    **1.    Absolute immunity bars Turnbull's claims.**

Turnbull has cited no support for his argument that the State Bar Defendants are not absolutely immune under Texas Rules of Disciplinary Procedure 17.09, which states that "all officers and Directors of the State Bar . . . are ***immune from suit*** for any conduct in the course of their official duties. The immunity is absolute and unqualified and extends to ***all actions at law or in equity***." (emphasis added). This statutory immunity expressly shields the State Bar Defendants from actions in equity, such as Turnbull's claims for injunctive relief. And, as noted above, the *Ex Parte Young* exception does not apply to the State Bar Defendants, and thus Rule 17.09's immunity provision remains in full effect.

Further, as the State Bar Defendants have shown in their Motion to Dismiss, Turnbull has alleged no violations of his rights under the Texas Constitution. For these reasons, the State Bar Defendants have absolute immunity from Turnbull's claims.

7

Notwithstanding the Response's statement that Turnbull only asserts claims for injunctive relief against the State Bar Defendants,[9] absolute prosecutorial immunity shields the State Bar Defendants to the extent that Turnbull asserts his First Amendment damages claim[10] against them.

### 2. Turnbull fails to allege any cognizable § 1983 claims.

#### a. Turnbull does not allege an Equal Protection claim.

Turnbull's allegations cannot support an Equal Protection claim, as the State Bar Defendants exhaustively demonstrated in their Motion to Dismiss. Despite Turnbull's claims of mischaracterization, his lawsuit is, at bottom, a complaint that Defendants chose not to prosecute his grievances. Turnbull cannot bring an Equal Protection claim based on allegations that one person received a discretionary punishment while another did not. *Rountree v. Dyson*, 892 F.3d 681, 684 (5th Cir. 2018). This type of discretionary decision-making inherently involves disparate treatment and is not actionable under the Equal Protection Clause without allegations of actions taken on the basis of race or sex. *Id.* Setting this fatal flaw aside, Turnbull's Equal Protection claims do not even identify others to whom *Turnbull* is similarly situated; instead, the allegations identify other lawyers against whom grievances have been filed, making them similarly situated to *Ms. Lovett and Mr. Trevino*, the lawyers against whom Turnbull filed his grievances.[11]

Even Turnbull's asserted basis for discrimination is convoluted. The crux of his Equal Protection claims is that his grievances were dismissed because he, a "politically unpopular and unpowerful" criminal defense attorney[12] asserted them against politically well-connected attorneys, while in contrast, allegedly similar grievances brought against Ken Paxton, Sidney

---

[9] Pl.'s Resp., Dkt. No. 36, at pp. 6–7.
[10] Pl.'s First Amended Complaint, Dkt. No. 20, § VIII(e).
[11] Pl.'s First Amended Complaint, Dkt. No. 20, ¶ 83.
[12] *Id.* ¶ 83.

Powell, and Brent Webster were investigated.[13] But Turnbull does not acknowledge that Paxton, Powell, and Webster are all also politically well-connected attorneys associated with the ruling political party in the state, and yet grievances filed against them were investigated. Pointing to the treatment of the grievances against those figures does not establish differential treatment based on political affiliation or power, as Turnbull alleges.[14] Instead it shows that those responsible will investigate meritorious grievances even when brought against politically popular and powerful figures, in direct contrast to Turnbull's allegations. For these reasons, and those in the State Bar Defendant's Motion to Dismiss, Turnbull's Equal Protection claims should be dismissed.

### b. Turnbull has not shown an injury under the First Amendment.

Turnbull has not shown any injury to his First Amendment rights. As shown in the State Bar Defendants' Motion to Dismiss, Turnbull has no right to force the government to consider or act upon his grievances. *See Smith v. Arkansas State Hwy. Emp., Loc. 1315*, 441 U.S. 463, 464–65 (1979). Further, Turnbull has no plausible argument that his speech has been chilled: he filed *three* sets of grievances. Because he has not alleged a violation of his free speech rights, his free speech claim should be dismissed.

### 3. Turnbull does not allege claims under the Texas Constitution.

Turnbull has not alleged a violation of his right to due course of law under the Texas Constitution. Though he claims that the State Bar Defendants deprived him of his right to due course of law by failing to give him a "full and fair explanation" regarding the dismissal of his grievances,[15] Turnbull does not even attempt to respond to the State Bar Defendants' demonstration that Government Code section 81.072(b)(2) does not create a right to a full

---

[13] Pl.'s First Amended Complaint, Dkt. No. 20, ¶¶ 75, 83.
[14] Pl.'s Resp., Dkt. No. 46, at p. 15.
[15] Pl.'s Resp., Dkt. No. 46, at p. 19.

explanation.[16] *See* Tex. Gov't Code 81.072(b)(2). That is because he cannot. Thus Turnbull fails to adequately allege a claim that the State Bar Defendants violated his due course of law right.

In addition, for the same reasons his § 1983 Equal Protection claim fails,[17] Turnbull's state-law Equal Protection claim is insufficient. *See Bell v. Low Income Women*, 95 S.W.3d 253, 266 (Tex. 2002) (state and federal Equal Protection claims are analyzed in the same way). Accordingly, Turnbull's state-law claims should be dismissed.

**C.    Turnbull's claim for injunctive relief fails.**

As exhaustively demonstrated both here and in the State Bar Defendants' Motion to Dismiss, Turnbull cannot succeed on the merits of his lawsuit as he does not have a cognizable interest in the procedures used to consider his bar grievance or in the ultimate outcome of the proceeding. *Martinez,* 797 F. App'x at 167–68. Additionally, there is no substantial threat that Turnbull will suffer an irreparable injury if the injunction is denied. In fact, his only claim of "injury" is that his right to free speech will be "chilled." This claim completely lacks merit because, by his own admission, he filed additional grievances after his alleged Complaints were dismissed and filed suit against *Microsoft*, which is still pending. Because Plaintiff cannot meet all four elements, his request for an injunction should be denied.

## III.
## CONCLUSION

Accordingly, the State Bar Defendants request that Turnbull's claims against them be dismissed with prejudice and that they be awarded their attorneys' fees under 42 U.S.C. § 1988. The State Bar Defendants further request the Court grant them any additional any further relief to which they may be justly entitled.

---

[16] *See supra* § II.A.1; State Bar Defendants' Motion to Dismiss, Dkt. No. 27, at pp. 6–7.
[17] *See supra* § II.B.2.a.

Dated: June 23, 2023                                Respectfully submitted,

**VINSON & ELKINS L.L.P.**

By: */s/ Patrick W. Mizell*
Patrick W. Mizell
State Bar No. 14233980
Federal ID No. 36390
845 Texas Ave., Suite 4700
Houston, TX 77002
T. (713) 758-2932
F. (713) 615-5912
pmizell@velaw.com

Brooke A. Noble
State Bar No. 24110166
Federal ID No. 3421406
Emily S. Bamesberger
State Bar No. 24125107
Federal ID No. 3841474
W. 6th St., Suite 2500
Austin, TX 78701
T. (512) 542-8409
F. (512) 236-3234
bnoble@velaw.com
ebamesberger@velaw.com

true
true
true

**CERTIFICATE OF SERVICE**

    I, Emily Bamesberger, hereby certify that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure to all parties that have appeared via the Court's ECF/CM system on this 23rd day of June 2023.

                                      */s/ Emily S. Bamesberger*
                                      Emily S. Bamesberger