UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL IV, §<br>*Plaintiff,* §<br>v. §<br> §<br>COMMISSION FOR LAWYER §<br>DISCIPLINE; THE OFFICE OF THE §<br>CHIEF DISCIPLINARY COUNSEL; §<br>SEANA WILLING, in her Official Capacity §<br>as Chief Disciplinary Counsel of the State §<br>Bar of Texas, and in her individual capacity; §<br>AMANDA M. KATES, in her Official Capacity §<br>as Assistant Disciplinary Counsel for the Office §<br>of the Chief Disciplinary Counsel, and in her §<br>individual capacity; JOHN S. BRANNON, §<br>in his Official Capacity as Assistant Disciplinary §<br>Counsel for the Office of Chief Disciplinary §<br>Counsel, and in his individual capacity; TIMOTHY §<br>J. BALDWIN, in his Official Capacity as §<br>Administrative Attorney for the Office of the §<br>Chief Disciplinary Counsel, and in his individual §<br>capacity; DANIEL MARTINEZ, in his Official §<br>Capacity as Assistant Disciplinary Counsel for §<br>the Office of the Chief Disciplinary Counsel, and §<br>in his individual capacity; DANIELA GROSZ, in §<br>her Official Capacity as Assistant Disciplinary §<br>Counsel for the Office of the Chief Disciplinary §<br>Counsel, and in her individual capacity; JENNY §<br>HODGKINS, in her Official Capacity as the §<br>Executive Director & General Counsel with the §<br>Board of Disciplinary Appeals, and in her §<br>individual capacity; LAURA GIBSON, §<br>CINDY V. TISDALE, SYLVIA §<br>BORUNDA FIRTH, BENNY AGOSTO, §<br>JR., DAVID N. CALVILLO, ELIZABETH §<br>SANDOVAL CANTU, LUIS CAVAZOS, §<br>CRAIG CHERRY, JASON §<br>CHARBONNET, KELLY-ANN F. §<br>CLARK, JEFF COCHRAN, DAVID C. §<br>COURREGES, THOMAS A. CROSLEY §  | Case No. 1:23-cv-00314-RP |

1

| | |
|---|---|
| STEVE FISCHER, LUCH FORBES, GREGORY M. FULLER, AUGUST W. HARRIS III, MATTHEW J. HILL, FORREST L. HUDDLESTON, LORI M. KERN, MODINAT KOTUN, BILL KROGER, DWIGHT MCDONALD, CARRA MILLER, LAWRENCE MORALES II, LYDIA ELIZONDO MOUNT, KIMBERLY M. NAYLOR, JEANINE NOVOSAD RISPOLI, MICHAEL J. RITTER, AUDIE SCIUMBATO, MARY L. SCOTT, JOHN SLOAN, D. TODD SMITH, G. DAVID SMITH, PAUL K. STAFFORD, ALEX J. STELLY JR., NITIN SUD, RADHA THIAGARAJAN, ROBERT L. TOBEY, AARON Z. TOBIN, ANDREW TOLCHIN, G. MICHAEL VASQUEZ, KIMBERLY PACK WILSON, and KENNON L. WOOTEN in their official capacities as Members of the Board of Directors of the State Bar of Texas,<br>　　　　*Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§§§ |

**DEFENDANT JOHN S. BRANNON'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

COMES NOW Defendant, John S. Brannon ("Brannon") and files this reply to Turnbull's response to Defendant's dismissal motion.

**I. BACKGROUND**

On May 25, 2023, Turnbull filed his amended complaint asserting that he was suing Brannon in his official and individual capacity. [*see generally*, Dkt. #20.] Turnbull asserts that Brannon violated his constitutional rights, pursuant to 28 U.S.C. § 1331, and generally claimed that he was suing Brannon for violations of the Equal Protection and First Amendment provisions

of the Constitution under 42 U.S.C. § 1983, and for violations of the "Texas Constitution, Art. 1 §§ 13 and 19." [*see generally,* Dkt. #20.]

On June 19, 2023, Turnbull filed *Plaintiff's Response to Defendant Brannon's First Amended Motion to Dismiss* ("Dismissal Motion Response") (*see generally,* Dkt. #37), asserting he sustained *injuries* as a result of Brannon's actions in violation of his Equal Protection rights and in retaliation against him for exercising his First Amendment rights." [Dkt. #37, pp. 7-15.] As set forth below, it is impossible for Turnbull to have suffered an *injury* because a complainant who files a grievance against a licensed Texas attorney is not: 1) a party to a Disciplinary Proceeding and/or Disciplinary Action; and/or 2) afforded any relief as a result of filing such grievances.

## II. ARGUMENTS

### A. *Turnbull cannot show he suffered an "injury" and lacks standing to assert any cause of action against Defendant.*

In his response, Turnbull provides no authority to refute Defendant's contention that as a complainant, Turnbull was not a "party" to a Disciplinary Proceeding and entitled to relief associated with the processing of his alleged grievances/Complaints. *See Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020). Turnbull bears the burden of establishing standing to bring this lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Absent a statute expressly conferring standing, Turnbull must establish Article III standing by alleging some threatened or actual injury, which can fairly be traced to a defendant's conduct, which was illegal. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42-43 (1976); *Lujan*, 504 U.S. at 560.

Here, Turnbull cannot establish he has standing to sue Brannon because he "does not have a cognizable interest in the decision to prosecute a third party." *Martinez,* 797 F. App'x. at 168, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Additionally, he

is unable to show he suffered an injury and cannot "show that the consideration of his bar grievance 'produce[d] erroneous or unreliable results [that] imperil[ed] a protected liberty or property interest.'" *Martinez* 797 F. App'x. at 168 (citing *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997)).

This Court has held that a complainant who files a grievance against a licensed Texas attorney does not have "a federally protected constitutional right to have his grievances resolved to his satisfaction." *Read v. Hsu*, No. 1:18-CV-622-RP, 2018 WL 10761921, at *2 (W.D. Tex. Nov. 13, 2018) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)). In fact, an array of federal courts have consistently held that a complainant has no federally-protected constitutional right to have someone else prosecuted or disciplined for alleged professional misconduct.[1] Because it is impossible for Turnbull to show that he suffered an "injury" as a complainant in the Texas attorney grievance process, or that he has a federal constitutional right in Texas' processing of his grievances, Turnbull has no plausible Equal Protection and/or First Amendment rights "under *Ex Parte Young.*"[2] [Dkt. #34, pp. 11 and 16.]

### B. Defendant is immune from Turnbull's claims related to Defendant's performance of his duties assisting the Chief Disciplinary Counsel's administration of the Texas attorney disciplinary system.

In the event this Court believes Turnbull has standing to bring this lawsuit, Brannon argues

---

[1] *See e.g.*, *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1570 (10th Cir. 1993) (finding that "there is no constitutional right to have someone else prosecuted or disciplined" and "the investigatory powers conferred by the Oklahoma Supreme Court's Rules were not established to serve the private purposes of grievants."); *Smith v. Shook*, 237 F.3d 1322, 1324–25 (11th Cir. 2001) (holding complainant lacked standing to challenge decision not to prosecute complainant's former attorney); *Mele v. State of Connecticut*, No. 3:06-CV-1571JCH, 2007 WL 484618, at *2 (D. Conn. Feb. 6, 2007) ("Research has revealed no cases finding a protected interest in having an attorney grievance investigated to the complainant's satisfaction. Courts considering the issue have held that the complainant has no right to compel any investigation.")

[2] See *Bradt v. State Bar of Texas,* 905 S.W.2d 756, 758 (Tex.App. – Houston [14th Dist.] 1995, no writ) (finding there is no right under the United States Constitution or federal law which requires the State Bar to process Bradt's grievance against Judge West.)

4

that Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). The Fifth Circuit emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000). Brannon is also protected by Texas Rules of Disciplinary Procedure 17.09 ("Rule 17.09"), which provides Brannon absolute and unqualified immunity, and Eleventh Amendment immunity. *See Burch v. State Bar of Texas*, No. 07-19-00224-CV, 2020 WL 830982, at *1 (Tex. App.—Amarillo Feb. 19, 2020, pet. denied) (applying Rule 17.09 to grant plea of jurisdiction against complainant who sued the State Bar of Texas for dismissing his grievances); *Welch v. Tex. Dep't of Highways & Public Transp.*, 483 U.S. 468, 473-474 (1987); *Hans v. Louisiana*, 134 U.S. 1, 16-17 (1890).

Once a government official has asserted qualified immunity the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). To determine whether the plaintiff has successfully overcome qualified immunity, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all – prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right." *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted). Next, the court must consider whether the defendant's conduct was nonetheless *objectively reasonable* in light of clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

As stated above, Turnbull has no federally protected constitutional right related to the handling of his attorney grievances. Further, as set forth below, Brannon's actions in assisting Defendant Willing's investigation of Turnbull's alleged Complaints were more than reasonable.

### C. Turnbull's only claim against Brannon relates to his discretionary action in assisting the Chief Disciplinary Counsel in investigating alleged grievances that were upgraded to Complaints against the Microsoft Attorneys, pursuant to the TRDP.

Turnbull's lawsuit, as further clarified in his Dismissal Motion Response, does not state a plausible claim that Defendant failed to follow the Texas Rules of Disciplinary Procedure ("TRDP"), as promulgated by the Texas Supreme Court.[3] Turnbull also completely misrepresents to this Court that his alleged grievances/Complaints were treated differently than other grievances/Complaints in "similarly situated" Disciplinary Proceedings. [Dkt. #37, p. 12.]

Turnbull has based his entire lawsuit on the notion that the alleged grievances/Complaints he filed against opposing counsel (the "*Microsoft Attorneys*") in the pending lawsuit that he and his law firm ("TLG") filed against the Microsoft Corporation, demonstrated his *belief* that the *Microsoft Attorneys* committed professional misconduct. He *believes* that his alleged grievances/Complaints against the *Microsoft Attorneys* were treated differently than what he *thinks* were similar grievances/Complaints that led to district court disciplinary actions currently pending against Texas attorneys Warren Kenneth Paxton, Brent Webster, and Sidney Powell.[4] That is,

---

[3] Despite Turnbull's contention that the "CDC does not afford complainants the type of safeguards necessary to control unconstitutional conduct…", the Texas Supreme Court, not defendants, promulgate the rules that the CDC and Defendants are required to follow. See *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that State Bar of Texas may propose changes to the rules but only the Texas Supreme Court can promulgate and adopt new rules).

[4] Turnbull cites three disciplinary actions in his lawsuit: *Comm'n for Law. Discipline v. Warren Kenneth Paxton, Jr.*, Cause No. 471-02574-2022, in the 471st Judicial District Court, Collin County, Texas; *Comm'n for Law. Discipline v. Brent Webster*, Cause No. 22-0594-C9368, in the 368th Judicial District Court, Williamson County, Texas; and *Comm'n for Law. Discipline v. Sidney Powell,* Cause No. DC-22-02562, in the 116th Judicial District Court, Dallas County, Texas. [Dkt. #20, p. 18 fn. 1-3.]

Turnbull *feels like* his alleged Complaints against the *Microsoft Attorneys* should have been presented to an Investigatory Hearing, as was done in *Paxton, Powell,* and *Webster,* instead of to a Summary Disposition Panel. However, Turnbull is keenly aware that: 1) his representations to this Court are false; 2) his alleged grievances/Complaints are not "similarly situated" to the cases he references; 3) Brannon did not make the decisions Turnbull alleges; and 4) his grievances/Complaints were processed in accordance with the TRDP.

First, no two grievances/Complaints are the same. The public trial court record in *Paxton* and *Webster*, shows stark differences in the allegations that Turnbull indicates were the basis of his alleged grievances/Complaints against the *Microsoft Attorneys* and the grievances/Complaints that were the basis for the disciplinary actions in *Paxton* and *Webster.* In fact, the allegations against Paxton and Webster were for misrepresentations they made in written court pleadings that they signed and filed in the U.S. Supreme Court and were upgraded to Complaints *after the conclusion of the underlying litigation.* Additionally, the public court record shows that before the grievances were upgraded to Complaints and presented to an Investigatory Hearing Panel, multiple federal courts in Michigan, Georgia, and Wisconsin, issued opinions and/or decisions finding similar factual representations before their courts were "deceiving", "unsupported by law or fact", "frivolous", and "debunked", and that a lawsuit based on these similar factual representations should be dismissed.[5] The record also shows that the investigation by the Chief Disciplinary Counsel ("CDC") related to the Complaints against Paxton and Webster included novel arguments

---

[5] See the decision of the Honorable U.S. District Judge Linda Parker in *King et. al. v. Whitmer et. al.*, 2020 WL 7134198 (E.D. Mich. Dec 7, 2020)(finding plaintiffs' allegations were false and "lacked evidentiary support", which included the allegation that 6,000 votes were switched by Dominion voting machines from Donald Trump to Joe Biden, in Michigan.) This same representation was made by Paxton and Webster in Case No. 22O155, styled: *State of Texas v. Commonwealth of Pennsylvania, State of Georgia, State of Michigan, and State of Wisconsin* before the United States Supreme Court.

concerning whether the defenses of separation of powers doctrine and sovereign/official immunity affect the application of the Texas Disciplinary Rules of Professional Conduct ("TDRPC") against an executive branch attorney. *None of these supporting factors and/or arguments exist as to Turnbull's alleged grievances/Complaints.* As such, Turnbull's representations his alleged Complaints are similar to those in *Paxton, Webster,* and *Powell* are false.

Secondly, Turnbull's statement that "Brannon acted arbitrarily and with discriminatory intent in classifying Turnbull's Grievances as inquiries and dismissing them …" is just a desperate attempt to keep this lawsuit alive. As set forth in Turnbull's own *Plaintiff's Response to First Amended Motion to Dismiss by Danelia (sic) Grosz and Daniel Martinez*, Turnbull has already admitted that both defendants Grosz and Martinez were the CDC attorneys "involved in the classification process" in the office of the CDC (Dkt. #34, p. 7, fn. 2), and assisted the CDC with her discretionary decision to classify Turnbull's grievances, pursuant to Rule 2.10A of the TRDP, as an Inquiry or a Complaint. [Dkt. #34, p. 14.] In fact, Turnbull specifically states that he is aware that Grosz and Martinez "assisted the CDC's classification…" of his alleged grievances/Complaints. [Dkt. #34, p. 14.]

Lastly, Turnbull argues that Brannon deprived him of his Equal Protection Rights when Brannon "determined that Just Cause did not exist, and decided to place the Complaints on the Summary Disposition Docket . . ." [Dkt. # 37, p. 14.] However, Turnbull has already set forth in his pleadings to this Court, that it was Defendant Willing, not Brannon, that made the "initial" determination that no "Just Cause" existed to proceed with his alleged Complaints, and that Willing, *as required by the TRDP,* placed Turnbull's Complaints before a Summary Disposition Panel for the panel's review. [Dkt. #20, p. 24 and Dkt. #33, pp. 13-14.] *See* TEX. RULES DISCIPLINARY P.R. 2.12-2.13. As such, Turnbull knows that Brannon did not dismiss his alleged

Complaints as only a Summary Disposition Panel had the ability to dismiss his alleged Complaints. *See* TEX. RULES DISCIPLINARY P.R. 2.12-2.13.

### *D. Turnbull fails to provide any authority that would negate the immunities afforded Defendants.*

Turnbull is now claiming he is seeking "damages against various Defendants in their individual capacities and only injunctive relief against the CFLD." [Dkt. #37 p. 5]. He claims the "*Ex Parte Young*" exception to Eleventh Amendment immunity applies. However, as detailed above, Turnbull, as a complainant in the attorney grievance process, is not entitled to any relief in return for filing his alleged grievances against the *Microsoft Attorneys* and has no standing to bring this lawsuit because he is unable to show he sustained an injury. Turnbull also cannot attempt to circumvent his lack of standing with a claim that he is only seeking injunctive relief against the CFLD.[6] Thus, Turnbull's argument that the "*Ex Parte Young*" exception applies to his claims fails, so Brannon is entitled to the immunities afforded him by the Eleventh Amendment, the Texas Rules of Disciplinary Procedure, and/or qualified immunity. Likewise, Turnbull's claim that Brannon's actions were retaliatory in nature or were influenced by some imagined conflict of interest does not defeat the immunity defenses afforded to Brannon. [Dkt. #37, p. 22]

Turnbull tries to argue that Brannon arbitrarily dismissed Turnbull's Complaints[7] [Dkt.

---

[6] Assuming Turnbull survived the lack of standing issue, he would still be unable to use the *Ex Parte Young* exception to eviscerate the immunities afforded the CFLD and Willing because he cannot show that either of them has a duty to "enforce the statute" at issue. *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020); *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotation marks omitted). This is because the Supreme Court of Texas, not the CFLD or Willing, is charged with enforcement of the statutes governing the attorney disciplinary system in Texas.

[7] Turnbull also falsely alleged that Brannon "sought to silence Turnbull by *classifying* his Grievances as inquiries" [Dkt #37, p. 16] (Emphasis added.) However, Turnbull *knows* that Brannon only assisted in the investigation of his alleged grievances after they were upgraded to complaints, and that Brannon had no part in the *classification* of any alleged grievance.

#37, pp. 22], and that he did so for some ulterior motive due to an alleged conflict of interest that should have prevented him from assisting the CDC in her investigation of Turnbull's alleged Complaints against the *Microsoft Attorneys.* [Dkt. #37, p. 12-14]. Turnbull recites a fantastical scenario that Brannon somehow knew that a third attorney, employed by Microsoft, was represented by the law firm of *Holland and Knight* in a disciplinary proceeding before the Washington State Bar Association. Turnbull does *not* claim that *Holland and Knight* represented the *Microsoft Attorneys,* related to his alleged Complaints in Texas. Nonetheless, he claims that Brannon had a conflict of interest, as to the *Microsoft Attorneys,* due to a third attorney's representation by *Holland and Knight*. While Brannon previously worked for *Thompson and Knight* in Texas and the two firms merged in 2021, Turnbull neglected to disclose that Brannon has not worked for *Thompson and Knight* since 2013, eight years before the merger and ten years before Turnbull allegedly filed his grievances. To claim that Brannon was influenced by *Holland and Knight's* representation of an attorney in a disciplinary matter in the State of Washington, is illogical and irrational.

However, the reasons for Brannon's actions are irrelevant to a determination of whether he is entitled to immunity. The only consideration the court needs to consider to establish Brannon's immunity is whether there is a connection between his job duties and the alleged conduct. *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017). Turnbull does not dispute that Brannon was performing his job duties at the time of the alleged conduct. Rather, Turnbull claims that Brannon retaliated against him and made "arbitrary and capricious" decisions, in part due to an imagined conflict of interest. [Dkt. no. 20 p. 36]. Therefore, this claim is false and insufficient to negate any immunity as the determination of whether an employee is performing his job duties does not

include any assessment of the employee's state of mind, even if the employee had an ulterior motive or some personal animus. *Id.* at 753.

### E. Turnbull claims that without the injunctive relief he seeks, he has no recourse against the Microsoft Attorneys, whom he feels acted inappropriately.

Turnbull claims that, without the injunctive relief he seeks, he has "no means of finding redress for the defamatory, unethical, and abusive conduct" of the *Microsoft Attorneys* he allegedly filed grievances against. [Dkt. #37, p. 10.] However, this is a *misrepresentation* of the legal remedies available to Turnbull. First, again, Turnbull is not entitled to any relief in return for filing his alleged grievances/Complaints against the *Microsoft Attorneys* and no attorney should ever be able *to seek relief* against opposing counsel through the Texas attorney disciplinary process. Second, if the evidence supports it, Turnbull could be entitled to relief against the *Microsoft Attorneys* in state district court. Third, if Turnbull obtains new evidence after the conclusion of his lawsuit against Microsoft supporting his contention that the *Microsoft Attorneys* violated Rule 8.04(a)(3) of the TDRPC, he could file a new grievance within the time permitted under the TRDP. *See* Tex. Rules Disciplinary P. 17.06A.

Instead, Turnbull appears to have filed these alleged grievances against the *Microsoft Attorneys* in an attempt to leverage opposing counsel in his ongoing lawsuit against Microsoft.[8] As is set forth in both the Preamble and Rule 4.04(b)(1) of the TDRPC, the Texas Supreme Court never envisioned a process where an attorney could file grievances against opposing counsel in order to gain an advantage in ongoing litigation. In fact, such action is a violation of the

---

[8] Turnbull filed suit against Microsoft in Cause No. 2019-78266 styled *Turnbull v. Microsoft Corp.*, in the 190th Judicial District Court of Harris County Texas on October 25, 2019. The case remains pending. According to his pleadings, Turnbull filed his grievance on February 10, 2021. (Dkt. #20 p. 15).

disciplinary rules.[9]

### III. Conclusion

This suit should be dismissed because Turnbull, as a complainant in an attorney Disciplinary Proceeding, does not have standing to bring this suit against Brannon or any of the defendants. Further, Brannon is entitled to absolute immunity granted by Texas Rule of Disciplinary Procedure 17.09, qualified immunity, and the immunity afforded by the Eleventh Amendment. Additionally, Turnbull's conclusory statements present no cognizable allegation that indicate Brannon did anything other than follow the TRDP in assisting the CDC in her investigation of Turnbull's alleged Complaints. As such, Turnbull has failed to show that Brannon violated any clearly established statutory or constitutional right.

### IV. Prayer

WHEREFORE, Defendant John S. Brannon prays that this Court grant his Motion to Dismiss Turnbull's lawsuit against him. Defendant further requests any and all further relief to which he may be entitled.

Submitted respectfully,

SEANA WILLING
Chief Disciplinary Counsel

_____
**Judith Gres DeBerry**
Assistant Disciplinary Counsel
State Bar No. 24040780

---

[9] Rule 4.04(b)(1) prohibits a lawyer from presenting, participate in presenting or threatening to present criminal or *disciplinary* charges solely to gain an advantage in a civil matter. Tex. Disciplinary Rules of Prof'l Conduct. 4.04(b)(1). See also Tex. Disciplinary Rules of Prof'l Conduct, Preamble ¶15.

**ROYCE LEMOINE**
Deputy Counsel for Administration/
Austin Regional Counsel
State Bar No. 24026421

**Richard Huntpalmer**
Assistant Disciplinary Counsel
State Bar No. 24097875

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:    (512) 427-1350
Facsimile:     (512) 427-4167
Email: Jdeberry@texasbar.com
Email: Rhuntpalmer@texasbar.com
Email: Royce.lemoine@texasbar.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Judith Gres DeBerry, certify that a true and correct copy of Defendant John S. Brannon's Reply to Plaintiff's Response to Defendants Motion to Dismiss has been served via the Court's Electronic Case Files system on this 26th day of June 2023, and via electronic filing through EC/CMF addressed to all parties.

*Judith Gres DeBerry*
Judith Gres DeBerry