IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL IV, § § § *Plaintiff*, § § v. § § COMMISSION FOR LAWYER § DISCIPLINE; THE OFFICE OF THE § CHIEF DISCIPLINARY COUNSEL; § SEANA WILLING, in her Official § Capacity as Chief Disciplinary Counsel of § the State Bar of Texas, and in her § individual capacity; AMANDA M. § KATES, in her Official Capacity as § Assistant Disciplinary Counsel for the § Office of the Chief Disciplinary Counsel, § and in her individual capacity; JOHN S. § BRANNON, in his official capacity as § Assistant Disciplinary Counsel for the § Office of the Chief Disciplinary Counsel, § and in his individual capacity; TIMOTHY § J. BALDWIN, in his official capacity as § Administrative Attorney for the Office of § the Chief Disciplinary Counsel, and in his § individual capacity; DANIEL § MARTINEZ, in his official capacity as § Assistant Disciplinary Counsel for the § Office of the Chief Disciplinary Counsel, § and in his individual capacity; DANIELA § GROSZ, in her official capacity as § Assistant Disciplinary Counsel for the § Office of the Chief Disciplinary Counsel, § and in her individual capacity; JENNY § HODGKINS, in her official capacity as the § Executive Director & General Counsel § with the Board of Disciplinary Appeals, § and in her individual capacity; Laura § Gibson, Cindy V. Tisdale, Sylvia Borunda § Firth, Benny Agosto, Jr., David N. § Calvillo, Elizabeth Sandoval Cantu, Luis § Cavazos, Craig Cherry, Jason § Charbonnet, Kelly-Ann F. Clarke, Jeff § Cochran, David C. Courreges, Thomas A. § | CASE NO. 1:23-cv-00314  JURY TRIAL DEMANDED |

| | |
|---|---|
| **Crosley, Steve Fischer, Lucy Forbes, Gregory M. Fuller, August W. Harris III, Matthew J. Hill, Forrest L. Huddleston, Lori M. Kern, Modinat Kotun, Bill Kroger, Dwight McDonald, Carra Miller, Lawrence Morales II, Lydia Elizondo Mount, Kimberly M. Naylor, Jeanine Novosad Rispoli, Michael J. Ritter, Audie Sciumbato, Mary L. Scott, John Sloan, D. Todd Smith, G. David Smith, Paul K. Stafford, Alex J. Stelly Jr., Nitin Sud, Radha Thiagarajan, Robert L. Tobey, Aaron Z. Tobin, Andrew Tolchin, G. Michael Vasquez, Kimberly Pack Wilson, and Kennon L. Wooten in their official capacities as Members of the Board of Directors of the State Bar of Texas,** *Defendants.* | § § § § § § § § § § § § § § § § § § § |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY

TO THE HONORABLE JUDGE OF WESTERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Edward Randolph Turnbull IV ("Plaintiff"), and respectfully requests leave of this Court to file a Reply to Defendants, The Commission for Lawyer Discipline and Seana Willing's Reply to Plaintiff's Response to Its Motion to Dismiss (Doc. 39), Daniela Grosz and Daniel Martinez's Reply (Doc. 40), and John S. Brannon's Reply (Doc. 42). In support of this motion, Relator states:

1. Defendants, Commission for Lawyer Discipline and Seana Willing's, filed their First Amended Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion") (Doc. 22) on May 3, 2023. Plaintiff filed his Response to First Amended Motion to Dismiss by Commission for Lawyers Discipline and Seana Willing on June 14, 2023 (Doc. 33). On June 21, 2023, Defendants Commission for Lawyer Discipline and Seana Willing's filed their Reply to Plaintiff's Response to its Motion to Dismiss (Doc. 39).

2. Defendant, John Brannon filed his First Amended Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion") (Doc. 29) on June 5, 2023.

Plaintiff filed his Response to First Amended Motion to Dismiss by John Brannon on June 19, 2023 (Doc. 37).  On June 26, 2023, Defendant John Brannon filed his Reply to Plaintiff's Response to its Motion to Dismiss (Doc. 42).

3. Defendants, D. Grosz and Daniel Martinez's filed their First Amended Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion") (Doc. 24) on June 1, 2023. Plaintiff filed his Response to First Amended Motion to Dismiss by Defendants, D. Grosz and Daniel Martinez on June 15, 2023 (Doc. 34).  On June 21, 2023, Defendants D. Grosz and Daniel Martinez filed their Reply to Plaintiff's Response to its Motion to Dismiss (Doc. 40).

4. After reviewing Defendants' Replies, it is necessary for Plaintiff to file a sur-reply addressing Defendants' factual assertions – not previously made – regarding the similarly situated nature of the Paxton/Powell/Webster Grievances referenced in Plaintiff's First Amended Complaint. Accordingly, Plaintiff requests leave to file a sur-reply.

5. Counsel for Plaintiff has conferred with counsel for Defendants, and Defendants are opposed to this Motion for Leave.

6. Plaintiff's proposed reply is attached hereto as Exhibit 1.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion for Leave to File a Sur-Reply as requested herein and direct the Clerk to file the Reply attached to this Motion as Exhibit 1.

        Respectfully submitted,

        **WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
        1515 Emerald Plaza
        College Station, Texas 77845
        Telephone:  (979) 694-7000
        Facsimile:  (979) 694-8000

        By: */s/ Gaines West*
           GAINES WEST
           State Bar No. 21197500
           Email ~ gaines.west@westwebblaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of this document upon each attorney of record through the Court's ECF system on this the 27th day of June 2023.

                                          */s/ Gaines West*
                                          GAINES WEST

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS,
## AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD RANDOLPH TURNBULL IV, <br> *Plaintiff*, <br> v. <br><br> COMMISSION FOR LAWYER DISCIPLINE; THE OFFICE OF THE CHIEF DISCIPLINARY COUNSEL; SEANA WILLING, in her Official Capacity as Chief Disciplinary Counsel of the State Bar of Texas, and in her individual capacity; AMANDA M. KATES, in her Official Capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in her individual capacity; JOHN S. BRANNON, in his official capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in his individual capacity; TIMOTHY J. BALDWIN, in his official capacity as Administrative Attorney for the Office of the Chief Disciplinary Counsel, and in his individual capacity; DANIEL MARTINEZ, in his official capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in his individual capacity; DANIELA GROSZ, in her official capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in her individual capacity; JENNY HODGKINS, in her official capacity as the Executive Director & General Counsel with the Board of Disciplinary Appeals, and in her individual capacity; Laura Gibson, Cindy V. Tisdale, Sylvia Borunda Firth, Benny Agosto, Jr., David N. Calvillo, Elizabeth Sandoval Cantu, Luis Cavazos, Craig Cherry, Jason Charbonnet, Kelly-Ann F. Clarke, Jeff Cochran, David C. Courreges, Thomas A. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CASE NO. 1:23-cv-00314 <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| **Crosley, Steve Fischer, Lucy Forbes, Gregory M. Fuller, August W. Harris III, Matthew J. Hill, Forrest L. Huddleston, Lori M. Kern, Modinat Kotun, Bill Kroger, Dwight McDonald, Carra Miller, Lawrence Morales II, Lydia Elizondo Mount, Kimberly M. Naylor, Jeanine Novosad Rispoli, Michael J. Ritter, Audie Sciumbato, Mary L. Scott, John Sloan, D. Todd Smith, G. David Smith, Paul K. Stafford, Alex J. Stelly Jr., Nitin Sud, Radha Thiagarajan, Robert L. Tobey, Aaron Z. Tobin, Andrew Tolchin, G. Michael Vasquez, Kimberly Pack Wilson, and Kennon L. Wooten in their official capacities as Members of the Board of Directors of the State Bar of Texas,** *Defendants*. | §§§§§§§§§§§§§§§§§§§ |

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO REPLIES FILED BY DEFENDANTS COMMISSION FOR LAWYER DISCIPLINE, SEANA WILLING, JOHN S. BRANNON, DANIELA GROSZ, AND DANIEL MARTINEZ**

TO THE HONORABLE JUDGE OF WESTERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Edward Randolph Turnbull IV ("Turnbull" or "Plaintiff"), and files this Sur-Reply in Response to Replies filed by Defendants Commission for Lawyer Discipline, Seana Willing (Doc. 39), John S. Brannon (Doc. 42), Daniela Grosz, and Daniel Martinez (Doc. 40)).

Defendants wrongfully contend that Turnbull falsely describes the similarly situated nature of his Grievances, when compared to the Paxton/Powell/Webster Grievances. Yet, the Replies neither state facts showing how Turnbull's representations were false nor demonstrate that the Paxton/Powell/Webster Grievances were not similarly situated. Even with Defendants' assertions in the Replies, Turnbull's representations are still *not* false. In fact, most of the Defendants' arguments in regard to their assertions actually support Turnbull's factual representations and

assertion that the cases are similarly situated. For example, Turnbull stated that the grievances brought against Paxton, Powell, and Webster, were brought "based on allegations that these attorneys misrepresented the truth and were dishonest in their pleadings filed with a court."[1] The Replies confirm this fact, stating, "the allegations against Paxton and Webster were for misrepresentations they made in written court pleadings that they signed and filed in the U.S. Supreme Court."[2] Regardless though, under motion to dismiss proceedings, "all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (citations omitted).

In addition, Defendants argue that Turnbull knows his representations to this Court are false because "no two grievances/Complaints are the same."[3] This is a complete misstatement of Turnbull's burden. Turnbull is not required to show that his grievance and the grievances against Paxton, Powell, and Webster are factual quadruplets. "[T]here is no precise formula to determine whether an individual is similarly situated to comparators." *See DM Arbor Ct., Ltd. v. City of Houston, Texas*, 622 F. Supp. 3d 426, 441 (S.D. Tex. 2022) (quoting *Lindquist v. City of Pasadena Tex.*, 669 F.3d 225, 233 (5th Cir. 2012)). "Rather, the Court must evaluate 'the full variety of factors that an objectively reasonable … decisionmaker would have found relevant in making the challenged decision.'" *Id.* (quoting *Lindquist* at 234).

Of course, there will be factual differences—this is not Turnbull's argument. Rather, Turnbull's point is that the basis for the grievances is the same—the attorney filed pleadings before a court that included factual misrepresentations that the attorney was aware of. Again, as referenced above, the Replies actually confirm that the basis for the grievances were the same.[4]

---

[1] Pl.'s First Amen. Compl. ¶ 58.
[2] *See* Doc. 39, p. 7; Doc. 40, p. 7; Doc. 42, p. 7.
[3] *Id.*
[4] *Id*.

Ultimately, if all Defendants had to show was that "no two grievances/Complaints are the same," (*i.e.*, a few small, factual differences existed between the compared grievances) Defendants could *never* violate an individual's rights through discrimination, and this Court would be giving Defendants free reign to discriminate as they choose, and as they did here.

Defendants further attempt to show that "the cases referenced were not similarly situated," arguing that "the CDC's investigation related to the Complaints against Paxton and Webster included novel arguments concerning the defenses of separation of powers doctrine, sovereign and official immunity, and the application of the TDRPC against an executive branch attorney exercising both executive and judicial functions."[5] In other words, Defendants argue that because the underlying legal arguments differ between Turnbull's grievances and the grievances filed against Paxton, Powell, and Webster, their arbitrary and capricious treatment is excused. But the complexity, or novelty, of the legal arguments does not detract from the reality that <u>the bases for the grievances were the same</u>—Paxton, Powell, and Webster, like the Respondent Attorneys here, were alleged to have made false statements to a court. Turnbull has shown that, despite being faced with the same professional misconduct, the Defendants treated Turnbull's grievances differently from the Paxton, Powell, and Webster grievances.

## Prayer for Relief

Accordingly, Turnbull prays that the Defendants' Motions to Dismiss be denied and that this Court grant such other and further relief, in law or in equity, general or special, to which Turnbull may be justly entitled.

---

[5] *Id.* at pp. 7–8.

Respectfully submitted,

**WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845
Telephone:  (979) 694-7000
Facsimile:   (979) 694-8000


By:      */s/ Gaines West*
         GAINES WEST
         State Bar No. 21197500
         Email ~ gaines.west@westwebblaw.com


## CERTIFICATE OF SERVICE

　　I hereby certify that I have served a true and correct copy of this document upon each attorney of record through the Court's ECF system on this the 27th day of June 2023.


         */s/ Gaines West*
         GAINES WEST