UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD RANDOLPH TURNBULL IV, | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | Case No. 1:23-cv-00314-RP |
| COMMISSION FOR LAWYER | § | |
| DISCIPLINE; THE OFFICE OF THE | § | |
| CHIEF DISCIPLINARY COUNSEL; | § | |
| SEANA WILLING, in her Official Capacity | § | |
| as Chief Disciplinary Counsel of the State | § | |
| Bar of Texas, and in her individual capacity; | § | |
| AMANDA M. KATES, in her Official Capacity | § | |
| as Assistant Disciplinary Counsel for the Office | § | |
| of the Chief Disciplinary Counsel, and in her | § | |
| individual capacity; JOHN S. BRANNON, | § | |
| in his Official Capacity as Assistant Disciplinary | § | |
| Counsel for the Office of Chief Disciplinary | § | |
| Counsel, and in his individual capacity; TIMOTHY | § | |
| J. BALDWIN, in his Official Capacity as | § | |
| Administrative Attorney for the Office of the | § | |
| Chief Disciplinary Counsel, and in his individual | § | |
| capacity; DANIEL MARTINEZ, in his Official | § | |
| Capacity as Assistant Disciplinary Counsel for | § | |
| the Office of the Chief Disciplinary Counsel, and | § | |
| in his individual capacity; DANIELA GROSZ, in | § | |
| her Official Capacity as Assistant Disciplinary | § | |
| Counsel for the Office of the Chief Disciplinary | § | |
| Counsel, and in her individual capacity; JENNY | § | |
| HODGKINS, in her Official Capacity as the | § | |
| Executive Director & General Counsel with the | § | |
| Board of Disciplinary Appeals, and in her | § | |
| individual capacity; LAURA GIBSON, | § | |
| CINDY V. TISDALE, SYLVIA | § | |
| BORUNDA FIRTH, BENNY AGOSTO, | § | |
| JR., DAVID N. CALVILLO, ELIZABETH | § | |
| SANDOVAL CANTU, LUIS CAVAZOS, | § | |
| CRAIG CHERRY, JASON | § | |
| CHARBONNET, KELLY-ANN F. | § | |
| CLARK, JEFF COCHRAN, DAVID C. | § | |
| COURREGES, THOMAS A. CROSLEY | § | |

1

STEVE FISCHER, LUCH FORBES,                §
GREGORY M. FULLER, AUGUST W.                §
HARRIS III, MATTHEW J. HILL,                §
FORREST L. HUDDLESTON, LORI M.             §
KERN, MODINAT KOTUN, BILL                  §
KROGER, DWIGHT MCDONALD,                   §
CARRA MILLER, LAWRENCE                     §
MORALES II, LYDIA ELIZONDO                 §
MOUNT, KIMBERLY M. NAYLOR,                 §
JEANINE NOVOSAD RISPOLI,                   §
MICHAEL J. RITTER, AUDIE                   §
SCIUMBATO, MARY L. SCOTT, JOHN             §
SLOAN, D. TODD SMITH, G. DAVID             §
SMITH, PAUL K. STAFFORD, ALEX J.           §
STELLY JR., NITIN SUD, RADHA               §
THIAGARAJAN, ROBERT L. TOBEY,              §
AARON Z. TOBIN, ANDREW TOLCHIN,            §
G. MICHAEL VASQUEZ, KIMBERLY               §
PACK WILSON, and KENNON L.                 §
WOOTEN in their official capacities as     §
Members of the Board of Directors of the   §
State Bar of Texas,                        §
     *Defendants.*                          §

---

**DEFENDANT TIMOTHY J. BALDWIN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12 (b)(6)**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

    COMES NOW Defendant Timothy J. Baldwin ("Baldwin") and files this motion to dismiss Plaintiff, Edward Randolph Turnbull, IV's ("Turnbull"), lawsuit against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Baldwin offers the following:

**I. INTRODUCTION**

    Turnbull filed this lawsuit against Baldwin on or about March 22, 2023, and amended it on May 25, 2023. Baldwin waived service on June 8, 2023, making his first responsive pleading due on or before August 4, 2023.  In his amended complaint, Turnbull asserts that all fifty-plus defendants he named in his lawsuit violated his constitutional rights, pursuant to 28 U.S.C. § 1331.

He also generally claims that he is suing all the defendants for violations of the Equal Protection and First Amendment provisions of the Constitution under 42 U.S.C. § 1983, as well as for violations of the "Texas Constitution, Art. 1 §§ 13 and 19." [*see generally* Dkt. #20, ¶ 19]. However, Turnbull's lawsuit is seemingly only an *expression* of his displeasure that a *voluntary grievance committee panel*[1] did not agree with his opinion that two attorneys (the "Microsoft Attorneys"), serving as opposing counsel in an *ongoing* lawsuit that he filed against Microsoft Corporation, committed professional misconduct as he alleges.[2] [Dkt. #20, ¶¶ 21-40].

Specifically, Turnbull claims that he filed grievances against the Microsoft Attorneys because *he believes* they committed professional misconduct while defending Microsoft Corporation in the above referenced lawsuit he filed on behalf of himself and his law firm, Turnbull Legal Group, PLLC ("TLG"). He asserts that, pursuant to a Microsoft Service Agreement, TLG had been using a OneDrive[3] account to store client files and records, and sometime in October 2019, Microsoft suspended TLG's OneDrive account, denying TLG access to its client files, after Microsoft determined that there was "child pornography among TLG's Data . . .." Turnbull indicates that he was notified by Microsoft that the "material had been removed from TLG's account, and that TLG had been reported to federal authorities." [Dkt. #20, ¶¶ 23-28, 36].

Turnbull claims the Microsoft Attorneys wrongfully withheld TLG property, made misrepresentations to him during their verbal discussions, and made misrepresentations in their

---

[1] Defendants remain subject to the confidentiality requirements imposed by the Texas Rules of Disciplinary Procedure ("TRDP") with regard to all information and/or associated records concerning any underlying attorney grievances *allegedly* filed by Turnbull.  Tex. Rules Disciplinary P. 2.16, *reprinted in* Tex. Gov't Code Ann., tit. 2, Subtit. G, app. A-1 (West 2005).

[2] Cause No. 2019-78266, *Turnbull Legal Group, PLLC, & Edward Randolph Turnbull, IV, v. Microsoft Corp.*, in the 190th Judicial District Court of Harris County, Texas (the "Harris County Case"); in which Turnbull seeks injunctive relief, damages, DTPA treble damages, and costs and attorney's fees.

[3] OneDrive is an online cloud storage service operated by Microsoft.

pleadings when they referred to the content found on TLG's OneDrive as "child pornography." However, as mentioned above, the alleged misrepresentations he claims the Microsoft Attorneys made in their pleadings and/or whether TLG property was improperly withheld, involve unresolved facts issues still pending before the district court in Turnbull's lawsuit against Microsoft.

In this lawsuit, Turnbull misstates the facts and contradicts himself.  Turnbull claims that Baldwin, and others, determined that Just Cause did not exist and "dismissed his Grievances." [Dkt. #20, ¶ 77]. However, elsewhere, Turnbull admits that a "Summary Disposition Panel of the District 4 Grievance Committee dismissed [his alleged] First Grievances." [Dkt. #20, ¶ 53]. In short, Turnbull makes *no allegation* that Baldwin did anything wrong. Turnbull also claims that Baldwin signed a letter *notifying* Turnbull that the "Summary Disposition Panel of the District 4 Grievance Committee dismissed the First Grievances." [Dkt. #20, ¶ 53]. This too is insufficient to show that Baldwin took any illegal action regarding Turnbull's alleged grievances.

## II. THE GRIEVANCE PROCESS

The Texas Supreme Court's authority to regulate the practice of law is an inherent power derived from the Texas Constitution's delegation of the judicial power of the Government of the State of Texas to the judiciary and the Court.  Tex. Const. Art. II, Sec. 1 & Art. V, Sec. 1, 3; *see also Eichelberger v. Eichelberger*, 582 S.W.2d 395, 397-399 (Tex. 1979); *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 769-70 (Tex. 1999). As the Court explained, "The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Eichelberger*, 582 S.W.2d at 398-99 (citations omitted). To that end, the Texas Supreme Court has promulgated the Texas Disciplinary Rules of Professional ("TDRPC") and the TRDP, setting forth both the

standards of conduct to which all Texas attorneys are held (the TDRPC) and the procedural rules by which attorney disciplinary actions are governed (the TRDP).

Once a grievance is filed in Texas, the CDC *must* determine whether to classify the grievance as a "Complaint" (a writing that alleges conduct that, if true, constitutes professional misconduct) or an "Inquiry" (a writing that alleges conduct that, even if true, does not constitute professional misconduct). Tex. Rules Disciplinary P. 2.10. If the CDC determines that the allegations do not allege professional misconduct, the grievance is dismissed as an Inquiry. Tex. Rules Disciplinary P. 2.10. A complainant has the right to appeal the dismissal of a grievance as an Inquiry to the Board of Disciplinary Appeals ("BODA"). Tex. Rules Disciplinary P. 2.10(A).

Grievances classified by the CDC as a Complaint or overturned on appeal by BODA for classification as a Complaint, are upgraded for investigation and the respondent attorney *must* respond to the allegations of misconduct within thirty (30) days of receiving notice of the allegations. Tex. Rules Disciplinary P. 2.10 (*emphasis added*). Pursuant to Rule 2.12, the CDC is mandated to investigate all Complaints. Tex. Rules Disciplinary P. 2.12.

After receiving a response from a respondent attorney, the CDC is required to: 1) find Just Cause in the evidence obtained and send the respondent attorney(s) notice of the allegations and an election notice;[4] or 2) make an initial determination that there is No Just Cause and send the matter to a Summary Disposition Panel ("SDP") for the Panel's final determination as to whether the Complaint should be dismissed or proceed to litigation.[5] To aid in the investigation, the CDC *may* set the matter before an Investigatory Hearing Panel[6] or issue investigatory subpoena(s)[7] to

---

[4] Tex. Rules Disciplinary P. 2.14.
[5] Tex. Rules Disciplinary P. 2.13.
[6] Tex. Rules Disciplinary P. 2.12.
[7] Tex. Rules Disciplinary P. 2.12 (B)-(E).

assist her in obtaining additional information for her Just Cause/No Just Cause initial determination. In those cases that go before a SDP of the appropriate district grievance committee, that panel review all investigative information obtained by the CDC,[8] and makes the final determination – *not the CDC, CFLD or a CDC attorney*. Tex. Rules Disciplinary P. 2.13.

An Investigatory Hearing is another potential investigative tool that the CDC *may* use as part of her investigation to determine if just cause exists. However, the decision to set a case for a hearing before an Investigatory Hearing Panel is within the sole discretion of the CDC. Tex. Rules Disciplinary P. 2.12(F); *see also Sarfo v. Comm'n for Lawyer Discipline*, No. 03-19-00146-CV, 2021 WL 746052, at *3, fn. 4 (Tex. App.—Austin Feb. 26, 2021, no pet.) (mem. op.). Further, contrary to Turnbull's unsupported assertion, state law was not "amended to allow an Investigatory Hearing panel to determine Just Cause and decide whether an attorney must select either an Evidentiary Panel review or District Court review." [Dkt. #20, ¶ 71]. There are only three possible outcomes following an Investigatory Hearing, none of which results in an *Investigatory Hearing Panel's* determining Just Cause. *See* Tex. Rules Disciplinary P. 2.12 (F)-(G).

### III. STANDARDS FOR DISMISSAL

#### A.  Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Kokkonen v. Guardian life Ins. Co of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *Hooks v. Landmark Indus., Inc.*, 797

---

[8] The information provided to the SDP includes the Grievance, the responding attorney's response, any rebuttal or replies submitted by the complainant or the responding attorney, and any additional information obtained by the CDC during her investigation.

F.3d 309, 312 (5th Cir. 2015). It is presumed that a cause of action lies outside this limited jurisdiction and the burden of establishing jurisdiction falls to the party asserting jurisdiction. *Id.*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(a) motion to dismiss is on the party asserting jurisdiction . . . [A]ccordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citation omitted). Moreover, a lack of subject-matter jurisdiction may be found in any of three instances: 1) the complaint alone; 2) the complaint and undisputed facts in the record; or 3) the complaint, undisputed facts in the record, and the court's own resolution of disputed facts. *Id.* In this case, Turnbull cannot meet his burden to state facts that would entitle him to relief against Baldwin.

**B. Failure to State a Claim Upon Which Relief can be Granted Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 578 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While courts must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679; *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 20210).

Further, the Supreme Court has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). In order for a claim to be plausible at the pleading state, the complaint need not strike the review court as probably meritorious, but it must raise "more than a sheet possibility" that the defendant has violated the law as alleged. *Id.* at 678.

### IV. ARGUMENTS AND AUTHORITIES

**A. The Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against Baldwin – 12(b)(1)**

**1. *Turnbull lacks standing to assert any cause of action against Baldwin because he suffered no injury.***

Standing is an integral part of "the constitutional limitation of federal-court jurisdiction." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976). A motion to dismiss for lack of standing implicates the court's subject matter jurisdiction and is appropriately brought under Federal Rule of Civil Procedure 12(b)(1). *Miller v. Hygrade Food Prods. Corp.*, 89 F. Supp. 2d 643, 646 (E.D. Pa. 2000). "Absent Article III standing, a "federal court does not have subject matter jurisdiction to address a plaintiff's claims and they must be dismissed." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).

Here, Turnbull bears the burden of establishing standing to bring this lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Absent a statute expressly conferring standing, Turnbull must establish Article III standing by alleging some threatened or actual injury, which can fairly be traced to Baldwin's conduct, which was illegal. *Lujan*, 504 U.S. at 560; *Simon*, 426 U.S. at 42-46.

Turnbull claims he was the *complainant* in a disciplinary matter. As such, he cannot

establish that he has standing to sue Baldwin because he "does not have a cognizable interest in the decision to prosecute a third party." *Martinez v. State Bar of Texas*, 797 F. App'x 167, 168 (5th Cir. 2020) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Additionally, Turnbull is unable to show that he suffered an injury and cannot "show that the consideration of his [alleged] bar grievance 'produce[d] erroneous or unreliable results [that] imperil[ed] a protected liberty or property interest.'" *Martinez*, 797 F. App'x at 168 (citing *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1977)). Thus, as a complainant in a disciplinary case, Turnbull cannot show that he suffered an injury just because the CDC did not process his alleged grievances to his satisfaction.

This Court has held that a complaint who files a grievance against a Texas attorney does not have a "federally protected constitutional right to have his grievances resolved to his satisfaction." *Read v. Hsu*, No. 1:18-CV-622-RP, 2018 WL 10761921, at *2 (W.D. Tex. Nov. 13, 2018) (citing *Greiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)). Because it is impossible for Turnbull to show that he suffered an injury as a complainant in the Texas attorney grievance process, or that he has a federal constitutional right in Texas's processing of his alleged grievances, he does not have standing to bring this suit and it should be dismissed.

### 2. 11ᵗʰ Amendment immunity bars Turnbull's claims against Baldwin.

The Eleventh Amendment of the United States Constitution bars suits in federal court against a state or one of its agencies, regardless of the relief requested, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). That is, in general, the Eleventh Amendment leaves federal courts without jurisdiction to entertain suits directed against states. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir.

1994). A plaintiff may not circumvent the Eleventh Amendment by suing a state official in his or her official capacity. *Id.*; *see also Pennhurst*, 465 U.S. at 101 (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (*per curiam*)).  Moreover, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101-02; *see also Cory v. White*, 457 U.S. 85, 91 (1982).

Here, Turnbull sued Baldwin claiming that Baldwin made the decision to send Turnbull's grievances to a Summary Disposition and to dismiss them. [Dkt. #20, ¶¶ 71, 77]. Contrary to Turnbull's assertion, the CDC, *not Baldwin*, would have made the discretionary decision to submit such a matter to a SDP at the conclusion of investigating Turnbull's alleged Complaints. Then, the SDP, *not Baldwin*, would have decided whether to dismiss the alleged Complaints or find just case and direct the CDC to proceed. Baldwin was an employee of the Office of the CDC at the time Turnbull asserts his alleged Complaints were presented to a SDP. Baldwin's only possible connection with Turnbull and the subject matter Turnbull alleges in this lawsuit arises solely in his capacity as an employee of the Office of the CDC to carry out the mission of the CDC.  The CDC and all of her assistant disciplinary counsels, are entitled to Eleventh Amendment immunity.[9] *See Green*, 27 F.3d at 1087; *Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985); *Beman v. Smith*, MO-07-CV-055, 2007 WL 9751723, at *3 (W.D. Tex. Aug. 10, 2007); *Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986).

Because Baldwin is protected by Eleventh Amendment immunity, Turnbull's claims can succeed only if there exists an unambiguous, express waiver of immunity. *Welch v. Tex. Dep't of*

---

[9] The State Bar of Texas is an agency of the Texas judicial department. Tex. Gov't Code Ann. § 81.011(a) *West 2017). The Commission for Lawyer Discipline is a standing committee of the State Bar. *Id.* at § 81.076(b). Contrary to Turnbull's assertions, the "Office of the Chief Disciplinary Counsel" is neither a "standing committee of the State Bar of Texas," nor an entity with any separate, legal existence at all.

*Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987); *Hans v. La.*, 134 U.S. 1, 16-17 (1890).

Here, Turnbull identified no such waiver. Thus, the Court should dismiss Turnbull's claims against

Baldwin for want of jurisdiction.

### 3. *Absolute immunity bars Turnbull's claims against Baldwin.*

Rule 17.09 of the Texas Rules of Disciplinary Procedure ("TRDP") provides absolute and

unqualified immunity to all staff members of the CDC's office for any conduct in the course of

their official duties. The rule states, in relevant part:

> All members of the Commission, the Chief Disciplinary Counsel . . . all members
> of Committees, all officers and Directors of the State Bar, and the *staff members* of
> the aforementioned entities are immune from suit for any conduct in the course of
> their official duties. The immunity is *absolute and unqualified* and extends to all
> actions at law or in equity.

Tex. Rules Disciplinary P. 17.09 (emphasis added).

The issue of immunity may be decided as a matter of law based on the lawsuit and any

attachments thereto. *See Austin Municipal Securities, Inc., et al.*, 757 F2.d 676, 691-92 (5th Cir.

1985) (finding that disciplinary officers had not waived their absolute immunity from suit).

Recognizing the importance of the disciplinary process, courts grant broad immunity to those

involved in the process. *Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986); *Diddel v.

Davis*, Civil Action No. H-04-4811, 2006 WL 8444647, at *5 (S.D. Tex. Jan. 30, 2006). Absolute

immunity protects even actions that a plaintiff could ultimately establish were in violation of law.

*Diddle*, 2006 WL 8444647 at *4, citing *DL Capital Group, LLC v. Nasdaq Stock Market, Inc.*, 409

F.3d 93, 95 (2d Cir. 2005).

Again, Baldwin was an employee of the Office of the CDC at the time Turnbull claims he

filed his alleged Complaints. As such, any actions taken by him with respect to Turnbull's alleged

Complaints relate solely to Baldwin's duties/obligations under the TRDP. Therefore, Turnbull's

claims cannot survive the broad protection provided by Rule 17.09 of the TRDP, and this lawsuit against Baldwin should be dismissed.

### 4. Qualified immunity bars any individual-capacity claims against Baldwin.

Similarly, Baldwin is entitled to qualified immunity to the extent that any of Turnbull's claims are asserted against him in his individual capacity. Qualified immunity is from suit, not just a mere defense to liability, and shields a defendant from the costs of trial and burdens of broad-reaching discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Supreme Court stressed that qualified immunity must be decided at the earliest possible state in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Further, the Fifth Circuit has long held that "questions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (citing *James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1990)).

A government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time and under the circumstances that the official acted. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000). Once a government official asserts qualified immunity the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 199, 305-06 (5th Cir. 1992). In determining whether a plaintiff has successfully overcome qualified immunity, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all" prior to addressing the potentially unnecessary question of whether the plaintiff asserted a violation of a clearly established right. *Siegart v. Gilley*, 500 U.S. 226, 232 (1991) (internal quotation marks omitted). Next, the court must consider whether the defendant's conduct was, nonetheless, objectively reasonable in light of clearly established

law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

Turnbull's assertion that Baldwin violated his "constitutional protections" by making the decision to present Turnbull's alleged Complaints against the Microsoft Attorneys to a SDP instead of an Investigatory Hearing Panel [Dkt. #20, ¶ 71] is flat wrong. As noted above, Baldwin would not have made such a decision. Rather, the CDC would have decided to present Turnbull's alleged Complaints against the Microsoft Attorneys to a SDP *based on the evidence obtained during her investigation*. Importantly, Turnbull makes no allegation that his alleged Complaints were not investigated by the CDC, or that the CDC, Baldwin, or any other employee of the office of the CDC, was *required* to do anything other than follow the procedures set forth in the TRDP.

Turnbull's conclusory allegations against Baldwin, and his failure to even address the discretionary decision of the voluntary SDP in dismissing his alleged Complaints, provide no support for any argument against Baldwin's immunity claims. *Babb*, 33 F.3d at 476; *Templeton v. Jarmillo*, No. A-19-CV-00848-JRN, 2020 WL 5552619, at *2 (W.D. Tex. July 8, 2020).

As described above, presenting a complaint to a SDP leaves the decision of whether to dismiss a complaint or find Just Cause up to the assigned panel, *not any of the defendants, including Baldwin*. Therefore, Baldwin is entitled to qualified immunity and Turnbull's claims against him should be dismissed.

### 5.   *Turnbull fails to set forth any claim that would make Baldwin liable in his individual capacity.*

Although Turnbull attempts to sue Baldwin in his individual capacity, he fails to identify even one act Baldwin took outside the general scope of his employment. *See Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (explaining that conduct falls outside the scope of employment when it occurs "within an independent course of conduct not intended by the employee to serve any purpose of the employer"). Tellingly, Turnbull admits that Baldwin was an employee of the Office

of the CDC. And it is obvious that Turnbull is attempting to harass Baldwin by bringing him in as a defendant to this lawsuit despite knowing that Baldwin was not acting in his individual capacity. Therefore, Baldwin is entitled to qualified immunity, and the immunities afforded him by the Eleventh Amendment and by TRDP 17.09. *See Crampton v. Farris*, 596 S.W.3d 267, 277 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

## B. Plaintiff's Failure to State a Plausible Claim – 12(b)(6)

In this lawsuit, Turnbull alleges four cause of action: 1) an equal protection claim under 42 U.S.C. § 1983; 2) a First Amendment claim under 42 U.S.C. § 1983; 3) a claim he was denied "due course of law" and access to open courts under the Texas Constitution Article I, Sections 13 and 19; and 4) a claim he was denied his "right to equal protection of the law" under Article I, Section 3 of the Texas Constitution. However, Turnbull's conclusory statements are insufficient to state a claim for which relief can be granted. *Babb*, 33 F.3d at 476. Moreover, Turnbull's allegations belie either a misunderstanding of a complainant's role and rights in the attorney disciplinary system, *or an intention to misuse or abuse that system*. The TDRPC expressly address the scope of the Rules:

> These rules do not undertake to define standards of civil liability of lawyers for professional conduct. Violation of a rule does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached. Likewise, these rules can be abused when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers of the extra-disciplinary consequences of violating such a duty.

Tex. Disciplinary Rules Prof'l Conduct, preamble ¶15, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2005).

### 1. *Turnbull's assertions do not constitute a cognizable equal protection claim under 42 U.S.C. § 1983.*

A claim asserted under 42 U.S.C. § 1983 requires that a plaintiff: 1) allege a violation of a right secured by the Constitution or laws of the United States; and 2) demonstrate that any alleged deprivation of that right was committed by a person acting under color of state law. *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). Additionally, a plaintiff must show that "each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 663. As the Supreme Court explained, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679. Turnbull's allegations do not allege a violation of any "right" secured by the Constitution or laws of the United States. Moreover, Turnbull fails to specifically allege any facts showing that Baldwin violated his rights.

Additionally, Turnbull is "unable to show that the consideration of his bar grievance 'produce[d] erroneous or unreliable results [that] imperil[ed] a protected liberty or property interest.'" *Martinez v. State Bar of Tex.*, 797 F. App'x 167, 167 (5th Cir. 2020) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997)). As noted above, a complainant in a Texas attorney disciplinary matter is not a *party* to the proceeding. Thus, Turnbull's allegations do not establish "that he had a cognizable interest in the procedures used to consider his bar grievance or in the ultimate outcome of the proceeding." *Martinez*, 797 F. App'x at 167, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

While Turnbull generally asserts that Baldwin denied him "equal protection" of the law because his alleged Complaints against the Microsoft Attorneys were presented to a SDP, he acknowledges that his alleged Complaints were in fact presented and dismissed by that SDP and *not* by Baldwin, or any other named defendant. [Dkt. #20, ¶ 53]. Turnbull argues that he was

discriminated against because his alleged Complaints should have been presented to an Investigatory Hearing Panel, as happened in three unrelated pending public Disciplinary Actions.[10] Turnbull's perception that the facts or subject matter of his alleged Complaints are *similar* to those filed in those Disciplinary Actions is demonstrably wrong, as evidenced by the trial court's record in each of the Disciplinary Actions he referenced.[11]

Most damaging here is that Turnbull does not even allege that he was discriminated against because he is a member of a protected class (e.g., race, sex, or national origin). He instead asserts, again in conclusory fashion, that his "political affiliation as a criminal defense attorney" makes him "politically unpopular and unpowerful." [Dkt. #20, ¶ 83]. Revealingly, Turnbull does not allege that Baldwin knew of or was motivated by that *affiliation*. For all these reasons, Turnbull has failed to meet the standard necessary to bring an equal protection claim under 42 U.S.C. § 1983, and his suit should be dismissed.

### 2. Turnbull's assertions do not constitute a cognizable equal protection claim under 42 U.S.C. § 1983.

Turnbull claims that the defendants, in general, retaliated against him for exercising free expression, thereby depriving him of his right to freedom of speech because "he suffered an injury

---

[10] Cause No. 471-02574-2022, *Comm'n for Lawyer Discipline v. Warren Kenneth Paxton, Jr.*, in the 471st Judicial District Court, Collin County, Texas; Cause No. 22-0594-C9368, *Comm'n for Lawyer Disci* pline v. Brent Edward Webster*, in the 368th Judicial District Court, Williamson County, Texas; and Cause No. DC-22-02562, *Comm'n for Lawyer Discipline v. Sidney Powell*, in the 116th Judicial District Court, Dallas County, Texas.

[11] Ironically, Turnbull tries to bolster his claim that he was denied equal protecting by stating that the CFLD and/or CDC exists only to "dismiss Grievances against politically popular lawyers without an investigation." Turnbull *directly contradicts himself* by acknowledging that the currently pending, public attorney disciplinary action against other, undeniably politically popular and powerful lawyers. [Dkt. #20, ¶ 104].

that would chill the speech of a person of ordinary firmness from continuing to engage in filing grievances." [Dkt. 20, ¶ 90]. To prevail on this claim, Turnbull must show not only that Baldwin acted with a retaliatory motive and that he was injured, but also that the motive was a "but-for" cause of his injury. *Hartman v. Moore*, 547 U.S. 250, 259-60 (2006).

This argument fails because Turnbull fails to identify any injury or state how his speech was chilled. In fact, Turnbull's First Amendment claim is negated by his own assertion that he filed at least four additional grievances after his first two alleged Complaints were dismissed by a SDP. [Dkt. #20, ¶¶ 56, 57, 59-60]. Further, any assertion that Turnbull was denied the right to free speech is contradicted by the fact that *his speech*, in the form of his alleged Complaints, was presented to a SDP. [Dkt. #20, ¶¶ 50-53]. That is, Turnbull was able to "petition the State by filing a grievance with the State Bar," but "the Constitution does not require the State to take any particular actin in response." *Martinez*, 797 F. App'x at 168 (citing *Smith v. Ark. State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979)).

The only person who stands to suffer a "direct injury in a disciplinary proceeding is the lawyer involved." *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1567 (10th Cir. 1993). Turnbull did not suffer a direct injury because he was not the respondent lawyer against whom sanctions were sought. Thus, there was no injury, no retaliation, and no infringement on Turnbull's freedom of speech and this claim should be dismissed.

### 3. *Turnbull fails to state claims under Texas Constitution Article I, Section 3, 13 or 19.*

Turnbull argues that the Texas Constitution requires that the courts be open and that section 81.072(b)(2) of the Texas Government Code *guarantees* him a right to a "full and fair" explanation of the reason(s) any alleged Complaint might have been dismissed. [Dkt. #20, ¶108]. He further claims that failing to provide the requested information is a violation of his right to due course of

law. [Dkt. #20, ¶119]. However, section 81.072(b)(2) provides no such *guarantees*. It only provides a directive to the Texas Supreme Court to establish "minimum standards and procedures for the attorney disciplinary . . . system" that allow for a complainant to receive a full explanation for the dismissal of a grievance in compliance with the confidentiality provisions set forth in section 81.0752. Tex. Gov't Code §§ 81.072(b)(2), 81.0752 (West 2005).

   a.   Open Courts Claim

Turnbull's claims under Art. 1, Section 13 of the Texas Constitution also provide no legal basis for Turnbull's claims against Baldwin or the ability to force Baldwin to violate Rule 2.16 of the TRDP or Texas Government Code § 81.0752. The *open courts* provision provides that "all courts shall be open, and every person for an injury done to him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. Art. I, Sec. 13. "The open courts provision includes at least three separate guarantees: 1) courts must actually be operating and available; 2) the Legislature cannot impede access to the courts through unreasonable financial barriers; and 3) meaningful remedies must be afforded, 'so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress.'" *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 444 (Tex. App.—Austin 2004, pet. denied) (quoting *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995) (internal citations omitted)).

However, the open courts provision "applies only to statutory restrictions on a cognizable common law cause of action." *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 499 (Tex. 1995) (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355-56 (Tex. 1990)). Utilizing the attorney grievance process is neither a remedy – that can cause injury to a complainant – nor a means of redress for any complainant. *Simply put, a complainant is not a party to a disciplinary proceeding.*

Further, the grievance process does not constitute a common law cause of action. The CDC's discretionary decision to present Turnbull's alleged Complaints to a SDP after an investigation cannot violate the open courts provision of the Texas Constitution. As such, Turnbull's requests to compel Defendants to provide him with confidential information should be dismissed.

    b.  <u>Due Course of Law Claim</u>

Article I, Section 19 of the Texas Constitution states that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. Art. 1, Sec. 19. Texas courts have considered federal interpretations of procedural due process when applying Texas's guarantee of due process of law. *Univ. of Tex. Med. Sch. At Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). When determining whether a governmental action violates the due course of law guarantee, the courts engage in a two-step inquiry. *Id.* The court first determines if the plaintiff has an enumerated interest that is entitled to protection, and if so, then did the governmental agency follow due course of law in depriving the plaintiff of that interest. *Id.*

Here, Turnbull claims that he has a property right to a "full and fair explanation for the reasons his [alleged] Grievances were dismissed," and argues that the application of Rule 2.16 of the TRDP deprives him of that right. [Dkt. #20, ¶102]. However, he provides no supporting reference as to what such explanation is required to include, nor any precedent that directs the defendants to ignore the TRDP. Moreover, he admits that he was told that the SDP found his alleged Complaints lacked Just Cause. [Dkt. #20, ¶¶ 88, 108]. Therefore, Turnbull received an explanation for the dismissals of his alleged Complaints. What Turnbull appears to really seek are the reasons behind the SDP's finding of no Just Cause, which are confidential. Tex. Rules Disciplinary P. 2.16. Moreover, Turnbull's argument has already been addressed by the Texas

Third Court of Appeals (Austin) in 2015, which held that a complainant's entitlement to a *full explanation* under § 81.072(b)(2)[12] does not authorize, much less require, that the CDC disclose its recommendation to the SDP. *See Doe v. Bd. of Directors of the State Bar of Tex.*, No. 03-15-00007-CV, 2015 WL 6656216, *4-5 (Tex. App.—Austin Oct. 27, 2015, pet. denied).

An official's failure to follow an agency's "policies, procedures or regulations does not constitute a violation of due process." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Here, because Baldwin followed all applicable procedures and Turnbull has specifically acknowledged that he was provided with the explanation that his alleged Complaints were dismissed for lack of just cause [Dkt. #20, ¶¶ 88, 108], Turnbull's due course of law argument fails and should be dismissed.

c.   Equal Protection Claim

The Texas Supreme Court has held that the equal protection analysis under the federal Equal Protection Clause applies to equal protection challenges under the Texas Constitution. *See Bell v. Low Income Women*, 95 S.W.3d 253, 266 (Tex. 2002). As in federal court, Texas requires a plaintiff to allege "he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Leonard v. Abbott*, 171 S.W.3d 451, 458 (Tex. App.—Austin 2005, pet. denied) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) and *Allegheny Pittsburgh Coal Co. v. Cty. Comm'n of Webster Cty.*, 488 U.S. 336, 345-46 (1989)).

In this case, Turnbull claims that the *defendants*, but not Baldwin specifically, deprived him of his right to equal protection by "treating him differently than other similarly situated complainants in being denied a full and fair explanation for why his Grievances were dismissed."

---

[12] Codified as Tex. Rules Disciplinary P. 17.09.

[Dkt. #20, ¶ 108]. However, as described exhaustively above, Turnbull failed to name even one other complainant who ever received a copy of the recommendation/reasoning for a SDP's decision, because such would be a violation of Section 81.0752 of the Texas Government Code. As such he has not shown that he was treated any differently than any other complainant, and his equal protection claim should be dismissed.

## V.  CONCLUSION

This suit should be dismissed because Turnbull, as a complainant in an attorney Disciplinary Proceeding, does not have standing to bring the suit against Baldwin. Further, Baldwin is entitled to absolute immunity granted by Texas Rule of Disciplinary Procedure 17.09, qualified immunity, and the immunity afforded by the Eleventh Amendment. Additionally, Turnbull's conclusory statements present no cognizable allegation that indicate Defendants did anything other than follow the TRDP in assisting the CDC in her processing of Turnbull's alleged Complaints. As such, Turnbull has also failed to articulate any factual contention that Baldwin violated any clearly established statutory or constitutional right of which a reasonable person would have known.

## VI.  PRAYER

WHEREFORE, Baldwin prays that this Court grant his Motion to Dismiss Turnbull's lawsuit against him. Baldwin further requests any and all further relief to which he may be entitled.

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

**Judith Gres DeBerry**

21

Assistant Disciplinary Counsel
State Bar No. 24040780

ROYCE LEMOINE
Deputy Counsel for Administration/
Austin Regional Counsel
State Bar No. 24026421

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:      (512) 427-1350
Facsimile:      (512) 427-4167
Email: Jdeberry@texasbar.com
Email: Royce.lemoine@texasbar.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Judith Gres DeBerry, certify that a true and correct copy of Defendant, Timothy J. Baldwin's, Motion to Dismiss has been served via the Court's Electronic Case Files system on this 3rd day of July 2023, and via electronic filing through EC/CMF addressed to all parties.

Judith Gres DeBerry