UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL IV, § <br> *Plaintiff,* § <br> v. § <br> § <br> COMMISSION FOR LAWYER § <br> DISCIPLINE; THE OFFICE OF THE § <br> CHIEF DISCIPLINARY COUNSEL; § <br> SEANA WILLING, in her Official Capacity § <br> as Chief Disciplinary Counsel of the State § <br> Bar of Texas, and in her individual capacity; § <br> AMANDA M. KATES, in her Official Capacity § <br> as Assistant Disciplinary Counsel for the Office § <br> of the Chief Disciplinary Counsel, and in her § <br> individual capacity; JOHN S. BRANNON, § <br> in his Official Capacity as Assistant Disciplinary § <br> Counsel for the Office of Chief Disciplinary § <br> Counsel, and in his individual capacity; TIMOTHY § <br> J. BALDWIN, in his Official Capacity as § <br> Administrative Attorney for the Office of the § <br> Chief Disciplinary Counsel, and in his individual § <br> capacity; DANIEL MARTINEZ, in his Official § <br> Capacity as Assistant Disciplinary Counsel for § <br> the Office of the Chief Disciplinary Counsel, and § <br> in his individual capacity; DANIELA GROSZ, in § <br> her Official Capacity as Assistant Disciplinary § <br> Counsel for the Office of the Chief Disciplinary § <br> Counsel, and in her individual capacity; JENNY § <br> HODGKINS, in her Official Capacity as the § <br> Executive Director & General Counsel with the § <br> Board of Disciplinary Appeals, and in her § <br> individual capacity; LAURA GIBSON, § <br> CINDY V. TISDALE, SYLVIA § <br> BORUNDA FIRTH, BENNY AGOSTO, § <br> JR., DAVID N. CALVILLO, ELIZABETH § <br> SANDOVAL CANTU, LUIS CAVAZOS, § <br> CRAIG CHERRY, JASON § <br> CHARBONNET, KELLY-ANN F. § <br> CLARK, JEFF COCHRAN, DAVID C. § <br> COURREGES, THOMAS A. CROSLEY § | Case No. 1:23-cv-00314-RP |

1

| | |
|---|---|
| STEVE FISCHER, LUCH FORBES, GREGORY M. FULLER, AUGUST W. HARRIS III, MATTHEW J. HILL, FORREST L. HUDDLESTON, LORI M. KERN, MODINAT KOTUN, BILL KROGER, DWIGHT MCDONALD, CARRA MILLER, LAWRENCE MORALES II, LYDIA ELIZONDO MOUNT, KIMBERLY M. NAYLOR, JEANINE NOVOSAD RISPOLI, MICHAEL J. RITTER, AUDIE SCIUMBATO, MARY L. SCOTT, JOHN SLOAN, D. TODD SMITH, G. DAVID SMITH, PAUL K. STAFFORD, ALEX J. STELLY JR., NITIN SUD, RADHA THIAGARAJAN, ROBERT L. TOBEY, AARON Z. TOBIN, ANDREW TOLCHIN, G. MICHAEL VASQUEZ, KIMBERLY PACK WILSON, and KENNON L. WOOTEN in their official capacities as Members of the Board of Directors of the State Bar of Texas,<br>　　　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE [SURRESPONSE][1]**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

COME NOW Defendants, the Commission for Lawyer Discipline ("CFLD"), Seana Willing ("Willing"), John S. Brannon ("Brannon"), Daniela Grosz ("Grosz") and Daniel Martinez ("Martinez") (collectively "Defendants"), and file this Opposition to Turnbull's Motion for Leave to File [Surresponse]. In support thereof, Defendants offer the following:

## I. BACKGROUND

| PLEADING/ACTION | CFLD/WILLING | GROSZ & MARTINEZ | BRANNON |
|---|---|---|---|

---

[1] Turnbull incorrectly uses the term reply and/or sur-reply in his pleading in seeking to file a responsive pleading to Defendants' replies to Turnbull's response to Defendant's motions to dismiss. A "surresponse" is a "second response by someone who opposes a motion." BLACK'S LAW DICTIONARY (10th ed. 2014). Therefore, Defendants correctly use "surresponse" to refer to the pleading Turnbull's attempts to file.

| Original Complaint Dkt. #1-filed | March 22, 2023 | March 22, 2023 | March 22, 2023 |
|---|---|---|---|
| Original Complaint Dkt. #1-served | April 17, 2023 | Grosz May 11, 2023 Martinez not served | May 10, 2023 |
| Defendants' Motions to Dismiss Filed | May 5, 2023 Dkt. #10 | May 24, 2023 Dkt. # 16 | May 24, 2023 Dkt. # 15 |
| First Amended Complaint Filed Dkt. #20 | May 24, 2023 | May 24, 2023 | May 24, 2023 |
| Defendants' Amended Motions to Dismiss Filed | May 22, 2023 Dkt. #22 | June 1, 2023 Dkt. #24 | June 5, 2023 Dkt. #29 |
| Response Filed by Plaintiff | June 14, 2023 Dkt. #33 | June 15, 2023 Dkt. #34 | June 19, 2023 Dkt. #37 |
| Reply Filed by Defendant | Dkt. #39 June 21, 2023 | Dkt. #40 June 21, 2023 | Dkt. #42 June 24, 2023 |
| Motion for Leave to File [Surresponse] Dkt. #44 | June 27, 2023 | June 27, 2023 | June 27, 2023 |

This Opposition to Turnbull's Motion for Leave to File [Surresponse] is timely filed.

## II. ARGUMENTS AND AUTHORITIES

The Federal Rules of Civil Procedure do not provide for a right to file a surresponse. *See generally* Fed. R. C. P. 7, 12. "A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed." W.D. Tex. Local Rule CV 7(e)(1). Thus, because neither the Federal Rules of Civil Procedure nor the Western District's Local Rules provide for a right to file a surresponse, such filings "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 3634215, at *2 (S.D. Tex. Aug. 24, 2017) (quoting *Weaver v. Celebration Station Props.*, Inc., No. H-14-2233, 2015 WL 1932030, at *3 (S.D. Tex. Apr. 28, 2015)).

Leave to file a surresponse may be granted "in extraordinary circumstances 'on a showing of good cause.'" *Mission Toxicology, LLC v. United Healthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (citing *Layne Christensen Co. v. Bro-Tech Corp.*, No. CIV.A. 09-2381-JWL, 2011 WL 3880830, at 1 n.1 (D. Kan. Aug. 31, 2011)). When a motion for leave to file a

3

surresponse is granted, the surresponse is "limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion." *Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 WL 2357280, at *9 (S.D. Tex. June 20, 2012), aff'd, 517 F. App'x 276 (5th Cir. 2013) (quoting *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 83 (D.D.C. 2010)).

Here, Plaintiff's Motion for Leave to File a [Surresponse] should be denied for two reasons. <u>First</u>, Turnbull's motion is totally devoid of any citation to any authority that would support his motion. <u>Second</u>, and more importantly, Turnbull makes no "good cause" argument nor claims there exists any exceptional circumstance that would warrant granting his motion. Indeed, Turnbull is merely attempting to "have the last word" while not addressing any new arguments.

Specifically, Turnbull asserts that in Defendants' pleadings they made "factual assertions . . . regarding the similarly situated nature of the Paxton/Powell/Webster Grievances" for the first time in their respective replies to his response to each of their dismissal motions. [Dkt. #44, ¶4.] However, such representation is not accurate.

Turnbull set forth in his Plaintiff's Original Complaint (filed on March 22, 2023), that his alleged Complaints against the *Microsoft Attorneys* were treated differently than those filed in relation to the current pending district court Disciplinary Actions against Kenneth Warren Paxton, Brent Webster, and Sydney Powell. [Dkt. #1, ¶¶75, 77_.] He also expressed his belief that his alleged Complaints set forth the **"exact same professional misconduct"** as alleged against Paxton, Webster, and Powell. [Dkt. #1, ¶77.] Further, Turnbull made this same argument in his First Amended Complaint filed on May 25, 2023. [Dkt. #20, ¶83.]

In the dismissal motions that Turnbull references, Defendants argued that Turnbull was "<u>clearly wrong</u>," and/or "demonstratively wrong," in his representations to this court "as evidenced

4

by the district court's record in each of the Disciplinary Action he (has) referenced."[2] *See* Dkt. # 10, p. 15 (CFLD/Willing); Dkt. # 15, p. 14 (Brannon); Dkt. #22, p. 16 (CFLD/Willing); Dkt. #29, p. 15 (Brannon). Defendants even cited the Disciplinary Actions he referenced in footnotes. *See* Dkt. # 10, p. 15 (CFLD/Willing); Dkt. # 15, p. 14 (Brannon);  Dkt. #22, p. 16 (CFLD/Willing); Dkt. #29, p. 15 (Brannon). Irrespective, Turnbull's response to Defendants' dismissal motions did not address Defendants' argument. Instead, Turnbull only *reasserted* his belief that his alleged Complaints against the *Microsoft Attorneys* set forth the "***exact same alleged conduct***" as the grievances received by the Chief Disciplinary Counsel's (CDC) office in Paxton, Webster, and Powell. See Dkt. #33, p. 14 (CFLD/Willing); Dkt. #37, p. 12 (Brannon); Dkt. #34, p. 14 (Grosz/Martinez).

Turnbull has had plenty of opportunity over the past three months to make more than conclusory statements regarding his claim that his alleged Complaints against the *Microsoft Attorneys* set forth the **"exact same"** conduct as the Disciplinary Actions he referenced within his: 1) thirty-two-page Original Complaint; 2) thirty-seven page First Amended Complaint; and 3) his twenty-page responses to each of the Defendants' dismissal motions. To date, Turnbull has failed to do so.

Turnbull's erroneous belief that the *basis* of his alleged Complaints against the *Microsoft Attorneys* are the same as in Paxton, Webster, and Powell is irrelevant to his argument that Defendant Willing violated his rights by determining his alleged Complaints should be presented

---

[2] Although Grosz and Martinez did not address Turnbull's assertions regarding the alleged "exact same" conduct or allegations in their motions to dismiss, other CDC employee/defendants did argue against Turnbull's claims.  Further, Turnbull again raised the issue in his Response to Grosz and Martinez's Motion to Dismiss.  Because he raised the issue and because other defendants have argued against his assertions, Turnbull cannot claim he had no notice of Grosz and Martinez's position on the issue or that he was surprised by any statements in their reply to Turnbull's response to their dismissal motion.

to a Summary Disposition Panel. That is because, as Turnbull has already pointed out in *Plaintiff's Response to First Amended Motion to Dismiss by Commission for Lawyer Discipline and Seana Willing*, Defendant Willing's decision was not only based on Turnbull's assertions in his alleged Complaints, but what Willing **learned in her investigation** of said Complaints. [Dkt. #33, p.7.] To date, Turnbull has not pled any alleged facts sufficient to support his claims – much less to show he has standing to bring them.

In contrast, Defendants addressed Turnbull's **"exactly the same"** representation in their dismissal motions filed on May 5, May 22, May 24, and June 5, 2023, respectively, by pointing to the public record in the district court of each of the pending Disciplinary Actions he has described in his pleadings. Therefore, there was nothing new or surprising in any of the Defendants' reply pleadings that support a finding of good cause or indicate that any exceptional circumstances exist that would warrant allowing Turnbull to file a surresponse. For all these reasons, Turnbull's motion should be DENIED.

### III. PRAYER

WHEREFORE, Defendants pray that this Court DENY Turnbull's Motion for Leave to File [Surresponse].

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

*/s/ Judith Gres DeBerry*
**Judith Gres DeBerry**
Assistant Disciplinary Counsel
State Bar No. 24040780

*/s/ Royce Lemoine*
**ROYCE LEMOINE**
Deputy Counsel for Administration/

6

Austin Regional Counsel
State Bar No. 24026421

**Richard Huntpalmer**
Assistant Disciplinary Counsel
State Bar No. 24097875

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone:	(512) 427-1350
Facsimile:	(512) 427-4167
Email: Jdeberry@texasbar.com
Email: Royce.lemoine@texasbar.com
Email: Rhuntpalmer@texasbar.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Judith Gres DeBerry, certify that a true and correct copy of Defendants' Joint Opposition to Plaintiff's Motion for Leave to file [Surresponse] served via the Court's Electronic Case Files system on this 5th day of July 2023, and via electronic filing through EC/CMF addressed to all parties.

Judith Gres DeBerry