# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **EDWARD RANDOLPH** | § | |
| **TURNBULL IV,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-cv-00314** |
| | § | |
| **COMMISSION FOR LAWYER** | § | |
| **DISCIPLINE, ET AL.** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT JENNY HODGKINS' REPLY IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

TO THE HONORABLE COURT:

Defendant Jenny Hodgkins files this reply in support of her motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and moves that the Court dismiss Plaintiff Turnbull's claims against her for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted.

## I.   TURNBULL FAILS TO SUBSTANTIVELY RESPOND TO HODGKINS'S STANDING ARGUMENT

In her motion to dismiss, Hodgkins noted that Turnbull lacks standing to bring his claims against her because (1) Turnbull cannot meet the redressability prong of standing, and (2) the Supreme Court, Fifth Circuit, and Texas courts have all held that an individual lacks standing to sue for a prosecutor's failure to prosecute a given individual. Turnbull fails to substantively address either of these arguments in this response, instead once again making broad statements that Hodgkins somehow committed "outright discrimination, corruption, or wrongdoing[.]" Doc. 47 at 6.

### A.   Turnbull makes no mention of how the remedy he seeks—an injunction—will redress his alleged harm.

In her motion to dismiss, Hodgkins argued that Turnbull cannot meet the redressability prong of standing. *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009) (for standing, there must be (1) an injury that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability). Turnbull seeks an injunction against Hodgkins "prohibiting [Hodgkins] from continuing to engage in ultra vires actions, without legal authority, including depriving Mr. Turnbull of his procedural due process rights by denying Mr. Turnbull of the right to amend his Second and Third Grievances or have his Amended Grievances be considered." Doc. 20 at 37.

But Hodgkins's motion to dismiss outlined her role with BODA, and outlined how she lacks the authority to grant or deny Turnbull the ability to amend any grievances or to have any grievances be considered or not be considered by CDC or BODA. Her role is purely ministerial—informing a complainant of BODA's decision. Doc. 38 at 1–2. *See* BODA IPR 1.01(d) (stating the Executive Director "assume[s] all duties normally performed by the clerk of a court."); BODA IPR 1.10(a) (stating one of Executive Director's duties is to notify parties of all decisions); TEX. R. DISCIPLINARY P. R. 2.12-.14, .16 (Executive Director has no involvement in, or even knowledge of, the conduct of an investigation of a grievance that has been classified as a complaint.). Perhaps most crucially, the Executive Director has no power to amend either the Texas Rules of Disciplinary Procedure or the BODA Internal Procedural Rules. *See* TEX. R. DISCIPLINARY P. R. 7.08(A), TEX. GOV'T CODE Chapter 81, Subchapter E-1. And as outlined in her motion to dismiss, Hodgkins simply followed the Texas Rules of Disciplinary Procedure and BODA Internal Procedural Rules as they pertain to Turnbull's allegations. Doc. 38 at 2–5.

But in his response, Turnbull addresses none of these arguments. Not only does Turnbull fail to rebut any of these allegations regarding what the law requires Hodgkins to do and what her limited role is in the disciplinary process, but Turnbull did not even mention Hodgkins's redressability argument. And there is nothing he can say, because the relief he seeks will not redress his alleged harms. Turnbull "bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). Because Turnbull has failed to rebut Hodgkins's arguments about redressability, he has failed to prove that this Court does in fact have jurisdiction over his claims against Hodgkins.

**B.      Turnbull does not explain why he has standing to force a prosecutorial body to prosecute a given individual.**

Although Hodgkins has no role in choosing whether to prosecute any given attorney for professional misconduct, even if she did, Hodgkins argued that Turnbull would still lack standing to bring claims challenging a state bar authority's decision not to prosecute an alleged perpetrator under both the causation and redressability prongs of standing. Doc. 38 at 7. As outlined in Hodgkins's motion to dismiss, the Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Even more specifically, the Fifth Circuit has held that "a citizen does not have standing to challenge the policies of the prosecuting authority unless she herself is prosecuted or threatened with prosecution." *Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2732 (2022).

Turnbull's only substantive response on this point is to cite case law that the precursor to section 1983 was enacted by Congress "in response to the widespread deprivations of civil rights in the Southern States and the inability or *unwillingness of authorities* in those states *to protect those rights or punish wrongdoers.*" Doc. 47 at 4–5 (quoting *Felder v. Casey*, 487 U.S. 131, 147 (1988) (emphasis added in response)). But this does not address Turnbull's fundamental standing problem: he has no standing to sue a prosecuting authority who does not seek to prosecute *him* unfairly, but rather chooses not to prosecute other private actors. And the Fifth Circuit has squarely held that a person has no standing to pursue complaints about the prosecution of State Bar grievances against individuals other than himself. *Martinez v. State B. of Texas*, 797 F. App'x 167, 168 (5th Cir. 2020) (unpublished). Therefore, Turnbull has no standing to assert his claims against Hodgkins and they should be dismissed.

## II.   *EX PARTE YOUNG* DOES NOT APPLY HERE

Hodgkins further has immunity from suit pursuant to the Eleventh Amendment of the United States Constitution. *See* Doc. 38 at 11–12. As Hodgkins pointed out in her motion to dismiss, the *Ex parte Young* exception to Eleventh Amendment immunity, which allows private parties to bring "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law," does not apply to Hodgkins. *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). In order for the exception to apply, the Supreme Court has made clear that the state official, by virtue of his or her office, must have "some connection with the enforcement" of the challenged law or enforcement of the disputed act. *Ex parte Young*, 209 U.S. 123,157 (1908); *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010).

Turnbull seems to recognize this requirement for *Ex parte Young* to apply. Doc. 47 at 8–9. But Turnbull then cites a 2021 Fifth Circuit opinion that does not mention *Ex parte Young*, *McDonald v. Longley*, 4 F.4th 229, 255 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1442 (2022), and simply concludes that, "Accordingly, Turnbull has pleaded sufficient facts establishing a basis for this Court's jurisdiction under the *Ex parte Young* exception to Eleventh Amendment immunity[.]" Doc. 47 at 8–9. Turnbull has done no such thing. As outlined in Hodgkins's redressability argument, Hodgkins has no role, and therefore no "connection with the enforcement" of the challenged actions Turnbull alleges caused him harm. As Turnbull did not explain how Hodgkins did have such a role or enforcement power in response to her redressability argument, neither does Turnbull explain so here to establish the *Ex parte Young* exception to Eleventh Amendment immunity applies. In short, the exception does not apply, and Hodgkins has retained Eleventh Amendment immunity from suit.

## III.    TURNBULL FAILS TO STATE AN EQUAL PROTECTION CLAIM AGAINST HODGKINS

Hodgkins asserted that Turnbull failed to state an Equal Protection claim against her because Turnbull did not articulate how Hodgkins herself allegedly discriminated against Turnbull because, again, Hodgkins is not involved in deciding how to classify a grievance or whether to prosecute a given attorney. In response, Turnbull simply repeats that his Equal Protection claim is based on the contrasting ways in which his grievances were handled and how "the CFLD and CDC filed Disciplinary Petitions against Powell, Paxton, and Webster[.]" Doc. 47 at 10. The only allegation specific to Hodgkins is that "Turnbull's Equal Protection rights were violated when his Amended Grievances were returned—contrary to the TRDP—with the explanation that 'no further amendments or re-filing will be accepted by our office.'" Doc. 47 at 10. But again, as Hodgkins pointed out in her motion to dismiss, "Nowhere does Turnbull allege any differential treatment by Hodgkins as compared to other similarly situated complainants, either as to the processing of Turnbull's classification appeals or as to amendment of grievances pursuant to Rule 2.10(A)." Doc. 38 at 16.[1] Therefore, Turnbull still has failed to state an Equal Protection claim against Hodgkins.

## IV.    TURNBULL FAILS TO STATE A FIRST AMENDMENT CLAIM AGAINST HODGKINS

Once again, Turnbull alleges Hodgkins and other Defendants violated his First Amendment rights by their "selective enforcement of the law." Doc. 47 at 13. But again, Turnbull fails to

---

[1] Moreover, Hodgkins had explained to Turnbull's counsel in a letter that "In deciding classification appeals, the Board makes no determination as to whether a grievance may be amended. The Board's decision regarding classification is based on the record as forwarded by the CDC, and the finality of that decision has no bearing on whether a complainant may amend the grievance to present additional information and documentation. In fact, when a grievance is amended and resubmitted, the CDC assigns the amended grievance a new case number, and any appeals are then assigned a new case number by BODA." Doc. 38, Ex. C.

articulate how Hodgkins enforced anything against Turnbull, instead of acting in a ministerial role. Moreover, Turnbull asserts that "Defendants have curtailed Turnbull's right to speak by dismissing these Grievances without a hearing and further examination of their conduct, and by preventing Turnbull from testifying before any IVH panel." Doc. 47 at 13. But "the First Amendment does not impose any affirmative obligation on the government to listen, [or] to respond to" complainants before it. *Smith v. Arkansas State Hwy. Emp., Loc. 1315*, 441 U.S. 463, 465 (1979). Indeed, the Fifth Circuit has held that "the Constitution does not require the State to take any particular action in response" to a grievance filed with the State Bar. *Martinez*, 797 Fed. App'x at 168. In short, Turnbull does not allege that the government punished him for his speech—he simply alleges the government did not listen to his speech, which does not constitute a First Amendment claim.

## V.     TURNBULL FAILS TO STATE A DUE COURSE OF LAW CLAIM UNDER THE TEXAS CONSTITUTION

Turnbull responds to Hodgkins's motion to dismiss by reasserting that his Due Course of Law rights were violated because he was not given a "full and fair explanation for why his Grievances were dismissed[.]" Doc. 47 at 15. But as Hodgkins noted in her motion to dismiss, Texas courts have rejected the notion that CDC is required to disclose its reasoning for electing to refer a grievance to a summary disposition panel. *See, e.g.*, *Doe v. Bd. of Directors of State Bar of Tex.*, 2015 WL 6656216, at *4 (Tex. App.—Austin 2015, pet. denied). Turnbull fails to explain how he is somehow otherwise entitled to a full explanation as to the end result of his grievances. Therefore, he fails to state a Due Course of Law claim under the Texas Constitution.

## VI.     TURNBULL FAILS TO STATE HOW TEXAS RULE OF DISCIPLINARY PROCEDURE 17.09 DOES NOT BAR SUIT AGAINST HODGKINS

Turnbull has failed to establish that Texas Rule of Disciplinary Procedure 17.09 does not bar his claims against Hodgkins. As noted in Hodgkins's motion to dismiss, that rule states that "all officers and Directors of the State Bar . . . are *immune from suit* for any conduct in the

course of their official duties. The immunity is absolute and unqualified and extends *to all actions at law or in equity*." TEX. R. DISCIPLINARY P. 17.09 (emphasis added). Turnbull has failed to articulate how Hodgkins acted outside of her official duties. Therefore, Turnbull has failed to state a claim that is not barred by Texas Rule of Disciplinary Procedure 17.09.

## PRAYER

Defendant Jenny Hodgkins respectfully requests the Court grant in all respects the motion to dismiss and for such other relief, at law and in equity, to which she is justly entitled.

Respectfully Submitted,

Dated: July 10, 2023

/s/ Daniel J. Olds

**DANIEL J. OLDS**
State Bar No. 24088152
dolds@clarkhill.com
**JADD F. MASSO**
State Bar No. 24041411
jmasso@clarkhill.com
**DAVID N. KITNER**
State Bar No. 11541500
dkitner@clarkhill.com
**CLARK HILL PLC**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:     (214) 651-4300
Facsimile:     (214) 651-4330

**ATTORNEYS FOR JENNY HODGKINS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, a true and correct copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

/s/ Daniel Olds

**DANIEL J. OLDS**