UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD RANDOLPH TURNBULL IV, *Plaintiff,* | § | |
| v. | § | Case No. 1:23-cv-00314-RP |
| COMMISSION FOR LAWYER DISCIPLINE; THE OFFICE OF THE CHIEF DISCIPLINARY COUNSEL; SEANA WILLING, in her Official Capacity as Chief Disciplinary Counsel of the State Bar of Texas, and in her individual capacity; AMANDA M. KATES, in her Official Capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in her individual capacity; JOHN S. BRANNON, in his Official Capacity as Assistant Disciplinary Counsel for the Office of Chief Disciplinary Counsel, and in his individual capacity; TIMOTHY J. BALDWIN, in his Official Capacity as Administrative Attorney for the Office of the Chief Disciplinary Counsel, and in his individual capacity; DANIEL MARTINEZ, in his Official Capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in his individual capacity; DANIELA GROSZ, in her Official Capacity as Assistant Disciplinary Counsel for the Office of the Chief Disciplinary Counsel, and in her individual capacity; JENNY HODGKINS, in her Official Capacity as the Executive Director & General Counsel with the Board of Disciplinary Appeals, and in her individual capacity; LAURA GIBSON, CINDY V. TISDALE, SYLVIA BORUNDA FIRTH, BENNY AGOSTO, JR., DAVID N. CALVILLO, ELIZABETH SANDOVAL CANTU, LUIS CAVAZOS, CRAIG CHERRY, JASON CHARBONNET, KELLY-ANN F. CLARK, JEFF COCHRAN, DAVID C. COURREGES, THOMAS A. CROSLEY | § | |

STEVE FISCHER, LUCH FORBES, GREGORY M. FULLER, AUGUST W. HARRIS III, MATTHEW J. HILL, FORREST L. HUDDLESTON, LORI M. KERN, MODINAT KOTUN, BILL KROGER, DWIGHT MCDONALD, CARRA MILLER, LAWRENCE MORALES II, LYDIA ELIZONDO MOUNT, KIMBERLY M. NAYLOR, JEANINE NOVOSAD RISPOLI, MICHAEL J. RITTER, AUDIE SCIUMBATO, MARY L. SCOTT, JOHN SLOAN, D. TODD SMITH, G. DAVID SMITH, PAUL K. STAFFORD, ALEX J. STELLY JR., NITIN SUD, RADHA THIAGARAJAN, ROBERT L. TOBEY, AARON Z. TOBIN, ANDREW TOLCHIN, G. MICHAEL VASQUEZ, KIMBERLY PACK WILSON, and KENNON L. WOOTEN in their official capacities as Members of the Board of Directors of the State Bar of Texas, §§§§§§§§§§§§§§§§§§§§§§§

*Defendants.* §

---

DEFENDANT TIMOTHY J. BALDWIN'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT BALDWIN'S MOTION TO DISMISS

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROBERT L. PITMAN:

COMES NOW Defendant, Timothy J. Baldwin ("Baldwin"), and files this reply to Turnbull's response to Baldwin's dismissal motion.

## I. Background

On May 25, 2023, Turnbull filed his amended complaint asserting that he was suing Baldwin (who was employed as an Administrative Attorney with the Chief Disciplinary Counsel office of the State Bar of Texas until he retired on February 15, 2022) in his official and individual capacity. [*see generally*, Dkt. #20.] Turnbull asserts that Baldwin violated his constitutional rights, pursuant to 28 U.S.C. § 1331, and generally claimed that he was suing Baldwin for violations of

the Equal Protection and First Amendment provisions of the Constitution under 42 U.S.C. § 1983, and the "Texas Constitution, Art. 1 §§ 13 and 19." [*see generally,* Dkt. #20.]

On July 16, 2023, Turnbull filed *Plaintiff's Response to Defendant Baldwin's Motion to Dismiss* ("Dismissal Motion Response") [*see generally,* Dkt. #50], asserting that Turnbull sustained *unspecified injuries* as a result of Baldwin's actions in violation of his Equal Protection rights and in retaliation against Turnbull for exercising his First Amendment rights." [Dkt. #50, pp.6-15.] As set forth below, it is impossible for Turnbull to have suffered an *injury* because a complainant who files a grievance against a licensed Texas attorney is not: 1) a party to a Disciplinary Proceeding; and/or 2) afforded any relief as a result of filing such grievances.

## II. ARGUMENTS

### *A. Turnbull cannot show he suffered an "injury" and lacks standing to assert any cause of action against Baldwin.*

In his response, Turnbull provides no authority to refute Defendant's contention that as a complainant, Turnbull was not a "party" to a Disciplinary Proceeding and entitled to relief associated with the processing of his alleged Complaints. *See Martinez v. State Bar of Texas*, 797 F. App'x. 167, 168 (5th Cir. 2020). Turnbull bears the burden of establishing standing to bring this lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Absent a statute expressly conferring standing, Turnbull must establish Article III standing by alleging some threatened or actual injury, which can fairly be traced to a defendant's conduct, which was illegal. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 42-43 (1976); *Lujan*, 504 U.S. at 560.

Here, Turnbull cannot establish he has standing to sue Baldwin because he "does not have a cognizable interest in the decision to prosecute a third party." *Martinez,* 797 F. App'x. at 168, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Further, he is

unable to show he suffered an injury and cannot "show that the consideration of his bar grievance 'produce[d] erroneous or unreliable results [that] imperil[ed] a protected liberty or property interest.'" *Martinez* 797 F. App'x. at 168 (citing *Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir. 1997)).

This Court has held that a complainant who files a grievance against a licensed Texas attorney does not have "a federally protected constitutional right to have his grievances resolved to his satisfaction." *Read v. Hsu*, No. 1:18-CV-622-RP, 2018 WL 10761921, at *2 (W.D. Tex. Nov. 13, 2018) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)). In fact, an array of federal courts have consistently held that a complainant has no federally-protected constitutional right to have someone else prosecuted or disciplined for alleged professional misconduct.[1] Because it is impossible for Turnbull to show that he suffered an "injury" as a complainant in the Texas attorney grievance process, or that he has a federal constitutional right in Texas' processing of his grievances, Turnbull has no plausible Equal Protection and/or First Amendment rights "under *Ex Parte Young.*"[2] [Dkt. #50, pp. 13, 19.]

***B. Baldwin is immune from Turnbull's claims related to Baldwin's performance of his duties assisting the Chief Disciplinary Counsel's administration of the Texas attorney disciplinary system.***

In the event this Court believes Turnbull has standing to bring this lawsuit, Baldwin argues

---

[1] *See e.g.*, *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1570 (10th Cir. 1993) (finding that "there is no constitutional right to have someone else prosecuted or disciplined" and "the investigatory powers conferred by the Oklahoma Supreme Court's Rules were not established to serve the private purposes of grievants."); *Smith v. Shook*, 237 F.3d 1322, 1324–25 (11th Cir. 2001) (holding complainant lacked standing to challenge decision not to prosecute complainant's former attorney); *Mele v. State of Connecticut*, No. 3:06-CV-1571JCH, 2007 WL 484618, at *2 (D. Conn. Feb. 6, 2007) ("Research has revealed no cases finding a protected interest in having an attorney grievance investigated to the complainant's satisfaction. Courts considering the issue have held that the complainant has no right to compel any investigation.")

[2] See *Bradt v. State Bar of Texas,* 905 S.W.2d 756, 758 (Tex.App. – Houston [14th Dist.] 1995, no writ) (finding there is no right under the United States Constitution or federal law which requires the State Bar to process Bradt's grievance against Judge West.)

that Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). The Fifth Circuit emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000). Baldwin is also protected by Texas Rules of Disciplinary Procedure 17.09 ("Rule 17.09"), which provides Baldwin absolute and unqualified immunity, and Eleventh Amendment immunity. *See Burch v. State Bar of Texas*, No. 07-19-00224-CV, 2020 WL 830982, at *1 (Tex. App.—Amarillo Feb. 19, 2020, pet. denied) (applying Rule 17.09 to grant plea of jurisdiction against complainant who sued the State Bar of Texas for dismissing his grievances); *Welch v. Tex. Dep't of Highways & Public Transp.*, 483 U.S. 468, 473-474 (1987); *Hans v. Louisiana*, 134 U.S. 1, 16-17 (1890).

Once a government official has asserted qualified immunity the burden shifts to the plaintiff to show that qualified immunity does not bar recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). To determine whether the plaintiff has successfully overcome qualified immunity, the court engages in a two-step inquiry. First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all – prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right." *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted). Next, the court must consider whether the defendant's conduct was nonetheless *objectively reasonable* in light of clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

As stated above, Turnbull has no federally protected constitutional right related to the handling of his attorney grievances. Further, as set forth below, Baldwin's actions in assisting Defendant Willing's investigation of Turnbull's alleged Complaints were more than reasonable.

***C. Turnbull's only claim against Baldwin relates to his discretionary action in assisting the Chief Disciplinary Counsel in investigating alleged grievances that were upgraded to Complaints against the Microsoft Attorneys, pursuant to the TRDP.***

Turnbull's lawsuit and his Dismissal Motion Response do not state a plausible claim that Baldwin failed to follow the Texas Rules of Disciplinary Procedure ("TRDP"), as promulgated by the Texas Supreme Court.[3] Turnbull also completely misrepresents to this Court that his alleged Complaints were treated differently than other "similarly situated" Complaints. [Dkt. 50, p. 6.]

Turnbull has based his entire lawsuit on the notion that the alleged Complaints he filed against opposing counsel (the "*Microsoft Attorneys*") in his pending lawsuit against the Microsoft Corporation, demonstrated his *belief* that the *Microsoft Attorneys* committed professional misconduct. He also claims that his alleged Complaints against the *Microsoft Attorneys* were treated differently than what he *thinks* were similar Complaints that led to district court disciplinary actions currently pending against Texas attorneys Warren Kenneth Paxton, Brent Webster, and Sidney Powell.[4] That is, Turnbull *feels like* his alleged Complaints against the *Microsoft Attorneys* should have been presented at an Investigatory Hearing, as was done in *Paxton, Powell,* and

---

[3] Despite Turnbull's contention that the "CDC does not afford complainants the type of safeguards necessary to control unconstitutional conduct…", the Texas Supreme Court, not defendants, promulgate the rules that the CDC and Defendants are required to follow. See *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that State Bar of Texas may propose changes to the rules but only the Texas Supreme Court can promulgate and adopt new rules).

[4] Turnbull cites three disciplinary actions in his lawsuit: *Comm'n for Law. Discipline v. Warren Kenneth Paxton, Jr.*, Cause No. 471-02574-2022, in the 471st Judicial District Court, Collin County, Texas; *Comm'n for Law. Discipline v. Brent Webster*, Cause No. 22-0594-C9368, in the 368th Judicial District Court, Williamson County, Texas; and *Comm'n for Law. Discipline v. Sidney Powell,* Cause No. DC-22-02562, in the 116th Judicial District Court, Dallas County, Texas. [Dkt. #20, p. 18 fn. 1-3.]

*Webster,* instead of to a Summary Disposition Panel ("SDP"). However, Turnbull is keenly aware that: 1) his representations to this Court are false; 2) his alleged Complaints are not "similarly situated" to the cases he references; 3) Baldwin did not make the decisions Turnbull alleges; and 4) his alleged Complaints were processed in accordance with the TRDP.

First, the public trial court record in *Paxton* and *Webster*, shows stark differences in the allegations that Turnbull indicates were the basis of his alleged Complaints against the *Microsoft Attorneys* and the Complaints that were the basis for the disciplinary actions in *Paxton* and *Webster.* The allegations against Paxton and Webster were for misrepresentations they made in written court pleadings that they signed and filed in the U.S. Supreme Court and were upgraded to Complaints *after the conclusion of the underlying litigation.* Additionally, the public court record shows that before the grievances were upgraded to Complaints and presented to an Investigatory Hearing Panel, multiple federal courts in Michigan, Georgia, and Wisconsin, issued opinions and/or decisions finding similar factual representations before their courts were "deceiving", "unsupported by law or fact", "frivolous", and "debunked", and that a lawsuit based on these similar factual representations should be dismissed.[5] The record also shows that the investigation by the Chief Disciplinary Counsel ("CDC") related to the Complaints against Paxton and Webster included novel arguments concerning whether the defenses of separation of powers doctrine and sovereign/official immunity affect the application of the Texas Disciplinary Rules of Professional Conduct ("TDRPC") against an executive branch attorney. *None of these supporting factors and/or*

[5] See the decision of the Honorable U.S. District Judge Linda Parker in *King et. al. v. Whitmer et. al.*, 2020 WL 7134198 (E.D. Mich. Dec 7, 2020)(finding plaintiffs' allegations were false and "lacked evidentiary support," which included the allegation that 6,000 votes were switched by Dominion voting machines from Donald Trump to Joe Biden, in Michigan.) This same representation was made by Paxton and Webster in Case No. 22O155, styled: *State of Texas v. Commonwealth of Pennsylvania, State of Georgia, State of Michigan, and State of Wisconsin* before the United States Supreme Court.

*arguments exist as to Turnbull's alleged Complaints.* As such, Turnbull's representations his alleged Complaints are similar to those in *Paxton, Webster,* and *Powell* are false.

Secondly, Turnbull's statement that unspecified "Defendants acted arbitrarily and with discriminatory intent in classifying Turnbull's Grievances as inquiries and dismissing them …" is just a desperate attempt to keep this lawsuit alive. [Dkt. 50, p. 6.] As set forth in Turnbull's own Response to Daniela Grosz and Daniel Martinez's Motion to Dismiss, Turnbull admitted that defendants Grosz and Martinez, *not Baldwin*, were the CDC attorneys "involved in the classification process" in the office of the CDC [Dkt. 34, p. 7, fn. 2], and assisted the CDC, Seana Willing, with her discretionary decision to classify Turnbull's grievances, pursuant to Rule 2.10A of the TRDP, as an Inquiry or a Complaint. [Dkt. 34, p. 14.]

Lastly, Turnbull argues that Baldwin deprived him of his Equal Protection Rights when Baldwin "made the determination to send Turnbull's Grievances to the SDP, finding that no Just Cause existed for further proceedings." [Dkt. #50, p. 9.] However, Turnbull admits in his pleadings to this Court, that it was Defendant Willing, not Baldwin, that made the "initial" no "Just Cause" determination for his alleged Complaints, and that Willing, *as required by the TRDP,* placed Turnbull's Complaints before a SDP for the panel's review. [Dkt. #20, p. 24 and Dkt. #33, pp. 13-14.] *See* TEX. RULES DISCIPLINARY P.R. 2.12-2.13. As such, Turnbull knows that Baldwin did not dismiss his alleged Complaints as only a SDP had the ability to dismiss his alleged Complaints. *See* TEX. RULES DISCIPLINARY P.R. 2.12-2.13.

### *D. Turnbull fails to provide any authority that would negate the immunities afforded Baldwin.*

Turnbull claims he is seeking injunctive relief to prohibit Baldwin "from continuing to deprive Turnbull of his right to equal protection under the law and requiring the Defendants (sic) to re-open the Grievances against [the Microsoft attorneys], and to disclose to Turnbull the reasons

his Grievances were dismissed." [Dkt. #50, p. 8.] However, as detailed above, Baldwin is no longer an employee of the CDC and Turnbull, as a complainant in the attorney grievance process, is not entitled to any relief in return for filing his alleged grievances against the *Microsoft Attorneys.* Turnbull also cannot attempt to circumvent his lack of standing with a claim that he is only seeking injunctive relief against the CFLD.[6] Thus, Turnbull's argument that the "*Ex Parte Young*" exception applies to his claims fails, and Baldwin is entitled to the immunities afforded him by the Eleventh Amendment, the Texas Rules of Disciplinary Procedure, and/or qualified immunity. Likewise, Turnbull's claim that Baldwin's actions were retaliatory in nature does not defeat the immunity defenses afforded to Baldwin. [Dkt. #50, p.15.]

Additionally, Turnbull falsely argues that unspecified "Defendants dismissed Turnbull's Grievances at the Inquiry stage without any investigation . . .." [Dkt. #50, p. 17.] He also makes the conclusory statement that "Defendants have shown that the motivation for the arbitrary dismissal of Turnbull's Grievances was based on the content of Turnbull's speech calling out politically powerful lawyers for professional misconduct." [Dkt. #50, p. 17]. These statements are false for several reasons.

First, if Turnbull's alleged grievances were dismissed by a SDP, they were dismissed after the *investigatory stage*, not the "inquiry stage," as Turnbull claims. Turnbull's statement that there was no investigation is a blatant lie and he knows it. Any alleged grievance classified as a Complaint is investigated. Part of the investigation requires respondent attorneys to submit a

---

[6] Assuming Turnbull survived the lack of standing issue, he would still be unable to use the *Ex Parte Young* exception to eviscerate the immunities afforded the defendants because he cannot show that any of them has a duty to "enforce the statute" at issue. *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020); *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotation marks omitted). This is because the Supreme Court of Texas, not the defendants, is charged with enforcement of the statutes governing the attorney disciplinary system in Texas.

response to the Complaint. Tex. Rules Disciplinary P. 2.10(B). Here, Turnbull admits the *Microsoft Attorneys* responded to his alleged Complaints [Dkt. #20, p. 6]. Thus, he knew that his Complaints were investigated before they were presented to a SDP and that the panel, not Baldwin, dismissed his alleged Complaints.

To establish Baldwin's immunity the only issue the court needs to consider is whether there is a connection between his job duties and the alleged conduct. *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017). Turnbull does not dispute that Baldwin was performing his job duties at the time of the alleged conduct. Rather, Turnbull claims that Baldwin retaliated against him and made "arbitrary and capricious" decisions and discriminated against Turnbull "because of prejudice in favor of politically popular parties," and "Turnbull's political affiliation as a criminal defense attorney.". [Dkt. #50, p. 6, 14.] This conclusory claim is insufficient to negate any immunity as the determination of whether an employee is performing his job duties does not include any assessment of the employee's state of mind, even if the employee had an ulterior motive or some personal animus. *Id.* at 753.

***E. Turnbull claims that without the injunctive relief he seeks, he has no recourse against the Microsoft Attorneys, whom he feels acted inappropriately.***

Turnbull claims that, without the injunctive relief he seeks, he has "no means of finding redress for the defamatory, unethical, and abusive conduct" of the *Microsoft Attorneys* he allegedly filed grievances against. [Dkt. #50, p. 5.] There are two things wrong with this representation. First, as set forth above, Baldwin is no longer employed by the Office of Chief Disciplinary Counsel. Therefore, he cannot be enjoined and required to *reopen* Turnbull's alleged grievances. Secondly, Turnbull *misrepresents* the legal remedies available to him.

First, while Turnbull is not entitled to any relief in return for filing his alleged grievances/Complaints against the Microsoft Attorneys, he may obtain relief in the suit currently

pending against Microsoft. Or, if the evidence supports it, he can file a new lawsuit against the Microsoft attorneys in state district court. Finally, if Turnbull obtains new evidence after the conclusion of his lawsuit against Microsoft, which supports his contention that the Microsoft Attorneys violated Rule 8.04(a)(3) of the TDRPC, he could file a new grievance within the time permitted under the TRDP. *See* Tex. Rules Disciplinary P. 17.06A.

Instead, Turnbull appears to have filed these alleged grievances against the Microsoft Attorneys in an attempt to leverage opposing counsel in his ongoing lawsuit against Microsoft.[7] As is set forth in both the Preamble and Rule 4.04(b)(1) of the TDRPC, the Texas Supreme Court never envisioned a process where an attorney could file grievances against opposing counsel in order to gain an advantage in ongoing litigation. In fact, such action is a violation of the disciplinary rules.[8]

## III. Conclusion

This suit should be dismissed because Turnbull, as a complainant in an attorney Disciplinary Proceeding, does not have standing to bring this suit against Baldwin, or any of the defendants. Further, Baldwin is entitled to absolute immunity granted by Texas Rule of Disciplinary Procedure 17.09, qualified immunity, and the immunity afforded by the Eleventh Amendment for his actions while he was an employee of the CDC's office. Additionally, Turnbull's conclusory statements present no cognizable allegation that indicate Baldwin did anything other than follow the TRDP

[7] Turnbull filed suit against Microsoft in Cause No. 2019-78266 styled *Turnbull v. Microsoft Corp.*, in the 190th Judicial District Court of Harris County Texas on October 25, 2019. The case remains pending. According to his pleadings, Turnbull filed his grievance on February 10, 2021. (Dkt. #20 p. 15).

[8] Rule 4.04(b)(1) prohibits a lawyer from presenting, participate in presenting or threatening to present criminal or *disciplinary* charges solely to gain an advantage in a civil matter. Tex. Disciplinary Rules of Prof'l Conduct. 4.04(b)(1). See also Tex. Disciplinary Rules of Prof'l Conduct, Preamble ¶15.

in assisting the CDC in her investigation of Turnbull's alleged Complaints. As such, Turnbull has failed to show that Baldwin violated any clearly established statutory or constitutional right.

## IV. PRAYER

WHEREFORE, Defendant Timothy J. Baldwin prays that this Court grant his Motion to Dismiss Turnbull's lawsuit against him. Defendant further requests any and all further relief to which he may be entitled.

Submitted respectfully,

**SEANA WILLING**
Chief Disciplinary Counsel

**Judith Gres DeBerry**
Assistant Disciplinary Counsel
State Bar No. 24040780
**ROYCE LEMOINE**
Deputy Counsel for Administration/
Austin Regional Counsel
State Bar No. 24026421

**Richard Huntpalmer**
Assistant Disciplinary Counsel
State Bar No. 24097875

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone: (512) 427-1350
Facsimile: (512) 427-4167
Email: Jdeberry@texasbar.com
Email: Royce.lemoine@texasbar.com
Email: Rhuntpalmer@texasbar.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I, Judith Gres DeBerry, certify that a true and correct copy of Defendant John S. Baldwin's Reply to Plaintiff's Response to Defendant Baldwin's Motion to Dismiss has been served via the Court's Electronic Case Files system on this 24th day of July 2023, and via electronic filing through EC/CMF addressed to all parties.

Judith Gres DeBerry