IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDWARD TURNBULL, IV, § | |
| Plaintiff, § | |
| v. § | |
| § | |
| BOARD OF DIRECTORS OF THE § | 1-23-CV-314-RP |
| STATE BAR OF TEXAS, ET AL., § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Defendants' Motions to Dismiss (Dkts. 22, 24, 27, 32, 35, 38, and 46) and all related briefing.[1] Having considered the pleadings, the relevant case law, and the entire case file, the undersigned submits the following Report and Recommendation to the District Court.

**I.   BACKGROUND**[2]

Edward Turnbull, IV brings suit against the Board of Directors of the State Bar of Texas ("SBOT"), the Commission for Lawyer Discipline (CLD"), the Office of the Chief Disciplinary Counsel, and over fifty individuals associated with SBOT and/or the CLD. Dkt. 20 (FAC) ¶¶ 2-18. Turnbull, a Houston-based criminal defense attorney, submitted multiple grievances against three attorneys representing Microsoft in a dispute between Turnbull and Microsoft. The grievances were dismissed, and no punitive action was taken against the attorneys. Turnbull asserts the grievances' dismissals violated his rights.

---

[1] The motions were referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Orders dated August 22, 2023.

[2] At this stage of the case, the court accepts all well-pleaded facts as true.

1

Turnbull asserts a federal equal protection claim, contending that his grievances were treated differently than "Defendants' treatment of what appears now to be politically motivated Grievances filed against Attorney General Ken Paxton, Brent Maxwell, and Sidney Powell." FAC ¶ 75. He asserts a federal free speech/expression claim, contending that "Defendants' actions caused Mr. Turnbull to suffer an injury that would chill the speech of a person of ordinary firmness from continuing to engage in filing Grievances under the Texas grievance process." *Id.* ¶ 90. Turnbull asserts a state due process claim, contending that "Defendants' application of [Texas Rule of Disciplinary Procedure] 2.16 has deprived Mr. Turnbull of the right to a full and fair explanation for why his Grievances were dismissed on the purported ground that it [sic] lacked 'Just Cause.'" *Id.* ¶ 102. Finally, he asserts a state law equal protection claim, contending that he was "treated differently than other similarly situated complainants in being denied a full and fair explanation for why his Grievances were dismissed for lacking 'Just Cause.'" *Id.* ¶ 108. Turnbull seeks injunctive and declaratory relief, damages, and attorneys' fees.

Each defendant or defendant groups has filed a motion to dismiss, many making similar or overlapping arguments. The court will begin with Defendants' standing arguments, as that issue is dispositive.

## II.   STANDING

### A.   Applicable Law

Federal Rule of Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158,

2

161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*.

Federal courts cannot consider the merits of a case unless it "presents an 'actual controversy,' as required by Art. III of the Constitution and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201." *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (quoting *Steffel v. Thompson*, 415 U.S. 452, 458 (1974)). The many doctrines that have fleshed out the "case or controversy" requirement—standing, mootness, ripeness, political question, and the like—are "founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Id*. (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))). These "doctrines state fundamental limits on federal judicial power in our system of government." *Id*.

"The "essence" of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Barbour*, 529 F.3d at 544 (citing *Warth*, 422 U.S. at 498). In order to have standing, "a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Id*. (quoting *Houston Chronicle Publ'g Co. v. City of League City, Tex.*, 488 F.3d 613, 617 (5th Cir. 2007)). An injury in fact is an invasion of a legally protected interest which is "actual or imminent, not conjectural or hypothetical." *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

**B.   Analysis**

Several Defendants' motions argue Turnbull lacks standing to assert his federal claims. *See* Dkt. 27, 35, 38, 46. Turnbull filed nearly identical responses on this issue. *See* Dkt. 36, 47, 50.

Defendants argue that the Fifth Circuit and lower courts have applied Supreme Court precedent to hold that a person lacks standing to pursue claims related to how the State Bar handles grievances against other individuals. In response, Turnbull argues he has standing because he is the person aggrieved by the handling of the grievances.

In 1973, in *Linda R.S. v. Richard D.*, the Supreme Court reiterated its prior holdings that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." 410 U.S. 614, 619 (1973) (citing *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961)). In 2020, relying on *Linda R.S.*, the Fifth Circuit affirmed the dismissal of a plaintiff's suit against the State Bar of Texas for how it handled his grievance against his attorney, holding the "Constitution does not require the State to take any particular action in response" to his grievance. *Martinez v. State Bar of Texas*, 797 F. App'x 167 (mem.) (5th Cir. March 6, 2020). District courts have similarly held that:

> Plaintiff does not possess a federally-protected constitutional right to compel the State Bar of Texas to investigate Plaintiff's grievance against Turner and to render a decision to his liking. Any right to such an investigation exists wholly and completely as a result of state law. The failure of state officials to fulfill their duties under state law does not give rise to a federal constitutional claim.

*Arabzadegan v. McKeeman*, No. A-06-CA-297-LY, 2006 WL 1348202, at *2 (W.D. Tex. May 4, 2006); *see also Read v. Hsu*, No. 1:18-CV-662-RP, 2018 WL 10761921, at *2 (W.D. Tex. Nov. 13, 2018) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (2005)); *Raines v. Sandling*, No. A-14-CA-496-SS, 2014 WL 2946656, at *6 (W.D. Tex. June 27, 2014) (dismissing claim as frivolous); *Brinson v. McKeeman*, 992 F. Supp. 897, 908–09 (W.D. Tex. 1997) (dismissing claim as frivolous). In 2021, the Fifth Circuit went so far as to apply *Linda R.S.* to hold that a sexual assault survivor does not have standing to sue the district attorney for failure to prosecute her rapist.

*Lefebure v. D'Aquilla*, 15 F.4th 650, 652 (5th Cir. 2021). "[E]ach of us has a legal interest in how *we* are treated by law enforcement—but not a legally cognizable interest in how *others* are treated by law enforcement. [V]ictims do not have standing based on whether other people—including their perpetrators—are investigated or prosecuted." *Id*.

In response to the overwhelming case law that he has no constitutionally protected interest in the outcome of the State Bar's investigation of his grievances, Turnbull makes generic arguments about the purpose of section 1983, reasserts that he has been injured by Defendants' actions, and contends he has no other means to redress the complained-about attorneys' actions because he is still in litigation with them. First, Turnbull cites no authority that he has been injured in any constitutionally-recognized way by the handling of his grievances. Second, if he is still involved in litigation with the complained-of attorneys and their actions in that litigation are problematic, his obvious means of redress is to raise his concerns with the trial court.

Turnbull also argues he has stated a class of one equal protection claim because his grievances were dismissed while grievances against Powell, Paxton, and Webster went forward. However, Turnbull continues to ignore that he has no constitutionally protected interest in the outcome of any grievances he filed against other people. *See Linda R.S.*, 410 U.S. at 619 ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Turnbull's arguments fail to convince the court he has standing to pursue his federal claims in light of the many cases holding otherwise.

### C. Conclusion

Turnbull lacks standing to pursue his federal constitutional claims. Accordingly, those claims should be dismissed without prejudice. The remainder of Turnbull's claims are state-constitutional claims. As the court lacks subject matter jurisdiction as to Turnbull's federal claims,

it cannot exercise supplemental jurisdiction over his state-law claims. The undersigned will recommend those claims be dismissed without prejudice.

Because the standing issue is determinative of all of Turnbull's claims, the undersigned does not reach Defendants' remaining arguments.

### III.  RECOMMENDATIONS

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motions to Dismiss (Dkt. 27, 35, 38, 46) and **DISMISS** this case for lack of subject matter jurisdiction. Because the court did not reach the remaining Motions to Dismiss (Dkt. 22, 24, and 32) they can be dismissed without prejudice.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED January 25, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE