IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EDWARD RANDOLPH TURNBULL IV, § <br> *Plaintiff*, § <br> v. § <br> § <br> COMMISSION FOR LAWYER § <br> DISCIPLINE, THE OFFICE OF THE § <br> CHIEF DISCIPLINARY COUNSEL; § <br> SEANA WILLING, in her official capacity § <br> as Chief Disciplinary Counsel of the State § <br> Bar of Texas, and in her individual capacity; § <br> AMANDA M. KATES, in her official § <br> capacity as Assistant Disciplinary Counsel § <br> for the Office of the Chief Disciplinary § <br> Counsel, and in her individual capacity; § <br> JOHN S. BRANNON, in his official capacity § <br> as Assistant Disciplinary Counsel for the § <br> Office of the Chief Disciplinary Counsel, and § <br> in his individual capacity; TIMOTHY J. § <br> BALDWIN, in his official capacity as § <br> Administrative Attorney for the Office of the § <br> Chief Disciplinary Counsel, and in his § <br> individual capacity; DANIEL MARTINEZ, § <br> in his official capacity as Assistant § <br> Disciplinary Counsel for the Office of the § <br> Chief Disciplinary Counsel, and in his § <br> individual capacity; DANIELA GROSZ, in § <br> her official capacity as Assistant § <br> Disciplinary Counsel for the Office of the § <br> Chief Disciplinary Counsel, and in her § <br> individual capacity; JENNY HODGKINS, in § <br> her official capacity as the Executive § <br> Director and General Counsel with the Board § <br> of Disciplinary Appeals, and in her § <br> individual capacity; Laura Gibson, Cindy V. § <br> Tisdale, Sylvia Borunda Firth, Benny § <br> Agosto, Jr., David N. Calvillo, Elizabeth § <br> Sandoval Cantu, Luis Cavazos, Craig § <br> Cherry, Jason Charbonnet, Kelly-Ann F. § <br> Clarke, Jeff Cochran, David C. Courreges, § <br> Thomas A. Crosley, Steve Fischer, Lucy § <br> Forbes, Gregory M. Fuller, August W. Harris § <br> III, Matthew J. Hill, Forrest L. Huddleston, § | Civil Action No. 1:23-cv-00314 |

| | |
|---|---|
| Lori M. Kern, Modinat Kotun, Bill Kroger, Dwight McDonald, Carra Miller, Lawrence Morales II, Lydia Elizondo Mount, Kimberly M. Naylor, Jeanine Novosad Rispoli, Michael J. Ritter, Audie Sciumbato, Mary L. Scott, John Sloan, D. Todd Smith, G. David Smith, Paul K. Stafford, Alex J. Stelly Jr., Nitin Sud, Radha Thiagarajan, Robert L. Tobey, Aaron Z. Tobin, Andrew Tolchin, G. Michael Vasquez, Kimberly Pack Wilson, and Kennon L. Wooten in their official capacities as Members of the Board of Directors of the State Bar of Texas,<br>　　　　　　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

# DEFENDANTS STATE BAR BOARD OF DIRECTORS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

The State Bar Defendants[1] file this Response to Plaintiff Richard Turnbull IV's ("***Turnbull***") Objections to the Report and Recommendation of the United States Magistrate Judge Mark Lane ("***Objections***").

---

[1] The "***State Bar Defendants***" refers to the Board of Directors of the State Bar of Texas, Laura Gibson, Cindy V. Tisdale, Sylvia Borunda Firth, Chad Baruch, Benny Agosto, Jr., David N. Calvillo, Elizabeth Sandoval Cantu, Luis Cavazos, Craig Cherry, Jason Charbonnet, Kelly-Ann F. Clarke, Jeff Cochran, David C. Courreges, Thomas A. Crosley, Steve Fischer, Lucy Forbes, Gregory M. Fuller, August Harris III, Matthew J. Hill, Forrest L. Huddleston, Lori M. Kern, Modinat Kotun, Bill Kroger, Dwight McDonald, Carra Miller, Lawrence Morales, II, Lydia Elizondo Mount, Kimberly M. Naylor, Laura Pratt, Jeanine Novosad Rispoli, Michael J. Ritter, Audie Sciumbato, Mary L. Scott, John Sloan, D. Todd Smith, G. David Smith, Paul K. Stafford, Alex J. Stelly, Jr., Nitin Sud, Radha Thiagarajan, Robert L. Tobey, Aaron Z. Tobin, Andrew Tolchin, G. Michael Vasquez, Kimberly Pack Wilson, and Kennon L. Wooten.

# I.
# INTRODUCTION

Turnbull concedes that an individual does not have standing to complain about the prosecution of another.[2] Nevertheless, Turnbull attempts to escape this fundamental legal principle by arguing that his case is not about the prosecution of another, but instead about intentional discriminatory treatment. Setting aside the fact that Turnbull's lawsuit is plainly based on an alleged decision not to prosecute Turnbull's grievances against other attorneys, the Fifth Circuit has rejected Turnbull's very argument. Indeed, the Fifth Circuit has held that there is no way to distinguish the binding U.S. Supreme Court precedent "based on the theory that the decision not to prosecute . . . was in fact dictated by a broader, discriminatory policy not to investigate or prosecute[.]" *Lefebure v. D'Aquilla*, 15 F.4th 650, 656 (5th Cir. 2021).

The law is clear that no individual has any rights in the prosecution of another and Magistrate Judge Lane was correct when he held that Turnbull lacks standing to sue. Simply put, Turnbull cannot be injured by the failure to prosecute some other person and cannot bring suit on those grounds. Accordingly, the State Bar Defendants respectfully request that the Court adopt the Recommendation.

# II.
# ARGUMENT

A.  **Turnbull's Allegations Center Around the Decision Not to Prosecute His Grievances and He Therefore Lacks Standing.**

The Court should reject Turnbull's attempts to recast his lawsuit. While Turnbull purports to bring claims alleging discriminatory treatment, those claims are all based on the decision not to

---

[2] Objections, Dkt. No. 59, at 4.

prosecute his grievances. As Turnbull concedes,[3] binding U.S. Supreme Court precedent provides that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution[.]" *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Here, Turnbull claims that the grievances he filed against certain attorneys were dismissed even though they were based "on the same core allegations" as other grievances that were prosecuted.[4] Turnbull further claims that Defendants "sought to silence" him by "classifying his Grievances as Inquiries, dismissing his Grievances without any adequate justification, and depriving him of his right to file Amended Grievances as permitted by the TRDP."[5]

When Turnbull elaborates on the alleged discriminatory treatment he complains of, he states that Defendants:

- "arbitrarily treated Turnbull differently than similarly situated individuals," *i.e.,* by not prosecuting the grievances;[6]

- "refused to disclose John Brannon's conflict of interest or recuse him," with John Brannon allegedly participating in the decision not to prosecute the grievances;[7]

- "failed to refer Turnbull's Grievances to the Investigatory Hearing Panel[;]"[8]

- "erroneously dismissed Turnbull's Second and Third Grievances without consideration[;]"[9]

---

[3] Objections, Dkt. No. 59, at 4.

[4] Objections, Dkt. No. 58, at 2.

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.* at 4–5, 9.

[8] *Id.* at 5.

[9] *Id.*

4

- "denied Turnbull the ability to amend his Grievances[;]"[10]
- and "chilled Turnbull's freedom of speech by retaliating against him[,]" *i.e.*, by not allowing him to amend his grievances.[11]

Turnbull then claims that he "has a right to be treated just like any other aggrieved party who reports unethical conduct for redress to the State Bar, regardless of who or how powerful the respondent attorney may be whose conduct is complained of."[12]

Thus, regardless how Turnbull attempts to characterize his lawsuit, Turnbull's allegations all center around the discretionary decision not to prosecute the attorneys against whom he filed grievances. As such, Magistrate Judge Lane correctly held that Turnbull lacks standing to sue. In reaching this conclusion, Magistrate Judge Lane thoroughly cited the jurisprudence on this point, including the Fifth Circuit's recent opinion affirming the dismissal of a plaintiff's suit against the State Bar of Texas for its handling of the plaintiff's grievance against his attorney. *Martinez v. State B. of Texas*, 797 F. App'x 167, 168 (5th Cir. Mar. 6, 2020). There, the Fifth Circuit held that "the Constitution does not require the State to take any particular action in response" to a filed bar grievance. Magistrate Judge Lane cited at least six other cases declining to recognize standing under similar circumstances.

Because Turnbull complains about the failure to prosecute his grievances against another, Turnbull lacks standing to sue and this Court should adopt Magistrate Judge Lane's Recommendation.

---

[10] *Id.* at 5.

[11] *Id.*

[12] *Id.* at 6.

**B.      The Fifth Circuit Rejected the Very Distinction Turnbull Attempts to Make Here.**

Turnbull attempts to sidestep this well-settled standing jurisprudence by characterizing his claims as grounded in intentional discrimination rather than as a challenge to prosecutorial discretion.[13] But, as discussed in the State Bar Defendants' Reply, the Fifth Circuit and other courts have already rejected this very argument. In *Lefebure*, the Fifth Circuit concluded that there was no way to distinguish the Supreme Court's standing precedent "based on the theory that the decision not to prosecute in this case was in fact dictated by a broader, discriminatory policy not to investigate or prosecute cases involving a certain protected class of victims in violation of the Equal Protection Clause." 15 F.4th at 656.  And the Supreme Court's seminal decision in *Linda R.S. v. Richard D.* involved allegations that the decision not to prosecute "unconstitutionally discriminate[d] against victims like [the plaintiff] without rational foundation" and violated the Equal Protection Clause.[14] *Lefebure*, 15 F.4th at 656 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).[15] Again, Turnbull cannot support his argument with cherry-picked quotes from opinions in other circuits that discuss pleading standards, not *standing*.[16] Despite his protests to the contrary, Turnbull has alleged no conduct that violated a right secured by the Constitution or laws of the United States. *See James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008). The only conduct Turnbull complains of is the alleged failure to prosecute grievances, which cannot

---

[13] Objections, Dkt. No. 58, at 4–5.

[14] Reply, Dkt. No. 41, at 4.

[15] *See also Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) ("While it is well settled that defendants subjected to or threatened with discriminatory prosecution have standing to bring an equal protection claim, . . . this right has not been extended to crime victims."); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there was no equal protection right to have individuals prosecuted).

[16] Reply, Dkt. No. 41, at 5.

confer standing, and which, for the same reasons, does not support a class of one equal protection claim.[17]

Magistrate Judge Lane was correct to conclude that Turnbull lacks standing. Accordingly, this Court should adopt the Recommendation and dismiss Turnbull's claims.[18]

## III.
## CONCLUSION

Accordingly, the State Bar Defendants request that Turnbull's claims against them be dismissed with prejudice and that they be awarded their attorneys' fees under 42 U.S.C. § 1988. The State Bar Defendants further request the Court grant them any further relief to which they may be justly entitled.

---

[17] Recommendation, Dkt. No. 57, at 5.

[18] In addition to Turnbull's lack of standing, Turnbull's claims should also be dismissed for the reasons outlined in the State Bar Defendants' Motion to Dismiss.

Dated: February 22, 2024        Respectfully submitted,

**VINSON & ELKINS L.L.P.**

By: */s/ Patrick W. Mizell*
Patrick W. Mizell
State Bar No. 14233980
Federal ID No. 36390
845 Texas Ave., Suite 4700
Houston, TX 77002
T. (713) 758-2932
F. (713) 615-5912
pmizell@velaw.com

Brooke A. Noble
State Bar No. 24110166
Federal ID No. 3421406
Emily S. Bamesberger
State Bar No. 24125107
Federal ID No. 3841474
W. 6th St., Suite 2500
Austin, TX 78701
T. (512) 542-8409
F. (512) 236-3234
bnoble@velaw.com
ebamesberger@velaw.com

**CERTIFICATE OF SERVICE**

      I, Emily Bamesberger, hereby certify that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure to all parties that have appeared via the Court's ECF/CM system on this 22nd day of February 2024.

                                                       */s/ Emily Bamesberger*
                                                       Emily Bamesberger